IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SELECT JUSTICE, LLC**<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND CROSS MOTION TO STAY DISCOVERY PENDING SUMMARY JUDGMENT

Defendant, Select Justice, LLC ("Defendant"), opposes Plaintiff, Emily Teman's ("Plaintiff") Motion to Compel and further submits its Cross-Motion to stay the current discovery along with the remaining discovery and dispositive motion deadlines pending an Order from the Court on Defendant's forthcoming Motion for Summary Judgment. As grounds for its Opposition and Cross-Motion, Defendant states as follows:

**I.   Introduction**

The underlying matter arises out of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that despite prior registration of her telephone number on the Do Not Call Registry, Defendant called her number without prior consent. This is the sole claim Plaintiff alleges against Defendant. The matter presents somewhat of a unique situation. The parties have been provided objective evidence affirmatively indicating that the Plaintiff did not receive any telephone calls from Defendant at the numbers identified in the Complaint, and that someone from Plaintiff's daughter's address provided consent for Plaintiff to receive calls from Defendant. Given the discovery produced to date, Defendant will move for summary judgment on the sole claim set forth in Plaintiff's Complaint. In addition to the foregoing reasons, summary judgment is also appropriate insofar as Plaintiff lacks the

#6487936v1

voicemails she claims provide evidence that Defendant called her, she has not provided evidence that she personally registered the telephone number in question on the National DNC Registry, the telephone number at issue is a business number and, since she is not the owner/subscriber of the telephone number at issue, she lacks the ability to seek recovery for any alleged calls placed to that number.

Defendant now requests the Court stay the remaining discovery and dispositive motion deadlines pending resolution of Defendant's forthcoming motion given its potential to resolve Plaintiff's claim in its entirety. The contemplated motion would simplify the issues for the Court insofar as, if granted, it would do away with the Plaintiff's claim in its entirety. Furthermore, no additional discovery, and certainly no class discovery, is necessary to address the issues to be raised in Defendant's anticipated Motion for Summary Judgment. The parties have already exchanged written discovery, and Plaintiff has affirmatively indicated that she does not seek the 30(b)(6) deposition of the Defendant. To the extent Plaintiff argues that the planned 30(b)(1) deposition of Defendant is necessary to respond to any such motion, this is of no moment insofar as any such testimony would be provided in an individual capacity only and would not bind the Defendant. Therefore, it is functionally irrelevant to the analysis.

Despite having information seriously undermining the validity of her claims, Plaintiff doubles down on the false allegations set forth in her Complaint, and maintains her need for class discovery from the Defendant. Seeking the same now by way of motion. This, despite knowing that she is unable to assert a claim on her own behalf[1]. What's more, rather than dismiss the current suit given the evidence produced to date reflecting the absence of any viable claims, Plaintiff instead elected to use the

---

[1] That Plaintiff did not receive calls from the numbers alleged in the Complaint and that consent was provided for any such calls reflect only the most obvious defenses to Plaintiff's claim. Again, defendant possesses several significant other defenses which it intends to press on summary judgment. In any event, since Plaintiff is subject to the unique defense regarding the source of the numbers from which she received the calls and the fact that her daughter, or someone at her address, provided consent to receive calls from the Defendant. These issues will undoubtedly become the focus of the litigation. Therefore, she is not an adequate class representative. *See, e.g., Swanson v. Lord & Taylor, LLC*, 278 F.R.D. 36, 39 (D. Mass. Dec. 20, 2011).

2

#6487936v1

information received in discovery in this matter as the basis for a lawsuit against InTake Desk. The Complaint against InTake Desk mirrors the Complaint in the underlying matter insofar as it alleged that Plaintiff received the same number of calls from the same telephone numbers alleged in the current Complaint. *See Teman v. InTake Desk*, 1:25-cv-10647-MJJ ("Intake Desk Litigation"). However, the allegations of the two Complaints must be mutually exclusive. In other words, one must be liable for the calls to the exclusion of the other. Since InTake Desk made the calls at issue of which Plaintiff complains, her claim, as she ostensibly recognizes, is against InTake Desk, not Defendant. Her efforts to recover against Defendant for the same conduct underlying her claim against InTake Desk represent nothing more than a shot at double recovery from different Defendants for the same conduct. This alone constitutes an independent basis for dismissal of the suit.[2]

To the extent class discovery is even appropriate at this point[3], Plaintiff's requests are facially overbroad. Plaintiff does not limit her requests to call data information related to the putative class as suggested in her motion. Instead, Plaintiff seeks "all documents" and "all evidence" containing detailed information related to any person Defendant ever called, and from whom it obtained consent to place calls. Such requests are facially overbroad, and Plaintiff does nothing to cure her requests based upon Defendant's targeted objections. Moreover, such requests are substantively overbroad. The fundamental issue is not to what extent Defendant generally placed telemarketing calls to consumers without consent,

---

[2] "A district court may dismiss a duplicative action." *Jones v. Montachusett Reg's Transit Auth.*, 2021 U.S. Dist. LEXIS 172972 at *2 (D. Mass. Sept. 13, 2021). "For an action to be duplicative of another, so as to warrant dismissal for that reason alone, the one must be materially on all fours with the other." *Id.*. A cursory review of the Complaints reflects that Plaintiff is seeking recovery in the underlying litigation for the same calls allegedly made to her from the same numbers which she attributes to InTake Desk in the InTake Desk Litigation. Moreover, the TCPA claim asserted in the InTake Desk Litigation is identical to that asserted here. Therefore, the Complaints are mirror images of one another, and the underlying suit should therefore be dismissed. Defendant intends to assert this argument in connection with its forthcoming motion for summary judgment as well, and may be the most expeditious grounds upon which the Court may predicate its dismissal of Plaintiff's Complaint.

[3] Defendant initially agreed to the present discovery schedule without the benefit of the discovery it has since received reflecting the absence of viability concerning any of the allegations set forth in Plaintiff's Complaint. The record now establishes that Plaintiff did not receive any telephone calls from the numbers set forth in the Complaint, and that her daughter expressly provided consent to receive calls from the Defendant.

3

#6487936v1

but rather whether such calls were placed to numbers on the DNC without consent. Plaintiff's request seeks "all documents" containing any detailed information regarding every telephone call placed, and whether such call was placed with consent. However, such a request necessarily encompasses persons who do not fall within the putative class. These requests are therefore overbroad. Finally, Plaintiff requests the identity of any lead generator employed by Defendant during the operative period. Such a request is not calculated to lead to the discovery of admissible evidence. As a threshold matter, lead generation, or the viability of leads provided to Defendant by third-party entities, are not issues currently being litigated by either party. Moreover, this request will necessarily encompass entities with no relation to the litigation, who provided leads for consumers not on the Do-not-Call Registry or who provided their consent to be called. Their identity and the leads provided are irrelevant and Plaintiff's request in this regard should be denied.

## II.  Statement of Facts

The underlying matter arises out of Plaintiff's claim under the TCPA. Plaintiff filed suit on or about October 20, 2024. In her Complaint, Plaintiff alleges that she received calls from numbers beginning with an (855) exchange, an (877) exchange, a (281) exchange and a (413) exchange. Plaintiff served her First set of Discovery on or about December 5, 2024, to which Defendant responded. The parties worked out differences regarding the responses, and on or about March 26, 2025, Defendant served Plaintiff with its Amended Responses to Plaintiff's First Set of Discovery Requests.

On or about February 12, 2025, Plaintiff served Defendant with a second set of Discovery Requests seeking class discovery[4]. It is these requests which form the basis of the current dispute. On February 24, 2025, shortly after serving her class discovery, the parties received information that two of the telephone numbers at issue, those beginning with exchanges (855) and (877) did not belong to

---

[4]  Plaintiff's class discovery requests and Defendant's responses are attached as Exhibit A.

#6487936v1

Defendant at all times relevant. Instead, these numbers were associated with InTake Desk. Subpoena Response, attached as Exhibit B. Thus, Plaintiff could not have received calls from Defendant using these exchanges. Defendant served its responses to Plaintiff's second set of discovery requests on at about April 22, 2025. *See* Exhibit A. On April 16, 2025, prior to submission of its responses, the parties received information that the telephone number beginning with the (281) exchange did not belong to Defendant at all times relevant. *See* Subpoena Response, attached as Exhibit C. Thus, the calls at issue originating from this exchange could not have been placed by Defendant. Accordingly, the record now establishes that the alleged calls received by Plaintiff as set forth in the Complaint did not originate with Defendant[5].

With respect to the issue of consent, Defendant maintained throughout the course of the litigation that consent was provided for the calls at issue, and such consent originated from a computer using IP address 100.0.90.24. Defendant has produced evidence in discovery reflecting that its Rideshare Page was accessed by Plaintiff, or someone on her behalf, from the IP address 100.0.90.24, during which time Plaintiff's personal information was provided along with consent to receive calls from the Defendant concerning its Rideshare services. On or about April 25, 2025, the parties received information from Verizon that the IP address that accessed Defendant's Rideshare Page and from which consent was provided for the calls at issue belongs to Plaintiff's daughter, Stacy Sibulesky. *See* Response attached as Exhibit D. Therefore, the evidence currently establishes that not only did Defendant not place calls to the Plaintiff from the numbers alleged in the Complaint, but that any such calls received from Defendant were placed with consent.

Despite having this information in its possession, Plaintiff has elected to press on with her claims, and now seeks a round of facially overbroad class discovery from the Defendant. Based upon the

---

[5] The (413) exchange from which Plaintiff alleges she received a call is a number belonging to Defendant but from which it did not place any calls to Defendant. It will provide an affidavit in this regard if required to do so.

evidence received in discovery, Defendant suggests that Plaintiff no longer has a viable claim, and intends to file summary judgment with respect to the Plaintiff's TCPA claim. Defendant requests that the Court stay the current discovery along with the remaining discovery and dispositive motion deadlines pending resolution of Defendant's forthcoming summary judgment. To the extent it elects not to do so, Plaintiff's requests are still facially and substantively overbroad, and Defendant's objections should be upheld accordingly.

### III. Legal Standard

#### 1. Motion to Stay Discovery

Defendant first seeks a stay with respect to the current discovery along with the remaining discovery and dispositive motion deadlines so that it may first test the merits of Plaintiff's Complaint through summary judgment. To determine whether a stay is warranted, courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; and (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding and (4) where the public interest lies." *Fitzmorris v. Weaver*, 2024 U.S. Dist. LEXIS 10476 at *5 (D.N.H. Jan. 22, 2024). "Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or target discovery." *Katz v. Liberty Power Corp., LLC*, 2019 U.S. Dist. LEXIS 30901 at *5 (D. Mass. Feb. 27, 2019). Courts in the First Circuit have "bifurcated individual merits and class discovery where doing so served the interests of justice given the allegations and circumstances of particular cases." *Katz*, 2019 U.S. Dist. LEXIS 30901 at *5. This is especially so where "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id.*; *see also Osidi v. Assur. IQ, LLC*, 2022 U.S. Dist. LEXIS 37436 at *4 (D. Mass. Mar. 3, 2022) (same). If provided with clear, documented deficiencies

with respect to Plaintiff's claim, a stay of class discovery is appropriate. *See, e.g.*, *Simmons v. Author Reputation Press, LLC*, 2025 U.S. Dist. LEXIS 50055 at *3 (D. Mass. Mar. 18, 2025).

### 2. Motion to Compel Class Discovery

"District Courts exercise broad discretion to manage discovery matters." *Heidelberg Ams., Inc.., v. Tokyo Kikai Seisakusho Ltd.*, 333 F.3d 38, 41. (1st Cir. 2003). "A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.,*, 2014 WL 12814933 at *2 (D. Mass. Feb.7, 2014).

### IV. Argument

#### a. Class Discovery Should be Stayed Pending Resolution of Defendant's Forthcoming Summary Judgment

It is now "well-settled that, absent prejudice to the plaintiff, a court may decide a defendant's motion for summary judgment in a putative class action before taking up the issue of certification." *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Mass. 2005) (collecting cases). Furthermore, "a dispositive motion need not be filed to stay discovery or hold a class certification in abeyance." *Sali v. Zwanger & Pesiri Radiology Group, LLP*, 2022 U.S. Dist. LEXIS 48699 at *14 (E.D.N.Y. Jan. 10, 2022) (collecting cases). "If a probability of success exists, discovery should be stayed pending a ruling on the motion." *Halder v. Digital Equipment Corp.*, 1978 U.S. Dist. LEXIS 18811 at *6 (D. Mass. Mar. 24, 1978). Courts have previously concluded that the appropriate standard by which to evaluate a dispositive motion for

purposes of a motion to stay is "whether the pending dispositive motion does not appear to be without foundation in law." *Burress v. Freedom Mortg. Corp.*, 2021 U.S. Dist. LEXIS 125767 at *12 (D.N.J. May 26, 2021). Factors considered in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay." *Chow v. Sentosacare, LLC*, 2020 U.S. Dist. LEXIS 20770 at *4 (E.D.N.Y. Jan. 23, 2020).

In the underlying matter, although a motion for summary judgment has not yet been filed, one will be filed shortly, and the grounds therefore clearly demonstrate that the motion has even more than a basic foundation in law. To wit, the evidence establishes: (1) Defendant did not place any of the calls to Plaintiff as alleged in the Complaint; (2) Plaintiff's daughter likely provided the consent for Plaintiff to receive calls from Defendant; (3) Plaintiff has not established that she personally registered her number on the DNC; (4) Plaintiff does not own the telephone number in question and is not the subscriber for purposes of the TCPA; (5) the number at issue is a business number used by Plaintiff to advertise her writing and editorial services; and (6) Plaintiff lacks the voicemails referenced in her Complaint which she claims establishes she received calls from the Defendant.

As the foregoing demonstrates, there is significant probability that Defendant will be successful on summary judgment, and the arguments to be included in the motion will be dispositive of Plaintiff's claims in their entirety. Furthermore, no further discovery beyond that which has already been exchanged is necessary to address the merits of the arguments in Defendant's forthcoming motion. Certainly, neither class discovery nor a 30(b)(1) deposition of Defendant's witness is first necessary to address any of the anticipated arguments in Defendant's summary judgment and Plaintiff will therefore not be prejudiced by a brief stay of discovery. *See, e.g., Huzarsky v. Little Kids, Inc.*, No. 15-cv-13613-DJC (D. Mass. Feb. 22, 2016) (allowing summary judgment motion on individual claims before addressing class issues); *Good*, 231 F.R.D. at 447 ("Judicial economy and an absence of demonstrable prejudice to the Plaintiff or putative class members encourage this Court to grant the motion to stay. Further, if, as Plaintiffs argue,

the pending motion for summary judgment is a simple matter and easily rules upon, a temporary stay of other proceedings will be only momentary."); *see also Drayton v. Newman*, 2023 U.S. Dist. LEXIS 38767 at *6 (W.D. Va. Mar. 8, 2023) ("Having considered those factors, the court concludes that the requested stay is warranted. First, if the motion for summary judgment were granted, it would result in dismissal of all of Drayton's current claims. Second, the discovery Drayton has sought does not appear to relate to exhaustion, but to the merits of his claims. Third, Drayton should have within his knowledge facts pertaining to his efforts or attempts to exhaust, so discovery is not needed to respond to the summary judgment motion on that issue."); *Torres v. Gipson*, 2019 U.S. Dist. LEXIS 24450 at *3 (E.D. Cal. Feb. 14, 2019) ("The Court agrees with defendants that a stay is warranted because success on their motion for summary judgment for failure to exhaust administrative remedies would resolve this action in their favor in its entirety, and requiring the parties to proceed with discovery may unnecessarily waste effort and resources.").

Finally, the breadth and burden of responding to the voluminous and overbroad class discovery requests, discussed *infra*, further militates in favor of a stay of class discovery pending resolution of the summary judgment. Plaintiff seeks detailed information regarding every call ever placed by Defendant during the time period in question, all instances of consent obtained from its consumers during this time period, along with the identity of every lead generator employed by Defendant during the relevant time period. The burden of responding to such requests is extraordinary with respect to both time and cost, and the judicial resources of the parties and the Court would best be conserved by first assessing the merits of Plaintiff's claim. And, to the extent Plaintiff's claim remains ripe for litigation, the parties can then resume with discovery on Plaintiff's TCPA claim. *See, e.g., Amron v. 3M Minn Mining & Mfg. Co.*, 2024 U.S. Dist. LEXIS 12759 at *3 (E.D.N.Y. Jan. 24, 2024) ("the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided."); *Pullman v.*

9

*Collins*, 2025 U.S. Dist. LEXIS 31227 at *5 (S.D.N.Y. Feb. 19, 2025) ("The discovery sought by Plaintiff includes widespread class merits discovery even though there has been no class certification. Defendants should not be forced to engage in class merits discovery without a class certified and with the majority of the claims subject to dismissal.").

Based upon the foregoing, Defendant respectfully requests that the Court stay the deadlines for the current discovery requests, along with the remaining discovery and dispositive motion deadlines, pending resolution of Defendant's forthcoming motion for summary judgment.

### b. Plaintiff's Discovery Requests are Facially and Substantively Overbroad

As the following will demonstrate, Plaintiff's requests are both facially and substantively overbroad. Defendant objected to Plaintiff's requests in this regard, with specific objections supported by caselaw where appropriate. Plaintiff has not modified her requests based upon Defendant's targeted objections, thus leading to the current motion.

Plaintiff first takes issue with respect to Defendant's response to its First class-related request for production which provides as follows:

> Request No. 1: All documents containing any of the following information for each outbound telemarketing call sent by you or by your vendor during the putative class period: (a) the ate and time: (b) the called ID; (c) any recorded message used; (d) the result; (e) identifying information for the recipient and (f) any other information stored by the call detail records.

Plaintiff's request in this regard is facially overbroad. Plaintiff seeks "[a]ll documents" containing the above-referenced information, but provides no qualifiers as to which of the myriad documents alleged he is actually seeking production of and which are even relevant to the litigation. *See, e.g. In re Midland Credit Mgmt.*, 2020 U.S. Dist. LEXIS 141429 at *47 (S.D. Cal. Aug. 7, 2020) ("the Court finds that the request to produce 'all' documents is overbroad."); *Leeb v. Charter Communs., Inc.*, 2019 U.S. Dist. LEXIS 4590 at *6 (E.D. Mo. Jan. 9, 2019) ("Plaintiff requests production of 'all communications and other documents pertaining to TCPA, without regard to time;" all documents relating to efforts to

comply with the TCPA.." Plaintiff makes no attempt to further define the documents requested, nor does he limit the type or form of communication under the TCPA."). Instead, Plaintiff submits an open-ended request for every document that contains the above-referenced information. Such an open-ended request is clearly overbroad. *See, e.g., Sharfman M.D.P.A. v. Precision Imaging St. Augustine LLC*, 2023 U.S. Dist. LEXIS 90389 at *6 (M.D. Fla. Apr. 10, 2023) ("And to the extent Request No. 1 could be read as encompassing all related documents, the Court finds that the request is overbroad, vague and appears to call for irrelevant documents.").

In that regard, Plaintiff's request is not simply limited to relevant "call records" as suggested in her Motion. Rather, Plaintiff is seeking all documents, regardless of their current state, nature or location, containing the requested information. Such a request will naturally produce materials unrelated to current litigation, and the request is therefore overbroad. *See, Oullette v. Gaudette*, 2019 U.S. Dist. LEXIS 58879 at *8 (D. Me. Apr. 5, 2019) ("nearly all of Defendant Beaupre's contested interrogatories and all of his documents requests, see "all facts" "all documents" or some similar formulation…As I outlined in *Gemini*, such a formulation is overbroad."); *State ex. Rel. Coffman Grp., LLC v. Sweeney*, 219 S.W.3d 763, 768 (Mo. Ct. App. 2005) ("This request is overbroad and appears to call for documents that would be irrelevant to the pending action. It encompasses *any* document, of *any* nature, by a third party that has faxed an advertisement on behalf of Realtor. Such documents may be wholly irrelevant to the TCPA violations at issue…") (emphasis included)

Plaintiff next takes issue with Defendant's objection to Document Request No. 2, which provides: "[p]lease provide all evidence of written consent to make calls in response to the foregoing, including any language that complied with the E-Sign Act.." As a threshold matter, "[a] party is not required to list all evidence that supports their claim before a hearing is held or an exhibit list is due simply because the opponents seek it in a discovery request. The Court, therefore, denies Spizer's motion with respect to Interrogatory No. 16." *Whalen v. Morice*, 2021 U.S. Dist. LEXIS 101344 at *18 (E.D.

La. May 28, 2021). Furthermore, such an open-ended request regarding consent, which is not confined to calls placed to individuals on the DNC with/without consent, is overbroad and the motion to compel should be denied in this regard. *See, e.g., Mey v. Enter. Fin. Group. Inc.*, 2016 U.S. Dist. LEXIS 188389 at \*25 (M.D. Fla. Jul. 27, 2016) (denying motion to compel with respect to request for "[a]ny and all documents demonstrating that Plaintiff and the Members of the Proposed Class provided express written invitation, consent or permission to receive Telephone Calls."); *Olson v. City of Bainbridge Island*, 2009 U.S. Dist. LEXIS 58171 at \*9 (W.D. Wash. Jun. 18, 2009) (denying motion to compel of discovery request seeking "all evidence."). Instead, Plaintiff's request should be limited to targeted discovery on consent related to the Plaintiff. *See, e.g., Newell v. Aliera Healthcare, Inc.*, 2020 U.S. Dist. LEXIS 267290 at \*7 (N.D. Ga. Apr. 6, 2020) ("the Court finds that targeted discovery on the issue of consent is also warranted.").

Finally, Plaintiff takes issue with Defendant's objection to Interrogatory No. 1 which provides: "[i]dentify any affiliates or third parties, including, but not limited to, Facebook, that are involved with generating leads that you make telemarketing calls to."

As a threshold matter, Plaintiff has exceeded the number of interrogatories permissible. In his first set of interrogatories, Plaintiff asks in Interrogatory No. 10 for Defendant to "[s]tate all facts in support of any affirmative defense you have raised." Defendant has raised approximately 21 individual affirmative defenses. Plaintiff's interrogatory with respect to each affirmative defense constitutes an independent interrogatory, and results in a proliferation of interrogatories that exceeds the amount permissible under the rules. *See, e.g., Finjan, Inc. v. Qualys, Inc.*, 2020 U.S. Dist. LEXIS 154734 at \*8 (N.D. Ca. Aug. 21, 2020); *Ward v. Nesibo*, 2023 U.S. Dist. LEXIS 83846 at \*8 (D. Ut. May 11, 2023) ("courts have held that interrogatories asking for the factual basis of affirmative defenses constitute separate and distinct interrogatories as to each affirmative defense. As such, when there are multiple

affirmative defenses at issue, each affirmative defense is counted separately in determining the number of interrogatories propounded.").

Accordingly, Plaintiff has sought response to approximately 33 individual interrogatories. This exceeds the number permissible, and Plaintiff has not sought leave of court to serve interrogatories in excess of this number,

Furthermore, Plaintiff's request is overbroad for several reasons. First it broadly seeks information concerning lead generation, an issue which is not in dispute in the litigation. Plaintiff does not dispute the veracity of the lead provided by Defendant in her Complaint, nor does she allege that leads generally provided to Defendant violated the law or were otherwise inadequate. This request is therefore not calculated to lead to the discovery of admissible evidence. *See, e.g., Moser v. Health Ins. Innovations, Inc.*, 2018 U.S. Dist. LEXIS 192408 at *27 (S.D. Cal. Nov. 9, 2018) (denying motion to compel because "plaintiff does not address Donisi Jax's arguments that leads received via the direct sale method are not relevant. According to Donisi Jax, the scope of these requests should be limited to leads using the live transfer method., because plaintiff was transferred to Donisi Jax by a third party lead vendor through a live transfer. Plaintiff has not offered any reason why 'leads made through direct sales' are relevant to the matters at issue in the lawsuit.")

Furthermore, Plaintiff's request is submitted without even the most basic qualifiers. As phrased, the request encompasses every single entity ever involved in generating telemarketing leads for Defendant, regardless of the nature of the call alleged including whether consent was provided for the calls at issue, whether the calls violated the TCPA and whether the telemarketing calls were placed to a cellular phone, etc. There are simply no limitations on the breadth of information requested by Plaintiff. Plaintiff's request could lead to production of myriad entities who provided leads for calls to individuals who are not part of the class and is not limited to entities who provided leads for class members who were on the DNC registry at the time the calls were allegedly placed. *Cf. Fralish v. Digital Media*

13

*Solutions*, 2021 U.S. Dist. LEXIS 225281 at *22 (N.D. Ind. Nov. 17, 2021) ("RFP 21 does not limit the scope of the requested text messages in any way even through Mr. Fralish's Section 227(c) claim only concerns a specific type of message sent to a specific type of person…As written, RFP 21 demand production of information pertaining to text messages beyond the scope of advertisement and marketing messages he challenges in this case and other irrelevant askes of the business relationship between Digital and an unknown number of third parties."); *Medina v. Enhanced Recovery Co.*, LLC, 2017 U.S. Dist. LEXIS 186651 at *13 (S.D. Fla. Nov. 9, 2017) ("Plaintiff's requests are overbroad and irrelevant to the degree they encompass calls not made to cellular phones.").

### V.    Conclusion

Defendant respectfully requests that this Court enter an Order staying the Plaintiff's current discovery requests along with the remaining discovery and dispositive motion deadlines pending resolution of Defendant's forthcoming Motion for Summary Judgment. Defendant further requests this Court deny Plaintiff's Motion to Compel, and award Defendant its fees in responding to Plaintiff's Motion, along with such other relief as this Court deems proper.

Dated: May 12, 2025

                                                  SELECT JUSTICE
                                                  By Its Attorneys
                                                  */s/ Andrew M. Schneiderman*
                                                  Andrew M. Schneiderman, Esq. (#666252)
                                                  O'Hagan Meyer, PLLC
                                                  140 Kendrick Street, Building C, 2nd Floor
                                                  Needham, MA 02494
                                                  Telephone: (617) 843-6800
                                                  Facsimile:  (617) 843-6810
                                                  aschneiderman@ohaganmeyer.com


                                                 SELECT JUSTICE
                                                 By Its Attorneys

#6487936v1

/s/ Eric S. Allen
Eric S. Allen, Admitted *PHV*
Allen Mitchell & Allen PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
eric@allenlawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed on May 12, 2025 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Andrew M. Schneiderman
Andrew M. Schneiderman

## RULE 7.1 (a)(2) CERTIFICATE

I, Andrew M. Schneiderman, hereby certify that I conferred with opposing counsel in advance of filing the underlying motion, and the parties were unable to reach an accord on the relief requested herein.

/s/ Andrew M. Schneiderman
Andrew M. Schneiderman