**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SELECT JUSTICE, LLC**<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

Defendant, Select Justice, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its responses to Plaintiff's Second Set of Discovery directed to Defendant as follows:

### PRELIMINARY STATEMENT

It should be noted that Defendant has not fully completed its investigation of the facts relating to this case and that discovery is ongoing. All of the responses to the Second Set of Discovery Requests propounded by Plaintiffs ("Responses") are based solely upon such information and documents that are presently available to, and specifically known to, Defendant.

It is anticipated that continuing discovery, independent investigation, legal research, and analysis will supply additional facts resulting in further information and documents. The following Responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents. The Responses contained herein are made in a good faith effort to supply information and documents presently in Defendant's custody, control, and/or possession, or within Defendant's knowledge, but should in no way be to the prejudice of Defendant in relation to further discovery, research and analysis.

#5931990v1

## GENERAL OBJECTIONS

Defendant incorporates the following General Objections into its Responses and states as follows:

1. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are vague, ambiguous, unintelligible, compound, and not full and complete in and of themselves, so as to make a response possible without speculation as to the meaning of the Discovery Requests.

2. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information protected by attorney/client privilege, the work product doctrine, or any other applicable privilege.

3. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek Defendant's counsel's legal reasoning, theory, or a statutory basis supporting a factual conclusion.

4. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are unduly and unreasonably oppressive, harassing, annoying, burdensome, overbroad, or constitute an abuse of the discovery practice.

5. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information equally available to Plaintiffs or presumably within the knowledge of Plaintiffs. Plaintiffs may ascertain this information from their own records or from other sources much more readily available to them than to Defendant.

6. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are overly broad and seek information neither relevant to any party's claim or defense, nor proportional to the needs of the case.

#5931990v1

7. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are not appropriately limited in time.

8. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information that may contain confidential, proprietary or trade secret information.

9. Answering Defendants objects to these Interrogatories to the extent they require speculation and/or to the extent that they require Defendant(s) to make conclusions of law.

10. Answering Defendants object to these Interrogatories to the extent they seek the mental impressions, conclusions, or opinions of Answering Defendants' attorneys and/or representatives.

11. Answering Defendants object to these Interrogatories to the extent they seek information and/or materials which is and/or already in Plaintiff's possession, information and/or materials which is and/or available from less onerous sources, or information or materials that is and/or are considered confidential under federal and/or state laws and regulations. This includes information requested that would violate the confidentiality or privacy of employees, past employees, or third parties.

## RESERVATIONS

1. By providing responses to Interrogatories, Answering Defendant(s), does not waive, and specifically reserves, any and all applicable objections including, but limited to, relevance, admissibility, and hearsay at the time of trial.

2. Answering Defendant(s) reserves the right to revise, change or supplement any at any time or in any manner these answers and objections to Interrogatories.

## INTERROGATORIES

1. Identify any affiliates or third parties, including, but not limited to, Facebook, that are involved with generating leads that you make telemarketing calls to.

#5931990v1

**ANSWER:** Defendant objects to this request on the grounds that Plaintiff has already exceeded the permissible number of interrogatory requests under the rules, and has not sought leave of court to exceed this amount. Accordingly, this interrogatory is impermissible.

Furthermore, Plaintiff's request is overbroad insofar as it encompasses every single entity ever involved in generating telemarketing call leads for Defendant, regardless of the nature of call alleged, including whether consent was provided for the calls at issue, whether the calls violated the TCPA and whether the telemarketing calls were placed to a cellular phone etc. There are simply no qualifiers limiting the breadth of information requested by Plaintiff. Plaintiff's request could lead to production of myriad entities who provided leads for calls to individuals who are not part of the class and is not limited to entities who provided leads for class members who were on the DNC registry at the time the calls were allegedly placed. *Cf. Fralish v. Digital Media Solutions*, 2021 U.S. Dist. LEXIS 225281 at *22 (N.D. Ind. Nov. 17, 2021) ("RFP 21 does not limit the scope of the requested text messages in any way even though Mr. Fralish's Section 227(c) claim only concerns a specific type of text message sent to a specific type of person…As written, RFP 21 demands production of information pertaining to text messages beyond the scope of advertisement and marketing messages he challenges in this case and other irrelevant aspects of the business relationship between Digital and an unknown number of third parties."); *Medina v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 186651 at *13 (S.D. Fla. Nov. 9, 2017) ("Plaintiff's requests are overbroad and irrelevant to the degree they encompass calls not made to cellular phones.").

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25th DAY OF MARCH 2025.

Dax Valdez

#5931990v1

## DOCUMENT REQUESTS

1. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors during the putative class period:

    a) the date and time;

    b) the caller ID;

    c) any recorded message used;

    d) the result;

    e) identifying information for the recipient; and

    f) any other information stored by the call detail records.

**RESPONSE:**

Objection. Defendant objects to this request to the extent it seeks materials protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on the grounds that the request is severely overbroad. *See, e.g. Chinitz v. Realogy Holdings Corp.*, 2020 U.S. Dist. LEXIS 187102 at *8 (W.D. Tex. Oct. 22, 2020) ("The requests seeking 'all documents'…and the like for each Coldwell Banker agent are therefore overbroad."). Moreover, Plaintiff's request encompasses many documents that are irrelevant to the present litigation. For example, the only claim at issue is whether calls were made to individuals whose numbers were on the National Do Not Call Registry at the time the calls were made. However, this request encompasses all calls made during this time period to all individuals irrespective of whether they consented to receive the calls, whether their numbers were on the DNC at the time the calls were made, whether the calls were made by an ATDS to a landline etc. Thus, this request encompasses myriad materials that are unrelated to Plaintiff's claim, many of which would not constitute a TCPA violation, and which presents a significant burden to production. *See, e.g., State ex rel. Coffman Grp., LLC v. Sweeney*, 219 S.W.3d 763, 768 (Mo. Ct. App. 2005) ("This request

#5931990v1

is overbroad and appears to call for all documents that would be irrelevant to the pending action. It encompasses *any* document, of *any* nature, by a third party that has faxed an advertisement on behalf of Realtor. Such documents may be wholly irrelevant to the TCPA violations at issue, or to facsimile advertisements in general.")

2.  Please provide all evidence of written consent to make calls in response to the foregoing, including any language that complies with the E-Sign Act.

**RESPONSE:** Defendant objects to this request on the grounds that it is irrelevant and overbroad. Plaintiff has not asserted a claim under the E-Sign Act in his Complaint, and any documents related to the same would therefore be irrelevant. Furthermore, there is no private right of action under the E-Sign Act. Therefore, even if Plaintiff received these materials, he would be unable to assert a claim under the E-Sign Act based upon their possession. Accordingly, there is no basis for production of these materials.

Dated: March ___ 2025.

Dated:          , 2025

Respectfully submitted,

SELECT JUSTICE, LLC
By its counsel,

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, BBO# 666252
O'HAGAN MEYER, PLLC
140 Kendrick Street, Building C, 2nd Floor
Needham, Massachusetts 02494
(617) 843-6800
aschneiderman@ohaganmeyer.com

SELECT JUSTICE, LLC
By Its Attorneys
*/s/ Eric S. Allen*
Eric S. Allen, Admitted *PHV*
Allen Mitchell & Allen PLLC

#5931990v1

2091 E. Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
eric@allenlawyer.com

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that on this ____ day of March, 2025, I caused the foregoing Responses to Plaintiff's Second Set of Discovery Requests to be served upon the following known counsel:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA
anthony@paronichlaw.com

/s/ Andrew M. Schneiderman
Andrew M. Schneiderman

#5931990v1