IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SELECT JUSTICE, LLC**<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION FOR EXTENSION OF BRIEFING DEADLINES**

Plaintiff, Emily Teman ("Plaintiff") and Defendant, Select Justice, LLC ("Defendant"), respectfully request that the Court enter an Order providing the parties with a two-week extension of the briefing deadlines recently established by the Court concerning Defendant's Cross Motion for Summary Judgment. The current deadlines and newly proposed deadlines are set forth below. As grounds for their motion, the Parties state as follows:

**I.    Introduction**

The underlying matter arises out of Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges a singular violation that Defendant placed calls to her telephone number while it was registered on the National Do Not Call Registry. The Parties are currently in a dispute regarding class discovery Plaintiff recently served on Defendant. Plaintiff filed a Motion to Compel further responses to the Class Discovery. Defendant opposed the motion, and in doing so, filed a cross motion for summary judgment based upon various substantive and procedural issues. The Court has requested that Defendant "supplement its filing with additional factual information as to the foregoing five points[1]." (DE #35, Text Order). In doing so, the Court indicated that Defendant has until May 20,

---

[1] Referring to issues identified as underlying a potential motion for summary judgment.

#6742220v1

2025 to supplement its Motion. The Court provided that Plaintiff may file any Opposition by May 30, 2025 and any reply brief is due on or before June 6, 2025. *Id.*. Defendant is currently conducting an analysis of the additional materials in its possession which it will use to further support its arguments on summary judgment. However, this is a significant undertaking and the implications are significant as well given the potential exposure in this matter. The undersigned will be on vacation starting next week for a week long period of time, and is in the process of preparing various other matters to be handled in his absence as well. Given the truncated period of time to submit the supplemental brief, and the issues counsel must deal with in the interim, the Parties move for a two-week extension of the briefing schedule to supplement the record, as more fully set forth below, so that the Court has a more complete understanding of the arguments Defendant intends to raise on summary judgment, while also affording opposing counsel sufficient time to consider and oppose Defendant's forthcoming motion.

Neither party will be prejudiced by the relief requested herein, as both collectively seek a two-week extension of the briefing deadline.

**II.      Statement of Facts**

On or about February 12, 2025, Plaintiff served Defendant with a second set of Discovery Requests seeking class discovery. Defendant objected to these limited requests, and Plaintiff filed a Motion to Compel further responses. (DE #31). Defendant filed its Opposition to Plaintiff's Motion to Compel and also Cross Moved to Stay Discovery pending a forthcoming summary judgment. (DE #34). The basis for Defendant's summary judgment is, at a minimum, predicated upon five distinct substantive individual arguments with respect to Plaintiff's claim: (1) Plaintiff did not receive any telephone calls from Defendant at the numbers identified in the Complaint; (2) someone from the address of the daughter of Plaintiff provided consent for Plaintiff to receive calls from Defendant; (3) Plaintiff is not the owner/subscriber of the phone number; (4) the number at issue is a business number; and (5) Plaintiff

#6742220v1

did not "personally" register the phone number on the national Do Not Call Registry[2]. The Court acknowledges that Defendant's motion "elaborates on these (and other arguments), [but] it does not submit sufficient factual information for the Court to conclude the foregoing assertions are correct." (DE #35). Therefore, it established the following briefing schedule to allow Defendant to supplement his brief regarding the substantive arguments raised, and for Plaintiff to respond accordingly:

1. Defendant to Supplement its Filing: **May 20, 2025**
2. Plaintiff to File an Opposition: **May 30, 2025**
3. Plaintiff also to File a Reply in Support of Motion to Compel: **May 30, 2025**
4. Defendant Reply Brief: **June 6, 2025.**

Counsel for the undersigned is currently reviewing the materials in his possession to determine which should be submitted to the Court in order to lend support to the arguments raised. However, this is a significant undertaking given the issues under consideration, and Defendant requires additional time in order to review the relevant evidence and prepare the supplemental brief contemplated by the Court. Furthermore, the undersigned is schedule to start a week-long vacation next week, is similarly preparing other matters for handling in his absence, and therefore wont have sufficient time to devote to the instant motion.

### III. <u>Legal Standard</u>

Fed. R. Civ. P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *See* Fed. R. Civ. P. 6(b)(1)(A). "The 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party opponent." *United States Bank Nat'l Ass'n v. Richmond*, 2022 U.S.

---

[2] These are the primary arguments Defendant intends to assert on summary judgment but in no way is this meant to limit the additional arguments it may deem appropriate to raise at that time.

3

#6742220v1

Dist. LEXIS 28311 at *4 (D. Me. Feb. 14, 2022). "The practicalities of life (such as an attorney's conflicting professional engagements or personal commitments such as vacations, family activities, illnesses and death) often necessitate an enlargement of time to comply with a court deadline. The good cause standard considers a party's diligence in seeking the continuance or extension." *Pamplin v. Baker*, 2019 U.S. Dist. LEXIS 173012 at *4 (D. Nev. Oct. 3, 2019).

### IV.     Argument

In the underlying matter, the Court has requested that Defendant supplement the factual record with respect to its Coss Motion to Stay to reflect that the substantive arguments raised in its motion are in fact accurate. The Court provided Defendant until May 20, 2025 within which to marshal the relevant evidence and submit a supplemental brief reflecting those additional materials in support of the arguments to be raised with respect to its forthcoming summary judgment. However, this is a class action with significant implications and potential exposure. Defendant wants to ensure that it has sufficient time to determine which of the relevant evidence in its possession should be submitted to the Court in support of its arguments[3], and to submit the supplemental brief regarding the additional evidence requested by the Court. Defendant's request is not for purposes of delay. In addition to the significant nature of the undertaking, the undersigned is also going on vacation next week and is similarly preparing his other matters for handling in his absence. Accordingly, he wont have the ability to focus his efforts on the current motion and have the same filed by May 20, 2025.

Defendant has good cause for the requested extension. Again, the issues to be addressed with respect to the potential motion for summary judgment are significant. Furthermore, Defendant's counsel

---

[3]     Defendant is also waiting for responses to subpoenas to RCN and Facebook, and the materials produced in response to these subpoenas will likely buttress the arguments on summary judgment as well. The additional time would similarly allow for the parties to respond to the outstanding subpoenas and permit Defendant to submit any evidence produced in connection with the same.

#6742220v1

is scheduled to be away from the office for a week starting early next week, and will be preparing his other matters for handling in his absence as well. Therefore, recognizing his forthcoming absence, and his inability to timely meet the Court's deadline, counsel now seeks a brief extension of the briefing schedule established by the Court as follows:

1. Defendant to Supplement its Filing: **June 3, 2025**
2. Plaintiff to File an Opposition: **June 20, 2025**
3. Plaintiff also to File a Reply in Support of Motion to Compel: **June 20, 2025**
4. Defendant Reply Brief: **June 27, 2025.**

Again, neither party will be prejudiced by the relief requested herein as both jointly seek an extension of the briefing deadlines set by the Court.

### V.     Conclusion

The Parties have established good cause for seeking an extension of the supplemental briefing schedule established by the Court. Accordingly, the Parties respectfully request this Court enter an Order extending the supplemental briefing schedule by two weeks as more fully set forth herein, along with such other relief as this Court deems proper.

Dated: May 16, 2025

> SELECT JUSTICE
> By Its Attorneys
> */s/ Andrew M. Schneiderman*
> Andrew M. Schneiderman, Esq. (#666252)
> O'Hagan Meyer, PLLC
> 140 Kendrick Street, Building C, 2nd Floor
> Needham, MA 02494
> Telephone:  (617) 843-6800
> Facsimile:   (617) 843-6810
> aschneiderman@ohaganmeyer.com

#6742220v1

        SELECT JUSTICE
        By Its Attorneys
        */s/  Eric S. Allen*
        Eric S. Allen, Admitted *PHV*
        Allen Mitchell & Allen PLLC
        2091 E. Murray Holladay Road, Suite 21
        Salt Lake City, UT 84117
        Telephone:  (801) 930-1117
        eric@allenlawyer.com

        Plaintiff,

        */s/ Anthony I. Paronich*
        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Tel: (617) 485-0018
        anthony@paronichlaw.com

## **RULE 7.1 (a)(2) CERTIFICATE**

I, Andrew M. Schneiderman, hereby certify that I conferred with opposing counsel in advance of filing the underlying motion, and Plaintiff has joined in the Defendant's request.

        */s/ Anthony Paronich*

#6742220v1