IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SELECT JUSTICE, LLC**<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS CROSS-MOTION TO STAY DISCOVERY

Pursuant to this Court's Order (DE #35), Defendant, Select Justice, LLC ("Defendant"), files its supplemental brief in support of its Cross-Motion to Stay Discovery. As grounds, Defendant states as follows:

### I.   Introduction

The underlying matter stems from a single claim under the TCPA. Plaintiff alleges Defendant called her telephone number without consent while it was registered on the Do not Call Registry ("DNC"). Plaintiff's claim suffers from significant deficiencies which render summary judgment appropriate. Although presented with indisputable evidence that her claim lacked merit, Plaintiff ignored the same and served Defendant with a facially overbroad round of class discovery. Defendant responded and objected to the class discovery, and Plaintiff filed a motion to compel. Thus, the current dispute.

Given the fundamental shortcomings with Plaintiff's claim, Defendant opposed Plaintiff's Motion to Compel, and cross-moved to stay discovery pending the filing of a forthcoming motion for summary judgment. Defendant identified for the Court the following non-exclusive bases Defendant anticipates including in its forthcoming motion for summary judgment: (1) the calls alleged in the Complaint did not originate with Defendant; (2) Plaintiff's daughter or someone residing in her

#6788747v1

household provided consent for Plaintiff to receive calls from the Defendant; (3) Plaintiff is not the owner/subscriber of the phone number on which she alleges she received the calls; and (4) the number at issue is a business number which may not be registered on the DNC.[1]

Defendant submitted material evidence in support of the foregoing arguments, but did not supply the court with the full panoply of evidence supporting each argument. The Court now requests additional evidence supporting the potential arguments raised by Defendant. Specifically, the Court requested that Defendant "supplement its filing with additional factual information as to the foregoing five points[2]." (DE #35). Based upon the Court's Order, Defendant files its supplemental brief, identifying the additional salient evidence[3] with respect to four primary arguments it anticipates making in its forthcoming Motion for Summary Judgment.

## II. **Supplement Brief**

### A. First Defense: The Calls Alleged in Plaintiff's Complaint did not Originate with Defendant

Plaintiff alleges that she received calls from Defendant from telephone numbers with the following exchanges: (a) (855), (b) (877), (c) (281) and (d) (413). *See* DE #1, *generally*. Responding to this collective allegation, Defendant provided the Court with subpoena responses reflecting that the telephone numbers associated with the exchanges of: (855), (877) and (281) belonged to InTake Desk at all times relevant. *See* DE #34, Exs. B, C. Defendant now submits an affidavit reflecting that although

---

[1] For these purposes only, Defendant excludes the potential defense that Plaintiff failed to personally register the number on the DNC. Defendant also notes that there are subpoenas currently outstanding to RCN/Astound, Plaintiff's phone carrier, and Facebook, the social medium website hosting the advertisement which someone accessed on Plaintiff's behalf. Defendant reserves the right to present such evidence on summary judgment or as otherwise appropriate, along with any additional evidence subsequently received through discovery.

[2] *See* FN2.

[3] Defendant's written discovery responses are consistent with the arguments it intends to make on summary judgment, and it is revising its responses to the extent necessary based upon the new information learned in discovery. Given the brevity of the filing permitted by the Court (seven pages), Defendant limits its supplementation to non self-serving materials that support the various arguments asserted.

the telephone number with the (413) exchange referenced in the Complaint belonged to it, no calls were placed to Plaintiff from that number. *See* Aff. of Valdez, attached as Exhibit A, paras 2-4. Plaintiff's discovery responses similarly confirm that the alleged calls at issue were not placed by the Defendant. For example, in her supplemental responses to Defendant's Requests for Admission, Plaintiff concedes, as she must, that the telephone numbers associated with the (855), (877) and (281) exchanges are used and answered by a business *other than Defendant*. *See* Supplemental Responses to Requests for Admission, attached as Exhibit B, pp. 2-3 (emphasis supplied). In fact, Plaintiff admits that "some calls referred to in her complaint were associated with similar misconduct occurring at the same time as Defendant's, and Plaintiff admits all calls emanating from the Intake Desk numbers identified above are not presently at issue in this case." *Id.*, p. 4[4].

Rather than dismiss her meritless claim, Plaintiff took the information adverse to her position in this matter and used it as the basis for an identical complaint in this District against InTake Desk, *Teman v. Intake Desk LLC*, 1:25-cv-10647-MJJ. For example, both suits seek recovery for "dozens" of calls which allegedly occurred in 2023. *Compare* Plaintiff's Compl., paras. 17-18, with Plaintiff's Amended Compl, in the InTake Litigation, paras. 21-23 attached as Exhibit C. Plaintiff's duplicative suit against Defendant must be dismissed[5]. There's more. In Interrogatory No. 10, Plaintiff is asked to describe each call for which she currently seeks recovery. Originally, Plaintiff stated that she received telephone calls

---

[4] The deadline to amend the Complaint elapsed on December 20, 2024. *See* DE #18. Therefore, to the extent she is even able to do so, the time for Plaintiff to amend her Complaint to add different calls as the basis of her TCPA claim (or otherwise) has since passed. Regardless of the standard applied, there is neither good cause nor excusable neglect sufficient so as to permit such belated amendment. *See* DE # 18 ("Motions to extend or modify deadlines will be granted only for good cause shown."); *McBreairty v. Brewer Sch. Dep't.*, 2025 U.S. Dist. LEXIS 21279 at *5 (D. Me. Feb. 6, 2025) ("When a deadline has already expired, a court may permit an extension of time if a party failed act because of excusable neglect.").

[5] This argument is dispositive of Plaintiff's Complaint. "A district court may dismiss a duplicative action." *Jones v. Montachusett Reg's Transit Auth.*, 2021 U.S. Dist. LEXIS 172972 at *2 (D. Mass. Sept. 13, 2021). "For an action to be duplicative of another, so as to warrant dismissal for that reason alone, the one must be materially on all fours with the other." *Id.*. As discussed, Plaintiff seeks duplicative recovery for the same "dozen" calls against both Defendants. She asserts the same material allegation in each Complaint, modifying it only to replace the name of the respective Defendant against whom she is bringing suit.

from the numbers with the (281), (877), (855) and (413) exchanges. She has since recanted her response to exclude any calls received from those numbers. *Compare* Plaintiff's Responses to Defendant's Interrogatories attached as Exhibit D, pp. 5-6 with Plaintiff's Supplemental Interrogatory Responses, attached as Exhibit E, pp. 2-3.

Collectively, the evidence establishes that none of the calls alleged in the Complaint were made by Defendant. Its argument in this regard on summary judgment will be successful. *Cf.*, *Bennett v. Celtic Ins. Co.*, 2022 U.S. Dist. LEXIS 52032 at *8 (N.D. Ill. Mar. 23, 2002) ("The allegations relating to her conversation with live operators show at best that the calls originated from *Ambetter's* call center. But Plaintiff does not plausibly tie Ambetter to Celtic.").

**B. Second Defense: Plaintiff's Daughter, or Someone at her Residence Provided Consent for Plaintiff to Receive Calls from Defendant**

Defendant maintained from the inception of the litigation that someone using the IP Address 100.0.90.24 accessed Defendant's Rideshare Litigation Page and provided consent for it to call Plaintiff regarding its services. In support of its Motion, Defendant provided Verizon's subpoena response reflecting that at all times relevant, the IP Address at issue belonged to Stacy Sibulesky, Plaintiff's daughter. *See* DE #34, Ex. D. Therefore, at a minimum, an inference may be drawn that Plaintiff's daughter, or someone using the computer at her residence, accessed the Rideshare Page in question and provided consent for Plaintiff to be contacted. However, this is the tip of the evidentiary iceberg in this regard. Defendant now submits its Internal Rideshare Reports reflecting that on October 19, 2023 and October 28, 2023 respectively, someone accessed its Rideshare Facebook Advertisement Page from the IP Address 100.0.90.24 and provided Plaintiff's personal information and her consent to be called by

Defendant. *See* Rideshare Reports, attached as Exhibit F[6]. The Rideshare Reports captured the user's personal information. *Id.*, *generally*.

Defendant has now submitted significant objective evidence[7] demonstrating that Plaintiff's daughter[8] was not only the owner of the IP Address 100.0.90.24, but that this IP Address was used on two occasions to access Defendant's Rideshare Page and provide consent to be called on Plaintiff's behalf.

### C. Third Defense: Plaintiff Does not Own the Telephone Number at Issue and Therefore Lacks Standing to Assert a Claim under the TCPA

The objective evidence produced by Plaintiff establishes only that the owner of the telephone line on which she alleges she received the telephone calls from Defendant is owned by her husband, Glenn Teman. *See* Astound Broadband Bill, attached as Exhibit G. And, although there is a subscriber line charge on the bill, Plaintiff is not even listed on the bill as a subscriber of the telephone number at issue. Plaintiff's husband is listed as the account holder. It is he, and not Plaintiff, who has standing to assert a claim under the TCPA. *See, e.g.*, *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639 (7th Cir. 2012) (defining "called party" to "mean Cell Number's current subscriber, because only the current subscriber pays.").

---

[6] The report reflects that the Rideshare Page was accessed on October 20, 2023. This is a function of the fact that the time on the Report is listed in UTC. When converted to EDT, the access occurred on October 19, 2023.

[7] In opposition, Plaintiff may submit self-serving discovery responses or perhaps an affidavit indicating that neither she nor her daughter accessed the page in question. However, such self-serving testimony is insufficient to withstand a properly supported motion for summary judgment on Plaintiff's TCPA claim. *See, e.g.*, *Harper v. Credit Control Servs.*, 863 F. Supp. 2d 125 (D. Mass. 2012) (granting summary judgment in TCPA claim based upon legal precept that "[w]hen opposing parties tell tow different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on amotion for summary judgment.")

[8] This conduct appears to be part of a larger practice of generating calls for purposes of manufacturing claims. For example, as part of its subpoena response, InTake Desk provided a Trusted Form Certificate reflecting that someone with the last name Sibulesky accessed a Facebook Talcum Powder Litigation Page around the time of the alleged calls at issue in the current litigation, entered Plaintiff's personal information on the webpage, and provided consent for her to be called regarding Talcum Powder litigation on the same telephone number at issue here.

Although the bill produced by Plaintiff expressly states that Plaintiff's husband is the account holder in question, Plaintiff swears under oath that she is the account owner. *See* Ex. D, p. 8 ("Plaintiff is the account owner"). Not only is Plaintiff's sworn response completely at odds with the objective evidence she herself provided, it forecasts the likely potential for a credibility issue which may render her inappropriate to serve as class representative. *See, e.g. Chana Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. (S.D.N.Y. Nov. 19, 2010) ("inconsistent or false testimony could create serious problems with respect to plaintiff's credibility and could become the focus of cross examination…to the detriment of the class.").

### D. Fourth Defense: Plaintiff's Telephone Number is a Business Number which May not be Registered on the DNC

Plaintiff uses the telephone number at issue as a business number. When asked in an interrogatory to identify whether the number was ever used for business purposes or listed on a business website, Plaintiff swore under oath that "the number at issue has not been used for business purposes." *See* Ex. D, p. 4. However, online cursory research[9] of Plaintiff's telephone number revealed that she currently lists the telephone number on Linkedin as a business number where she can be reached to assist small business with their writing and editing needs. *See* Plaintiff's Linkedin Page, attached as Exhibit H[10]. Upon being confronted with the advertisement, Plaintiff amended her interrogatory response[11] to reflect that "Plaintiff listed the number at issue on LinkedIn but never, in fact, started a business or used the number for business purposes." *See* Ex. E, p. 2. However, that her business venture is/was unsuccessful

---

[9] Had Defendant not been diligent in its analysis of Plaintiff's interrogatory responses and simply accepted the same at face value, this untruth may not have been discovered.

[10] Although Plaintiff provided a copy of her Linked in page in connection with her discovery responses, the copy she produced omitted the material section wherein she advertises her editorial services and encourages prospective consumers to utilize the telephone number at issue as the number on which she may be reached to retain her editorial services. The Rule of Completeness permits the introduction of the omitted portion of this document. *See United States v. Ramsay*, 2024 U.S. App. LEXIS 32445 at *5 (2d Cir. Dec. 23, 2024).

[11] At a minimum, her untruth in this regard further compounds the issue of Plaintiff's credibility discussed *supra*.

does not otherwise vitiate the fact that she is currently advertising the number at issue as a business number through which she may be reached to retain her writing and editorial services[12]. Business numbers may not be registered on the DNC. And, regardless of her characterization of the number as residential, it was held out as a business number and is therefore precluded from being listed on the DNC registry. *See, e.g.*, *Bank v. Indep. Energy Grp., LLC*, 2015 U.S. Dist. LEXIS 96532 at *2 (E.D.N.Y. Jul. 23, 2015) ("While a telephone subscriber can have a telephone registered as 'residential' with the telephone company, if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered 'residential' for purposes of the TCPA – even if it is registered as 'residential' with the telephone company.").

### III. Conclusion

The Court requested that Defendant provide additional evidence substantiating the arguments it intends to make on summary judgment. Defendant has now done that. It has presented the Court with additional evidence with respect to each potential defense demonstrating why it will be entitled to summary judgment. Defendant has also demonstrated how the evidence it will present impacts Plaintiff's ability to serve as a class representative. Given its perceived strength, and the absence of further discovery necessary to address Plaintiff's claims, Defendant has made more than a colorable argument that all discovery should be stayed pending resolution of its contemplated motion for summary judgment. Accordingly, it respectfully requests that the Court stay all discovery and permit Defendant to file a Summary Judgment on the sole claim set forth in Plaintiff's Complaint.

---

[12] Plaintiff's suggestion that she is no longer advertising her editorial services is further undercut by advertisements on other websites. https://contactout.com/emily-teman-76383 ([Emily Teman] "is available for consulting on best practices in content creation and can offer insights into effective communication strategies. Her extensive background in text editing and content writing positions her as a knowledgeable mentor for aspiring writers and editors.")

#6788747v1

Dated: June 3, 2025

        SELECT JUSTICE
        By Its Attorneys
        */s/ Andrew M. Schneiderman*
        Andrew M. Schneiderman, Esq. (#666252)
        O'Hagan Meyer, PLLC
        140 Kendrick Street, Building C, 2nd Floor
        Needham, MA 02494
        Telephone: (617) 843-6800
        Facsimile: (617) 843-6810
        aschneiderman@ohaganmeyer.com


        SELECT JUSTICE
        By Its Attorneys
        */s/ Eric S. Allen*
        Eric S. Allen, Admitted *PHV*
        Allen Mitchell & Allen PLLC
        2091 E. Murray Holladay Road, Suite 21
        Salt Lake City, UT 84117
        Telephone: (801) 930-1117
        eric@allenlawyer.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed on June 3, 2025 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Andrew M. Schneiderman*
        Andrew M. Schneiderman