# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>SELECT JUSTICE, LLC<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT SELECT JUSTICE LLC'S FIRST REQUEST FOR ADMISSIONS** |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO CERTAIN REQUESTS FOR ADMISSION**

6. Admit that on at least two occasions in October 2023, you or someone you know inputted your name and the telephone number referenced in Request No. 2 on the website http://rideshare.justicehere.com/.

**SUPPLEMENTAL ANSWER**: Plaintiff objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). Instead the request presents a number of compound issues within a single request. Furthermore, Plaintiff objects to this request on the ground that the phrase "someone you know" is so vague, ambiguous, and lacking in specificity that Plaintiff cannot in good faith respond to the request. Additionally, Plaintiff cannot readily obtain information sufficient to enable her to admit or deny whether "someone" she knew inputted her name and the telephone number referenced in Request No. 2 on the website http://rideshare.justicehere.com/.

**Subject to that objection, Plaintiff denies that she, or someone she knows on her behalf, inputted her name and telephone number on the website**

1

http://rideshare.justicehere.com/. **In addition, Plaintiff understands defendant has produced information responding to a subpoena on a third party suggesting that the person who inputted her information did so from Plaintiff's daughter's home, not Plaintiff's home. Plaintiff supplements this response to expressly deny that Plaintiff's daughter or any other third party inputted her information on the website listed on her behalf.**

7. Admit that you or someone you know provided your name and telephone number on websites other than the website listed above in Request No. 4.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). Instead the request presents a number of compound issues within a single request. Furthermore, Plaintiff objects to this request on the ground that the phrases "someone you know" and "on websites other than the website listed above in Request No. 4" are so vague, ambiguous, and lacking in specificity that Plaintiff cannot in good faith respond to the request. Additionally, Plaintiff cannot readily obtain information sufficient to enable her to admit or deny whether "someone" she knew inputted her name and the telephone number on "websites other than the website listed above."

**Subject to that objection, Plaintiff admits that she provided her name and telephone number on some websites, but not http://rideshare.justicehere.com/ nor any other connected to Defendant. Plaintiff denies anyone did so on her behalf. In addition, please see Plaintiff's response to request number six.**

9. Admit that the telephone number (855) 216-5126, which you allege in the Complaint that you saw on your caller ID, is used and answered by a business other than Defendant.

Doc ID: af5f34f1aa01f2c05c49ad53879fabe8031fd10d

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). Instead the request presents a number of compound issues within a single request.

**Plaintiff has learned in discovery that number is associated with another entity, "Intake Desk," that committed the same misconduct as Defendant under the TCPA during the same time period, and thus Plaintiff admits the request. However, Plaintiff maintains, and Defendant has not denied, that Defendant called her from a different number than the one identified in this request.**

10. Admit that the telephone number (281) 402-3278, which you reference in your Complaint as having received a call from, is used and answered by a business other than Defendant.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). Instead the request presents a number of compound issues within a single request.

**Plaintiff has learned in discovery that number is associated with another entity, "Intake Desk," that committed the same misconduct as Defendant under the TCPA during the same time period, and thus Plaintiff admits the request. However, Plaintiff maintains, and Defendant has not denied, that Defendant called her from a different number than the one identified in this request.**

11. Admit that the telephone number (877) 324-2518, which you reference in your Complaint as having received a call from, is used and answered by a business other than Defendant.

Doc ID: af5f34f1aa01f2c05c49ad53879fabe8031fd10d

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). Instead the request presents a number of compound issues within a single request.

**Plaintiff has learned in discovery that number is associated with another entity, "Intake Desk," that committed the same misconduct as Defendant under the TCPA during the same time period, and thus Plaintiff admits the request. However, Plaintiff maintains, and Defendant has not denied, that Defendant called her from a different number than the one identified in this request.**

12. Admit that at least some of the calls alleged in your Complaint are from sources unrelated to Defendant.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this request on the ground that the phrases "at least some of the calls alleged in your Complaint" and "sources unrelated to Defendant" are vague, ambiguous, and lacking in specificity. Additionally, Plaintiff cannot readily obtain information sufficient to enable her to admit or deny whether the telephone numbers alleged in her Complaint are from sources unrelated to Defendant, but states that Select Justice representatives left Plaintiff several harassing voicemails from the telephone numbers alleged her Complaint.

**Subject to that objection, Plaintiff denies the request to the extent it implies Defendant did not call her. Defendant's own records confirm that it called her. However, some calls referred to in her complaint were associated with similar misconduct occurring at the same time as Defendant's, and Plaintiff admits all calls emanating from the Intake Desk numbers identified above are not presently at issue in this case.**

Doc ID: af5f34f1aa01f2c05c49ad53879fabe8031fd10d

5

Dated: May 8, 2025									By:  */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Settlement Class*

Doc ID: af5f34f1aa01f2c05c49ad53879fabe8031fd10d

**VERIFICATION**

I, Emily Teman, state that I am the Plaintiff in this matter; I have read the within and foregoing Plaintiff's Supplemental Responses to Defendant Select Justice LLC's First Set of Requests to Admit, know the contents thereof, and believe the same to be true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____*Emily Teman*_____
Emily Teman

Doc ID: af5f34f1aa01f2c05c49ad53879fabe8031fd10d