# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>SELECT JUSTICE, LLC<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT SELECT JUSTICE LLC'S FIRST SET OF INTERROGATORIES** |

## INTERROGATORIES

1. Please identify the person(s) responding to these interrogatories, all persons who assisted in each of the responses, and the legal relationship of that person to the Plaintiff, or the representative capacity of the person answering.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by attorney-client privilege or the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) and 26(b)(5).

**Subject to and without waiving such objections, Plaintiff Emily Teman located at 26 Francine Road, Framingham, MA 01701, prepared these responses with the assistance of counsel.**

2. Please identify all persons with whom Plaintiff communicated regarding the allegations set forth in the Complaint, and state the date and substance of each communication.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks the contents of communications between Plaintiff and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. *See* Fed. R. Civ. P. 26(b)(5). Plaintiff further objects to this Interrogatory to the extent it seeks disclosure of information protected by the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3).

#5582029v2

**Subject to and without waiving such objections, Plaintiff Emily Teman communicated with Glenn Teman about the Complaint but only as needed to apprise him of the case's status. Plaintiff did not discuss the Complaint's allegations in substance with Mr. Teman beyond what is alleged in the Complaint. Plaintiff also briefly discussed the matter with those individuals that Defendant subpoenaed, but only because Defendant subpoenaed them and only to explain that the case was pending. Plaintiff did not substantively discuss the allegations of the Complaint with those individuals.**

3. Please identify the full telephone number referenced in paragraphs 14 and 15 of the Complaint, and whether this telephone number is associated with a cellular telephone or a residential landline. Please also identify all telephone numbers owned or used by you since January of 2023.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes three discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to three separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks all telephone numbers owned or used by Plaintiff, when Plaintiff's allegations are confined to a single telephone number. Additionally, it seeks "all telephone numbers used," with no specificity, expanding the request to instances where Plaintiff used a telephone number that has no relevance to the case, such as using a relative or business's phone to place a call. Further, Plaintiff could not possibly identify the phone number of every phone that she has "used." Plaintiff further objects to the request because it calls for a legal conclusion between what constitutes a residential line under the relevant consumer protection laws. *See* Fed. R. Civ. Pro. 33(a)(2).

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

**Subject to and without waiving such objections, the full telephone number referenced in paragraphs 14 and 15 of the Complaint is (508) 877-6625. The telephone number is a residential landline.**

4. Did you personally register the telephone number referenced in paragraphs 14 and 15 of the Complaint on the National Do-not-call registry? If so, please state the date on which it was registered, who registered the telephone number, and the manner in which it was registered.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes four discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to four separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is vague and ambiguous, and duplicative, as it asks "Did you personally register the telephone number […]? If so, please state […] who registered the telephone number […]." *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subject to and without waiving such objections, Plaintiff personally registered her telephone number on the National Do-not-call registry on August 16, 2003, through the Registry's online form.**

5. Identify all current and former members of your household as of January of 2023 by name, current age, relationship to you, and the time period during which they lived in the home.

**ANSWER:** Plaintiff objects to this Interrogatory as not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks the personal information about individuals who are not parties to this action, which are irrelevant to Plaintiff's claims.

**Subject to and without waiving such objections, Plaintiff currently resides and has resided with her husband Glenn Teman at all relevant times.**

6. Explain whether and when you ever used the telephone number referenced in paragraphs 14 and 15 of the Complaint for any business or other non-private use, including for example, if the

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

number ever appeared on a business website, business card, online professional/business profile, resume or business directory. If the telephone number referenced in paragraphs 14 and 15 was ever used for business, please list every instance in which you or anyone else deducted any part of the cost of your telephone device, telephone plan, or internet service associated with the telephone number as a business expense.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes at least two discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, Defendant does not define "business or other non-private use" and improperly seeks every instance in which Plaintiff or anyone else deducted any part of the cost of her internet service as a business expense. Plaintiff also objects to this Interrogatory because it calls for a legal conclusion regarding what constitutes "business or other non-private use." *See* Fed. R. Civ. Pro. 33(a)(2).

**Subject to and without waiving such objections, the number at issue has not been used for business purposes.**

7. Identify your employers and instances of self-employment since January of 2023.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks information concerning Plaintiff's employer, which is irrelevant to Plaintiff's claims.

**Subject to and without waiving such objections, Plaintiff is not employed or self-employed, and has not been employed or self-employed since January 2023.**

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

8. Identify your telephone carriers, voice service providers and internet service providers since January of 2023, and the telephone numbers to which they correspond.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes three discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to three separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks information related to voice service providers and internet service providers which are not at issue in this action.

**Subject to and without waiving such objections, Plaintiff's telephone carrier for telephone number (508) 877-6625 and her internet is Astound Cable (RCN).**

9. Identify every financial institution at or from which you had a financial account, credit or debit card since January of 2023.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Indeed, the request is harassing and seeks to further invade Plaintiff's privacy without seeking any information that would relate to the issues at stake between the parties.

**Given the burden imposed and the breach of privacy contemplated, Plaintiff will not be responding further to this request.**

10. Please identify and describe each call for which you seek recovery in this action. In doing so, please identify the following for such call: (a) the date and time of the call; (b) the phone number on which you received the call, (c) the phone number from which you received the call; (d) the identity of the caller; (e) whether you answered the call and, if so, the substance of what transpired on the call.

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes five discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to five separate Interrogatories. Plaintiff objects to the request as overly broad, unduly burdensome, and on grounds that much of the information the request ultimately targets is in Defendant's possession and available from another source. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Indeed, the Defendant is in possession of the phone records that would provide dates, the phone numbers that placed and received the calls, and the name of the person Plaintiff communicated with. This is evidenced by the definition section of Defendant's discovery requests, as Defendant has identified the last four digits of Plaintiff's number, although the last four numbers are redacted in the Complaint. Further, Plaintiff anticipates producing this information through documents produced after subpoenaing her phone carrier.

**Subject to and without waiving such objections, Plaintiff received more than a dozen calls from Defendant over several months in 2023. These calls were placed to phone number (508) 877-6625 and came from various numbers including (281) 402-3278, (877) 324-2518, (855) 216-5126, and (413) 343-4738. Plaintiff did not answer the calls. Discovery is ongoing and Plaintiff will supplement her response to this request after reviewing all documents produced in discovery.**

11. Provide Plaintiff's current and prior IP addresses associated with Plaintiff's internet and telephone services since January of 2023 and whether Plaintiff or anyone in her household ever changed the home IP address, used a virtual private network ("VPN"), switched the IP address from a "static" to a "dynamic" IP address, or vice versa.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes at least two discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate Interrogatories. Plaintiff also objects to this Interrogatory because it is vague and ambiguous, as Defendant does not identify "static" or "dynamic"

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

IP address. Further, the request seek information in Defendant's possession and it is not necessary for Plaintiff to search for further documents responsive to this request, and the burden in doing so would outweigh any benefit. Indeed, Defendant has already identified the sole IP address relevant to this inquiry and Plaintiff has already confirmed it does not belong to her.

**Subject to and without waiving such objections, Plaintiff will produce documents responding to this request regarding all IP addresses she understands to be associated with at all relevant times. Plaintiff will perform a reasonable search for these documents and produce those she identifies.**

12. Identify the make and model of all electronic devices (Ring doorbell, phones, smart-watches, laptops, desktop computers, tablets, etc.) used by Plaintiff, any member of her household, or who otherwise had access to Plaintiff's WI-FI network, along with the browser history, activity logs the unique device identifiers of the same (e.g., IMEI, MAC address, etc.) since January of 2023.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and calling for a document compilation concerning Plaintiff's browsing history, activity logs, and "unique device identifiers." Plaintiff also objects to this Interrogatory because it is vague and ambiguous, as Defendant does not define "unique device identifiers," or define and distinguish between "browser history" and "activity logs."  Further, electronic devices aside from Plaintiff's telephone have no bearing on this case, given the fact the calls were placed to a residential landline, and Defendant has not shown any likelihood that responsive information would include relevant information.

**Subject to and without waiving such objections, the make and model of Plaintiff's telephone is a V-Tech landline phone. Plaintiff will not respond further to this request given its unrestricted scope and harassing nature.**

13. Describe the details of Plaintiff's home WI-FI network, including a list of all connected devices since January of 2023.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, vague, and ambiguous. Plaintiff also objects to this Interrogatory because it is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), as IP addresses have no bearing on this case, given the fact the calls were placed to a residential landline, and Defendant has not shown any likelihood that responsive information would include relevant information. Indeed, the request is designed to harass Plaintiff and does not seek relevant information bearing on the issues at stake between the parties.

**Given the burden imposed and the breach of privacy contemplated, Plaintiff will not be responding further to this request.**

14. Regarding any telephone number at which you claim to have received communications from or on behalf of Defendant, identify the same and whether it was owned by you (you were the subscriber or otherwise directly liable to the telephone carrier for payment), and if not, who owned it or was the subscriber/account-holder.

**ANSWER:** Plaintiff objects to this Interrogatory as duplicative of Interrogatory numbers 3 and 10. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

**Subject to and without waiving such objections, Plaintiff received illegal calls at (508) 877-6625, and Plaintiff is the account owner.**

15. Please identify whether the telephone on which you allegedly received calls from the Defendant is a cellular phone or a residential telephone. If it is a cellular phone, please identify the make, model and serial number of the cellular telephone device(s) at which you received any calls or texts from or on behalf of Defendant.

**ANSWER:** Plaintiff objects to this Interrogatory as duplicative of Interrogatory number 3. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff further objects to the request because it calls for a legal conclusion

8

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

between what constitutes a residential telephone under the relevant consumer protection laws. *See* Fed. R. Civ. Pro. 33(a)(2).

**Subject to and without waiving such objections, the telephone number on which Plaintiff received illegal calls from Defendant is a residential telephone.**

16. Identify all current and former owners/users of the telephone number at issue, including the telephone number referenced in paragraphs 14 and 15 of the Complaint, including any ownership or use by Glenn Teman.

    **ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and entirely unlimited in time as it seeks "all current and former owners/users of the telephone number." Plaintiff objects to this Interrogatory as vague and ambiguous as it sees information concerning "the telephone number at issue, including the number referenced in paragraphs 14 and 15 of the Complaint," when they are one and the same.

**Subject to and without waiving such objections, Glenn Teman also used the telephone number at issue.**

17. Identify all economic and non-economic harm/damages you claim to have incurred/suffered as a result of Defendant's alleged conduct and for which you are seeking recovery through the Complaint.

    **ANSWER:** Plaintiff objects to this request as it seeks a legal conclusion and is premature because it seeks information subject to expert testimony, and need not be answered until a later time in the proceeding. *See* Fed. R. Civ. P. 33(a)(2). Further, Plaintiff refers Defendant to her complaint and its Counts and Prayer for Relief, which demand statutory damages under the Telephone Consumer Protection Act. Given these objections, Plaintiff will not respond further.

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

18. Identify all prior legal demand letters, regulatory complaints, claims and lawsuits filed or transmitted by you or on your behalf, including without limitation, any related to the TCPA/telemarketing, along with the names and contact information of the recipients of such, and a short description of the status and outcomes of each.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and entirely unlimited in time. The request seeks Plaintiff to identify any complaints and demands he made to any third party without specificity, expanding the scope of the request beyond what is relevant to the case.

**Subject to and without waiving such objections, Plaintiff sent a cease-and-desist letter to Defendant on December 1, 2023. Plaintiff also made a consumer complaint with the Massachusetts Attorney General's Office against Defendant on January 26, 2024. By way of further answer, aside from the instant action, Plaintiff has never filed a lawsuit nor complained about a telemarketer's calls.**

19. Please state whether Plaintiff has filed a lawsuit as a class representative and whether Plaintiff was found to be capable or incapable to serve as a class representative.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and entirely unlimited in time.

**Subject to and without waiving such objections, Plaintiff has never filed a lawsuit as a class representative before this case.**

20. Describe in detail each instance in which you requested to cancel, opt out, or otherwise stop receiving any communications, including without limitation, text messages, telephone calls, or

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

e-mails from Defendant or anyone acting on its behalf. In describing each instance, set forth: (a) the date of the attempt; (b) the method of the attempt, and (c) the result of the attempt.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous, as Defendant does not define "anyone acting on its behalf" and Plaintiff lacks knowledge regarding Defendant's agents and subsidiaries.

**Subject to and without waiving such objections, Plaintiff sent a cease-and-desist letter to Defendant by certified mail on December 1, 2023; replied to an email to Maria@mg.selectjustice.com on December 28, 2023; and made a consumer complaint with the Massachusetts Attorney General's Office against Defendant on January 26, 2024, using the AG's website. Plaintiff also never consented to Defendant's calls to begin with, nor has Defendant ever sought her consent.**

21. Please list all bankruptcy filings by Plaintiff within the last ten (10) years, including the case number and jurisdiction for each such filing, including the dates each such bankruptcy was closed.

**ANSWER:** Plaintiff objects to this Interrogatory as not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The request is invasive and seeks information not at stake in this action. Defendant has established no likelihood that responsive information would include relevant information.

**Given these objections and the breach of privacy contemplated, Plaintiff will not be responding further to this request.**

22. Has Plaintiff ever been convicted of: A crime involving dishonesty or false statements? If so, state: (a) when Plaintiff was convicted; (b) the state in which Plaintiff was convicted; and (c) the crime of which Plaintiff was convicted.

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

**ANSWER: Plaintiff has never been convicted of a crime involving dishonesty or false statements.**

23. Please identify all expert witnesses whom Plaintiff expects to call at trial and with respect to each please state: (a) the subject matter on which he/she is expected to testify; (b) the substance of the facts and opinions to which he/she is expected to testify; and (c) a summary of the grounds for each such opinion.

**ANSWER:** Plaintiff objects to the request as overbroad, unduly burdensome and premature, and need not be answered until a later time in the proceeding. *See* Fed. R. Civ. P. 33(a)(2).

**Subject to and without waiving such objections, Plaintiff will respond to this request under the Court's scheduling order, including dates set to disclose expert reports and testimony.**

24. Identify all individuals that you expect to testify if this matter goes to trial. For each such person identify: (a) the subject(s) of the testimony that you believe he/she will give; (b) the person's employer; (c) the person's job title; (d) the person's specific involvement with any component(s) of this matter, (e) the last known address; (f) telephone number(s); and (g) email address for that person.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes seven discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to seven separate Interrogatories. Plaintiff objects to the request as overbroad, unduly burdensome and premature, and need not be answered until a later time in the proceeding. *See* Fed. R. Civ. P. 33(a)(2). Plaintiff further objects to subparts (b), (c), (d), (f), and (g) of this Interrogatory as not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Plaintiff also objects that the phrase "specific involvement with any components" is vague and ambiguous.

**Subject to and without waiving such objections, Plaintiff will supplement her answer once responsive information becomes available.**

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

25. Please identify any facts, evidence or information Plaintiff intends to rely upon to support her claims against Defendant as set forth in the Complaint.

**ANSWER:** Plaintiff objects to the request insofar as it seeks to discover facts known or opinions held by an expert, and is therefore premature and need not be answered until a later time in the proceeding. *See* Fed. R. Civ. P. 33(a)(2). Additionally, the Parties have not yet completed discovery.

**Subject to and without waiving such objections, Plaintiff will supplement her answer once discovery is complete.**

Dated: March 6, 2025

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Settlement Class*

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

**VERIFICATION**

I, Emily Teman state that I am the Plaintiff in this matter; I have read the within and foregoing Plaintiff's Responses to Defendant Select Justice LLC's First Set of Interrogatories, know the contents thereof, and believe the same to be true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____*Emily Teman*_____
          Emily Teman

Doc ID: a7b43c7abb4b2dc0ff7507906fbd9fa9f33e0e29

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, I caused the foregoing Responses to Defendant Select Justice LLC's First Requests of Interrogatories to be served upon the following known counsel:

Andrew M. Schneiderman, BBO#666252
O'HAGAN MEYER, PLLC
140 Kendrick Street, Building C, 2nd Floor
Needham, MA 02494
617-843-6800
aschneiderman@ohaganmeyer.com

Eric S. Allen (*admitted pro hac vice*)
Allen Mitchell & Allen PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
801-930-1117
eric@allenlawyer.com

DATED this 6th day of March, 2025.

By: */s/ Anthony I. Paronich*
    Anthony I. Paronich

**Error! Unknown document property name.**