# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN,<br><br>    *Plaintiff*,<br><br>v.<br><br>SELECT JUSTICE, LLC<br><br>    *Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT SELECT JUSTICE LLC'S FIRST SET OF INTERROGATORIES** |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

6. Explain whether and when you ever used the telephone number referenced in paragraphs 14 and 15 of the Complaint for any business or other non-private use, including for example, if the number ever appeared on a business website, business card, online professional/business profile, resume or business directory. If the telephone number referenced in paragraphs 14 and 15 was ever used for business, please list every instance in which you or anyone else deducted any part of the cost of your telephone device, telephone plan, or internet service associated with the telephone number as a business expense.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes at least two discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, Defendant does not define "business or other non-private use" and improperly seeks every instance in which Plaintiff or anyone else deducted any part of

1

the cost of her internet service as a business expense. Plaintiff also objects to this Interrogatory because it calls for a legal conclusion regarding what constitutes "business or other non-private use." *See* Fed. R. Civ. Pro. 33(a)(2).

**Subject to and without waiving such objections, the number at issue has not been used for business purposes. Plaintiff listed the number at issue on LinkedIn but never, in fact, started a business or used the number for business purposes.**

10. Please identify and describe each call for which you seek recovery in this action. In doing so, please identify the following for such call: (a) the date and time of the call; (b) the phone number on which you received the call, (c) the phone number from which you received the call; (d) the identity of the caller; (e) whether you answered the call and, if so, the substance of what transpired on the call.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes five discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to five separate Interrogatories. Plaintiff objects to the request as overly broad, unduly burdensome, and on grounds that much of the information the request ultimately targets is in Defendant's possession and available from another source. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Indeed, the Defendant is in possession of the phone records that would provide dates, the phone numbers that placed and received the calls, and the name of the person Plaintiff communicated with. This is evidenced by the definition section of Defendant's discovery requests, as Defendant has identified the last four digits of Plaintiff's number, although the last four numbers are redacted in the Complaint. Further, Plaintiff anticipates producing this information through documents produced after subpoenaing her phone carrier.

Doc ID: 0a0ef19a44efc9fe6b7cae4eb996c00e74ac842b

**Subject to and without waiving such objections, Plaintiff received several calls from Defendant over several months in 2023. These calls were placed to phone number (508) 877-6625 and came from Defendant, as Defendant acknowledges in part in its production showing that it called her. Plaintiff did not answer the calls. Discovery is ongoing, and Plaintiff will supplement her response to this request after reviewing all documents produced in discovery.**

19. Please state whether Plaintiff has filed a lawsuit as a class representative and whether Plaintiff was found to be capable or incapable to serve as a class representative.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and entirely unlimited in time.

**Subject to and without waiving such objections, Plaintiff has never filed a lawsuit as a class representative before this case, but she supplements her answer to this request, as she subsequently sued a third party, "Intake Desk," for the same misconduct under the TCPA.**

Doc ID: 0a0ef19a44efc9fe6b7cae4eb996c00e74ac842b

Dated: May 8, 2025

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Settlement Class*

4

**VERIFICATION**

I, Emily Teman state that I am the Plaintiff in this matter; I have read the within and foregoing Plaintiff's Responses to Defendant Select Justice LLC's First Set of Interrogatories, know the contents thereof, and believe the same to be true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Emily Teman

Doc ID: 0a0ef19a44efc9fe6b7cae4eb996c00e74ac842b