— **EXHIBIT  B** —

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>       *Plaintiff,*<br><br>*v.*<br><br>**SELECT JUSTICE, LLC**<br><br>       *Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Defendant, Select Justice, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its responses to Plaintiff's First Set of Discovery directed to Defendant as follows:

## PRELIMINARY STATEMENT

It should be noted that Defendant has not fully completed its investigation of the facts relating to this case and that discovery is ongoing. All of the responses to the Discovery Requests propounded by Plaintiffs ("Responses") are based solely upon such information and documents that are presently available to, and specifically known to, Defendant.

It is anticipated that continuing discovery, independent investigation, legal research, and analysis will supply additional facts resulting in further information and documents. The following Responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents. The Responses contained herein are made in a good faith effort to supply information and documents presently in Defendant's custody, control, and/or possession, or within Defendant's knowledge, but should in no way be to the prejudice of Defendant in relation to further discovery, research and analysis.

#5694670v1

## GENERAL OBJECTIONS

Defendant incorporates the following General Objections into its Responses and states as follows:

1. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are vague, ambiguous, unintelligible, compound, and not full and complete in and of themselves, so as to make a response possible without speculation as to the meaning of the Discovery Requests.

2. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information protected by attorney/client privilege, the work product doctrine, or any other applicable privilege.

3. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek Defendant's counsel's legal reasoning, theory, or a statutory basis supporting a factual conclusion.

4. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are unduly and unreasonably oppressive, harassing, annoying, burdensome, overbroad, or constitute an abuse of the discovery practice.

5. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information equally available to Plaintiffs or presumably within the knowledge of Plaintiffs. Plaintiffs may ascertain this information from their own records or from other sources much more readily available to them than to Defendant.

6. Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are overly broad and seek information neither relevant to any party's claim or defense, nor proportional to the needs of the case.

7.  Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are not appropriately limited in time.

8.  Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information that may contain confidential, proprietary or trade secret information.

9.  Answering Defendants objects to these Interrogatories to the extent they require speculation and/or to the extent that they require Defendant(s) to make conclusions of law.

10. Answering Defendants object to these Interrogatories to the extent they seek the mental impressions, conclusions, or opinions of Answering Defendants' attorneys and/or representatives.

11. Answering Defendants object to these Interrogatories to the extent they seek information and/or materials which is and/or already in Plaintiff's possession, information and/or materials which is and/or available from less onerous sources, or information or materials that is and/or are considered confidential under federal and/or state laws and regulations. This includes information requested that would violate the confidentiality or privacy of employees, past employees, or third parties.

## **RESERVATIONS**

1.  By providing responses to Interrogatories, Answering Defendant(s), does not waive, and specifically reserves, any and all applicable objections including, but limited to, relevance, admissibility, and hearsay at the time of trial.

2.  Answering Defendant(s) reserves the right to revise, change or supplement any at any time or in any manner these answers and objections to Interrogatories.

## **INTERROGATORIES**

1.    Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**  Jordan Berman c/o Andrew Schneiderman, 140 Kendrick Street, Building C, 2nd Floor, Needham, MA 02494

2.    Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:** Defendant states that the following individual and entities were involved in making outbound calls as part of the campaign that resulted in the alleged contact with the Plaintiff:  Maria Accorinti, (b) PowerESQ, (c) Twilio. Maria Accorinti is employed by Leadclient,. Further answering, Defendant denies that the telephone numbers referenced in the Complaint were used to call the Plaintiff insofar as these numbers do not belong to, and are not utilized by Defendant.

3.    Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:   Defendant receives incoming calls from individuals seeking information on potential Rideshare abuse. Alternatively, Leadclient manually places calls to individuals who, like Teman, are seeking this information and who have expressed their consent to receive calls regarding the same. Intake agents, like Maria Accoriniti, communicate with individuals who have called Defendant regarding Rideshare abuse or who have consented to receiving calls regarding this information. Ms. Accoriniti is employed by LeadClient.. Power ESQ., is the platform used to make the telephone calls and Twilio supplies the technology and phone lines through which calls are manually placed.

4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**  Defendant objects to this request on the grounds that it is vague, overbroad and unintelligible. Subject to, and without waiving its objections, Defendant states: Leadclient.

5.      Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:  None

6.      If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**  Interrogatory No. 6 is an impermissible contention interrogatory. Pursuant to Fed. R. Civ. P. 33(a)(2), the Court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *See* Fed. R. Civ. P. 33(a)(2); *Christie v. Royal Caribbean Cruises*, 2021 U.S. Dist. LEXIS 104863 at *4 (S.D. Fla. May 29, 2021) ("contention interrogatories are often premature until the end of discovery."). Furthermore, "contention interrogatories that ask for 'each and every' or all documents, facts activities, and actions that support a claim may be overly broad and unduly burdensome." *Hypertherm, Inc. v. Am. Torch Tip Co.*, 2008 U.S. Dist. LEXIS 108269 at *4 (D.N.H. Dec. 29, 2008).

Subject to, and without waiving its objection, Defendant states: Teman, provided consent to receive solicitation telephone calls on two occasions by completing an opt-in form hosted on Defendant's Rideshare assault landing page. The first submission occurred on October 19, 2023, at 10:45 PM EST, and the second submission occurred on October 28, 2023, at 5:12 PM EST. Both submissions originated from the IP address 100.0.90.24, located in Framingham, MA, which corresponds with Plaintiff's known residence. By submitting the form, Plaintiff explicitly agreed to the terms outlined in the opt-in

disclaimer, which clearly stated that she consented to be contacted by Defendant via phone calls, including pre-recorded and autodialed calls. This consent was given voluntarily through the Plaintiff's entry of her information on the landing page. Pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to those materials produced in connection with its responses to Plaintiff's First Request for Production of Documents.

7.    If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**  It is Defendant's understanding that Plaintiff was contacted by a third party thereby resulting in specific calls alleged in the Complaint. This third-party is not affiliated with Defendant and did not place any calls on its behalf. Defendant further states that Leadclient made calls to the Plaintiff.

8.    Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**   Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiving its objections, Defendant had no non-privileged communications with any third party regarding this lawsuit.

9.    Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:** Defendant objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff does not assert a claim against Defendant predicated upon the platform allegedly used to contact the Plaintiff. Subject to, and

without waiving its objections, PowerESQ. Specifically, Maria Accoriniti dialed Plaintiff's telephone number manually using this platform.

10.    State all facts in support of any affirmative defenses you have raised.

**ANSWER**: Plaintiff's interrogatory is an impermissible contention interrogatory. "It is generally accepted that courts will not order responses to contention interrogatories until late in the pre-trial period, and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *Atwood v. Union Pac. R. R. Co.*, 2022 U.S. Dist. LEXIS 223550 at *15 (D. Neb. Dec. 12, 2022) (collecting cases).

Defendant further objects to this request on the grounds that it exceeds the number of permissible interrogatories. Defendant has raised approximately 21 individual affirmative defenses. Plaintiff's interrogatory with respect to each affirmative defense constitutes an independent interrogatory, and results in the proliferation of interrogatories that exceeds the amount permissible under the rules. *See, e.g.*, *Finjan, Inc. v. Qualys, Inc.*, 2020 U.S. Dist. LEXIS 154734 at *8 (N.D. Cal. Aug. 21, 2020). Subject to, and without waiving its objections, Defendant states as follows:

1.    Plaintiff has not suffered any damages as a result of Defendant's conduct which would otherwise provide her with standing to assert a claim under the TCPA. Again, the contention interrogatory is premature insofar as Plaintiff's deposition has not yet taken place. Therefore, the full extent of facts and information underlying this and other defenses has not been fully developed and is required in order to assess the viability of this defense.

2.    The telephone calls at issue, as described in the Complaint, originated from sources other than the Defendant and for which the Defendant cannot be held legally liable either directly or for purposes of vicarious liability. A cursory review of the Complaint confirms that the telephone numbers from which Plaintiff received the calls did not originate with the Defendant.

3.      Defendant did not place the calls at issue and therefore there is no basis for imputing liability to it under the TCPA.

4.      Defendant has policies and procedures in place specifically designed to avoid the error at issue and to maximize compliance with the National DNC Rules.

5.      The Plaintiff provided consent to be contacted by completing an opt-in form on Defendant's Rideshare assault landing page on two occasions. First on October 19, 2023, and again on October 28, 2023. Both submissions affirmed her consent to receive calls as outlined in the form's disclaimer. All communications with the Plaintiff were manually placed, lawful, authorized, and in compliance with the consent provided by Plaintiff, applicable laws, and Defendant's internal policies. Any calls allegedly made by unknown third parties from numbers not associated with Defendants may not form the basis of Plaintiff's claims against Defendant.  Upon receipt of the Plaintiff's cease-and-desist request in December 2023, no further calls were made by Defendant, and the Plaintiff was promptly added to its internal Do-Not-Call list. Additionally, the inclusion of unrelated phone numbers in the Plaintiff's complaint appear to reflect confusion or misidentification of the party responsible for those calls.

6.      Plaintiff may not have personally registered her telephone number on the DNC registry. If not, she cannot state a claim for liability under this subsection of the TCPA. Defendant requires further discovery in order to fully assess the viability of this defense.

7.      Plaintiff may not own the telephone number at issue or the telephone number at issue may be a business number. If the Plaintiff does not own the telephone number at issue, she lacks standing to assert a claim under the TCPA. If the number at issue is a business number, it may not be registered on the DNC registry. Further discovery is required in order to fully assess the viability of these defenses.

8.      The telephone number at issue may be associated with a cellular phone. Cellular telephone numbers cannot be registered on the DNC registry which is limited to traditional landline numbers. Defendant requires further discovery in order to fully assess the viability of this defense.

9.      Defendant reserves the right to amend or supplement its response in this regard as discovery proceeds.

11.     Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Whether Defendant ever reprimanded or disciplined an employee in the past is unrelated to whether an actionable violation occurred in the underlying matter. Subject to, and without waiving its objection, Defendant states:

No individual either employed or associated with the Defendant, has been disciplined, reprimanded, or subjected to similar action for allowing or making allegedly unlawful or unauthorized outbound calls in connection with this matter. The calls placed to the Plaintiff were made with her consent, as evidenced by her opt-in submissions on Defendant's Rideshare assault landing page

SIGNED UNDER THE PENALTIES AND PAINS OF PERJURY THIS 31ST DAY OF JANUARY 2025.

Dax Valdez

#5694670v1

## **DOCUMENT REQUESTS**

1.     Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**  Defendant objects to this request to extent it seeks materials protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiving its objections, Defendant will produce those non-privileged documents which are responsive to this request.

2.     Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**   Objection. "Plaintiff makes a single request for documents supporting any affirmative defense defendant asserted in any answer it gave to any complaint. This is plainly overbroad, and somewhat unclear…If plaintiff wishes to obtain a documents relating to affirmative defenses, it must specify the defense at issue in its request." *Bernstein v. S. Cal. Tel. Co.*, 2020 U.S. Dist. LEXIS 163582 at *5 (C.D. Cal. May 27, 2020).

3.     Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**  Discuss with counsel. Defendant objects to this request to the extent it seeks materials protected by the attorney-client privilege and/or the work product doctrine. Subject to, and without waiving its objections, Defendant will produce those non-privileged materials within its possession, custody or control which are responsive to this request.

4.     Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**  None

5. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** Objection. A "request for all documents related to prior lawsuits is not proportional to the needs of the case and the documents are publicly available." *Abramson v. Fed. Ins. Co.*, 2020 U.S. Dist. LEXIS 770088 at *6 (M.D. Fla. May 1, 2020). Subject to, and without waiving its objection, Defendants states: To the best of its knowledge, Defendant has not received any complaints or do-not-call requests specifically alleging unlawful or unauthorized outbound calls made by it or its vendors. All outbound calls are conducted in compliance with applicable laws and authorized procedures. If any such complaints or requests were received, Defendant will supplement this response upon locating relevant records.

6. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** None

7. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** None

8. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** None.

9. All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant had no such non-privileged communications.

10.     All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**  Defendant had no such non-privileged communications.

11.     All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**  Defendant had no such communications.

12.     All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**  Defendant had no such communications.

13.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**  None.

14.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**  None.

15.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** Objection. "[p]olicies and procedures for all mediums of communications with customers is simply not relevant to the alleged violation of the TCPA." *Cf. Saggio v. Medicredit, Inc.*, 2024 U.S. Dist. LEXIS 74599 at *7 (E.D. Mo. Apr. 24, 2024). In the underlying matter, Plaintiff seeks the totality of Defendant's policies and procedures relating to TCPA without regard to production of the policy pertaining to the violation alleged. Accordingly, Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

16.    Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors to the Plaintiff:

a) the date and time; 10-20-23 11:52 AM - Call placed, no answer.

10-20-23 11:52 AM - Call placed, no answer.

10-23-23 9:26 AM - Call placed, no answer.

10-23-23 9:27 AM - Call placed, no answer.

10-24-23 9:53 AM - Call placed, no answer.

10-24-23 9:55 AM - Call placed, no answer.

b) the caller ID; (832) 979-1584

c) any recorded message used; none

d) the result; no answer

e)  identifying information for the recipient; and

f)  any other information stored by the call detail records. Inbound call from (508) 877-6625 at 10/24/2023 @ 01:40 pm, no voicemail left

**RESPONSE:** Defendant will produce phone logs and materials reflecting calls placed by the Defendant to Plaintiff.

17.    All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**  None.

Respectfully submitted,

SELECT JUSTICE, LLC
By its counsel,

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, BBO# 666252
O'HAGAN MEYER, PLLC
140 Kendrick Street, Building C, 2nd Floor
Needham, Massachusetts 02494
(617) 843-6800
aschneiderman@ohaganmeyer.com

Dated: January 31, 2025

SELECT JUSTICE, LLC
By Its Attorneys
*/s/  Eric S. Allen*
Eric S. Allen, Admitted *PHV*
Allen Mitchell & Allen PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone:  (801) 930-1117
eric@allenlawyer.com

#5694670v1

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew M. Schneiderman, hereby certify that on this 31st day of January, 2025, I caused the foregoing Responses to Plaintiff's First Set of Discovery Requests to be served upon the following known counsel:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA
anthony@paronichlaw.com

<u>/s/ Andrew M. Schneiderman</u>
Andrew M. Schneiderman

#5694670v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>       *Plaintiff*,<br><br>*v.*<br><br>**SELECT JUSTICE, LLC**<br><br>       *Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Defendant, Select Justice, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its amended responses to certain interrogatories set forth in Plaintiff's First Set of Discovery directed to Defendant as follows:

## PRELIMINARY STATEMENT

It should be noted that Defendant has not fully completed its investigation of the facts relating to this case and that discovery is ongoing. All of the responses to the Discovery Requests propounded by Plaintiffs ("Responses") are based solely upon such information and documents that are presently available to, and specifically known to, Defendant.

It is anticipated that continuing discovery, independent investigation, legal research, and analysis will supply additional facts resulting in further information and documents. The following Responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents. The Responses contained herein are made in a good faith effort to supply information and documents presently in Defendant's custody, control, and/or possession, or within

#5931720v1

Defendant's knowledge, but should in no way be to the prejudice of Defendant in relation to further discovery, research and analysis.

## **GENERAL OBJECTIONS**

Defendant incorporates the following General Objections into its Responses and states as follows:

1.    Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are vague, ambiguous, unintelligible, compound, and not full and complete in and of themselves, so as to make a response possible without speculation as to the meaning of the Discovery Requests.

2.    Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information protected by attorney/client privilege, the work product doctrine, or any other applicable privilege.

3.    Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek Defendant's counsel's legal reasoning, theory, or a statutory basis supporting a factual conclusion.

4.    Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are unduly and unreasonably oppressive, harassing, annoying, burdensome, overbroad, or constitute an abuse of the discovery practice.

5.    Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information equally available to Plaintiffs or presumably within the knowledge of Plaintiffs. Plaintiffs may ascertain this information from their own records or from other sources much more readily available to them than to Defendant.

6.     Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are overly broad and seek information neither relevant to any party's claim or defense, nor proportional to the needs of the case.

7.     Defendant objects to each and every Discovery Request to the extent that the Discovery Requests are not appropriately limited in time.

8.     Defendant objects to each and every Discovery Request to the extent that the Discovery Requests seek information that may contain confidential, proprietary or trade secret information.

9.     Answering Defendants objects to these Interrogatories to the extent they require speculation and/or to the extent that they require Defendant(s) to make conclusions of law.

10.    Answering Defendants object to these Interrogatories to the extent they seek the mental impressions, conclusions, or opinions of Answering Defendants' attorneys and/or representatives.

11.    Answering Defendants object to these Interrogatories to the extent they seek information and/or materials which is and/or already in Plaintiff's possession, information and/or materials which is and/or available from less onerous sources, or information or materials that is and/or are considered confidential under federal and/or state laws and regulations. This includes information requested that would violate the confidentiality or privacy of employees, past employees, or third parties.

## <u>RESERVATIONS</u>

1.   By providing responses to Interrogatories, Answering Defendant(s), does not waive, and specifically reserves, any and all applicable objections including, but limited to, relevance, admissibility, and hearsay at the time of trial.

2.   Answering Defendant(s) reserves the right to revise, change or supplement any at any time or in any manner these answers and objections to Interrogatories.

#5931720v1

**AMENDED RESPONSES TO INTERROGATORIES**

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

   **ORIGINAL ANSWER:** Jordan Berman c/o Andrew Schneiderman, 140 Kendrick Street, Building C, 2nd Floor, Needham, MA 02494.

   **AMENDED ANSWER:** Dax Valdez c/o Andrew Schneiderman, 140 Kendrick Street, Building C, 2nd Floor, Needham, MA 02494. Mr. Berman's identification in the original response was a clerical error.

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

   **ORIGINAL ANSWER:** Interrogatory No. 6 is an impermissible contention interrogatory. Pursuant to Fed. R. Civ. P. 33(a)(2), the Court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *See* Fed. R. Civ. P. 33(a)(2); *Christie v. Royal Caribbean Cruises*, 2021 U.S. Dist. LEXIS 104863 at *4 (S.D. Fla. May 29, 2021) ("contention interrogatories are often premature until the end of discovery."). Furthermore, "contention interrogatories that ash for 'each and every' or all documents, facts, activities, and actions that support a claim may be overly broad and unduly burdensome." *Hypertherm, Inc. v. Am. Torch Tip Co.*, 2008 U.S. Dist. LEXIS 108269 at *4 (D.N.H. Dec. 29, 2008).

   Subject to, and without waiving its objection, Defendant states: Teman, provided consent to receive solicitation telephone calls on two occasions by completing an opt-in form hosted on Defendant's Rideshare assault landing page. The first submission occurred on October 19, 2023, at 10:45 PM EST, and the second submission occurred on October 28, 2023 at 5:12 PM EST. Both submissions originated from the IP address 100.0.90.24, located in Framingham, MA, which corresponds with Plaintiff's known

residence. By submitting the form, Plaintiff explicitly agreed to the terms outlined in the opt-in disclaimer, which clearly stated that she consented to be contacted by Defendant via phone calls, including pre-recorded and autodialed calls. This consent was given voluntarily through the Plaintiff's entry of her information on the landing page. Pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to those materials produced in connection with its responses to Plaintiff's First Request for Production of Documents.

**AMENDED ANSWER:** Interrogatory No. 6 is an impermissible contention interrogatory. Pursuant to Fed. R. Civ. P. 33(a)(2), the Court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *See* Fed. R. Civ. P. 33(a)(2); *Christie v. Royal Caribbean Cruises*, 2021 U.S. Dist. LEXIS 104863 at *4 (S.D. Fla. May 29, 2021) ("contention interrogatories are often premature until the end of discovery."). Furthermore, "contention interrogatories that ash for 'each and every' or all documents, facts, activities, and actions that support a claim may be overly broad and unduly burdensome." *Hypertherm, Inc. v. Am. Torch Tip Co.*, 2008 U.S. Dist. LEXIS 108269 at *4 (D.N.H. Dec. 29, 2008).

Subject to, and without waiving its objection, Defendant states: Teman, provided consent to receive solicitation telephone calls on two occasions by completing an opt-in form hosted on Defendant's Rideshare assault landing page. The first submission occurred on October 19, 2023, at 10:45 PM EST, and the second submission occurred on October 28, 2023 at 5:12 PM EST. Both submissions originated from the IP address 100.0.90.24, located in Framingham, MA, which corresponds with Plaintiff's known residence.

The submissions were recorded by Facebook, a website whose reputation is beyond reproach, on which Defendant runs ad campaigns for its services to assist individuals in seeking recovery for injuries sustained in rideshare vehicles. Plaintiff's dual submissions generated two unique Facebook Click IDs (pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to those documents produced in connection

with its responses to Plaintiff's First Request for Production of Documents) which passed directly into Defendant's system and reflects validation that Plaintiff responded directly to Defendant's Facebook advertisements. To wit, if Plaintiff did not make a submission on Defendant's Rideshare page, it would not have received two corresponding Facebook Click IDs in its system reflecting her access of the page.

By submitting the form, Plaintiff explicitly agreed to the terms outlined in the opt-in disclaimer, which clearly stated that she consented to be contacted by Defendant via phone calls, including pre-recorded and autodialed calls. This consent was given voluntarily through the Plaintiff's entry of her information on the landing page. Pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to those materials produced in connection with its responses to Plaintiff's First Request for Production of Documents.

8. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ORIGINAL ANSWER:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to, and without waiving its objections, Defendant had no non-privileged communications with any third party regarding this lawsuit.

**AMENDED ANSWER:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g.*, *Mackey v. IDT Energy, Inc.*, 2019 U.S. Dist. LEXIS 77101 at *15 (S.D.N.Y. May 7, 2019) ("Request No. 9 is similarly problematic. It seeks, without qualification, all communications between Fluent and any third party regarding this litigation. But that request is completely untailored. It stands largely to pick up documents that do not bear on liability or damages issues."). Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work

production doctrine. Subject to, and without waiving its objections, Defendant has had no non-privileged communications with any third party regarding this lawsuit. Defendant spoke with its counsel regarding the claim, and interviewed other law firms regarding their potential retention with respect to the underlying matter. Both sets of communications are privileged and protected from disclosure. Defendant is submitting a brief privilege log in connection with its amended responses reflecting the privileged communications with these third-parties.

11.    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Whether Defendant ever reprimanded or disciplined an employee in the past is unrelated to whether an actionable violation occurred in the underlying matter. Subject to, and without waiving its objection, Defendant states:

No individual either employed or associated with the Defendant, has been disciplined, reprimanded, or subjected to similar action for allowing or making allegedly unlawful or unauthorized outbound calls in connection with this matter. The calls placed to the Plaintiff were made with her consent, as evidenced by her opt-in submissions on Defendant's Rideshare assault landing page

**AMENDED ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Whether Defendant ever reprimanded or disciplined an employee in the past is unrelated to whether an actionable violation occurred in the underlying matter. Subject to, and without waiving its objection, Defendant states: No individual either employed or acting on behalf of the Defendant, has been disciplined, reprimanded, or subjected to similar action for allowing or making allegedly unlawful or unauthorized

outbound calls either in the past or in connection with this matter. The calls of which Plaintiff complains were either made by a third-party other than the Defendant or made with Plaintiff's consent, as evidenced by her opt-in submissions on Defendant's Rideshare assault landing page

SIGNED UNDER THE PENALTIES AND PAINS OF PERJURY THIS 25th DAY OF MARCH 2025.

Dax Valdez

## AMENDED RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

5.     Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**     Objection. A "request for all documents related to prior lawsuits is not proportional to the needs of the case and the documents are publicly available." *Abramson v. Fed. Ins. Co.*, 2020 U.S. Dist. LEXIS 770088 at *6 (M.D. Fla. May 1, 2020). Subject to, and without waiving its objection, Defendants states: To the best of its knowledge, Defendant has not received any complaints or do-not-call requests specifically alleging unlawful or unauthorized outbound calls made by it or its vendors. All outbound calls are conducted in compliance with applicable laws and authorized procedures. If any such complaints or requests were received, Defendant will supplement this response upon locating relevant records.

**AMENDED RESPONSE:** Objection. A "request for all documents related to prior lawsuits is not proportional to the needs of the case and the documents are publicly available." *Abramson v. Fed. Ins. Co.*, 2020 U.S. Dist. LEXIS 770088 at *6 (M.D. Fla. May 1, 2020). Subject to, and without waiving its objection, Defendant states that it has not received any prior complaints, written correspondence regarding prior complaints (other than what was received by Plaintiff in connection with this lawsuit), or do-not-call requests specifically alleging unlawful or unauthorized outbound calls made by it or its vendors. All outbound calls placed by Defendant comply with applicable laws and authorized procedures.

9.  All communications with any third party that dialed the calls to the Plaintiff.

**ORIGINAL RESPONSE:**  Defendant had no such non-privileged communications.

**AMENDED RESPONSE:** Defendant objects on the grounds that Plaintiff's request is facially overbroad. *See, e.g.*, *Chinitz v. Realogy Holdings Corp.*, 2020 U.S. Dist. LEXIS 197102 at *7 (W.D. Tex. Oct. 22, 2020) ("The requests seeking 'all documents', 'all communications' and the like for each Coldwell Bank agent therefore are overbroad."). Subject to, and without waiting its objection, Defendant had no communications with any third party that is alleged to have dialed the calls to the Plaintiff.

10.    All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**  Defendant had no such non-privileged communications.

**AMENDED RESPONSE:** Defendant objects to this request on the grounds that is overbroad and imposes an undue burden to respond. *See, e.g.*, *Stardock Sys. v. Reiche*, 2018 U.S. Dist. LEXIS 204438 at *23 (N.D. Cal. Nov. 30, 2018) ("Document Request Nos. 3, 5, and 9 request all documents relating to Stardock, the Classic Star Control Games and all internal communications relating to Stardock or the Star Control Games. The Court finds that these document requests are overbroad."); *Ford v. Rensselaer Polytechnic Inst.*, 2022 U.S. Dist. LEXIS 43008 at *86 (N.D.N.Y. Mar. 10, 2022) ("Insofar

as demand 47(a) seeks 'all internal communications' relating to defendant's COVID-19 response, this request is overbroad."). Subject to, and without waiving its objection, Defendant states:

Defendant has no internal communications regarding any third party that dialed calls to the Plaintiff.

Respectfully submitted,

SELECT JUSTICE, LLC
By its counsel,

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, BBO# 666252
O'HAGAN MEYER, PLLC
140 Kendrick Street, Building C, 2nd Floor
Needham, Massachusetts 02494
(617) 843-6800
Dated: March ___, 2025          *aschneiderman@ohaganmeyer.com*


SELECT JUSTICE, LLC
By Its Attorneys
*/s/ Eric S. Allen*
Eric S. Allen, Admitted *PHV*
Allen Mitchell & Allen PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone:  (801) 930-1117
*eric@allenlawyer.com*

#5931720v1

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew M. Schneiderman, hereby certify that on this ____ day of March, 2025, I caused the

foregoing Amended Responses to Plaintiff's First Set of Discovery Requests to be served upon the

following known counsel:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA
anthony@paronichlaw.com

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

#5931720v1