IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SELECT JUSTICE, LLC**<br><br>*Defendant.* | Case No. 1:24-cv-12656-LTS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### ASSENTED-TO MOTION FOR EXTENSION OF TIME TO SUBMIT REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL

Defendant, Select Justice, LLC ("Defendant"), **with Plaintiff's assent**, respectfully requests that the Court enter an Order providing it with a one-week extension of time, until up to and including July 7[1], 2025, within which to submit its reply to Plaintiff's filing Response to Defendant's Opposition to Plaintiff's Motion to Compel (DE #40). As grounds for its motion, Defendant states as follows:

I.   **Introduction**

The underlying matter arises out of Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges a singular violation that Defendant placed calls to her telephone number while it was registered on the National Do Not Call Registry. The parties are currently engaged in a discovery dispute, and Plaintiff has filed a motion to compel class discovery. However, in its Opposition, Defendant raised the potential for filing a motion for summary judgment on Plaintiff's individual claim prior to proceeding with class discovery, and provided the Court with several potential grounds for the same. In consideration of its request, the Court requested supplemental briefing on the potential summary judgment issues raised so that it may decide whether it makes practical sense to receive briefing on

---

[1]   A one-week extension would make Defendant's reply brief due on July 4, 2025, a national holiday. Therefore, Defendant has moved the requested due date to the next business day.

#7005023v1

Defendant's anticipated motion for summary judgment, and issue a decision on the summary judgment, prior to proceeding with class discovery. Defendant's reply in connection with the supplemental briefing is due to be served on or before June 27, 2025. However, the undersigned will be out of the office for a majority of this week on vacation, and is therefore unable to complete the same in a timely fashion. Counsel was similarly unable to complete the anticipated filing the week prior insofar as Plaintiff's Response was only filed, consistent with the scheduling order, on June 19, 2025 (DE #40). The undersigned anticipates that it will only require a one-week extension to complete the reply and prepare the same for submission to the Court. Therefore, Defendant respectfully requests that it be granted a one-week extension of time, until up to and including July 7, 2025, within which to submit its reply brief in support of its supplemental briefing on summary judgment.

## II.     **Statement of Facts**

On or about February 12, 2025, Plaintiff served Defendant with a second set of Discovery Requests seeking class discovery. Defendant objected to these limited requests, and Plaintiff filed a Motion to Compel further responses. (DE #31). Defendant filed its Opposition to Plaintiff's Motion to Compel and also Cross Moved to Stay Discovery pending a forthcoming summary judgment. (DE #34). The basis for Defendant's summary judgment is, at a minimum, predicated upon five distinct substantive individual arguments with respect to Plaintiff's claim. The parties subsequently moved for a short extension of the briefing schedule, which was granted by the Court on May 19, 2025. (DE #36, 37). Of relevance here, Defendant's reply brief is due to be submitted to the Court on or before June 27, 2025. *Id.* The undersigned will be out of the office for a majority of the present week on vacation and will therefore be unable to complete the contemplated reply brief by June 27, 2025. And, counsel was unable to complete the reply brief earlier insofar as Plaintiff's reply was not submitted to the Court until June 19, 2025.

#7005023v1

### III. Legal Standard

Fed. R. Civ. P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *See* Fed. R. Civ. P. 6(b)(1)(A). "The 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party opponent." *United States Bank Nat'l Ass'n v. Richmond*, 2022 U.S. Dist. LEXIS 28311 at *4 (D. Me. Feb. 14, 2022). "The practicalities of life (such as an attorney's conflicting professional engagements or personal commitments such as vacations, family activities, illnesses and death) often necessitate an enlargement of time to comply with a court deadline. The good cause standard considers a party's diligence in seeking the continuance or extension." *Pamplin v. Baker*, 2019 U.S. Dist. LEXIS 173012 at *4 (D. Nev. Oct. 3, 2019).

### IV. Argument

In the underlying matter, Defendant filed its Reply to the Motion to Compel on June 3, 2025, and Plaintiff filed her response on June 19, 2025. (DE #39, 40). Defendant's Reply Brief is due to be served on or before June 27, 2025. However, the undersigned will be out of the office for a majority of the week on vacation and will be unable to complete the contemplated reply by the current due date. Furthermore, Defendant could not complete the response the week prior insofar as Plaintiff's subject filing was not submitted to the Court until June 19, 2025. Defendant intends on filing a reply to Plaintiff's Response, but requires a brief extension of time in order to do so, and has established good cause for the requested extension. Good cause is a function of a party's diligence, not only in attempting to respond to the subject motion, but more so as to whether Defendant was diligent in timely seeking the requested extension. As a threshold matter, the due date for Defendant's contemplated reply is June 27, 2025, and has not yet elapsed. Defendant seeks the requested extension approximately five business

days in advance of the approaching deadline as it has realized that despite diligent effort, it will be unable to complete the Response by the contemplated deadline. Defendant has therefore demonstrated good cause and diligence in seeking the requested brief extension. *See, e.g.*, *Whaley v. Prime Care Med.*, 2024 U.S. Dist. LEXIS 165955 at *3 (D. Md. Sept. 16, 2024) (granting motion for extension of time due to scheduled vacation which was filed in advance of contemplated deadline).

V.   **Conclusion**

Defendant has established good cause for seeking an extension of time to submit its Reply to Plaintiff's Response to its Opposition to the Motion to Compel. Accordingly, Defendant, **with Plaintiff's assent**, respectfully requests this Court enter an Order, providing it with a one-week extension, until up to and including July 7, 2025, within which to respond to submit its Reply to Plaintiff's Response to Defendant's Opposition to the Motion to Compel, along with such other relief as this Court deems proper.

Dated: June 23, 2025

SELECT JUSTICE
By Its Attorneys
/s/ Andrew M. Schneiderman
Andrew M. Schneiderman, Esq. (#666252)
O'Hagan Meyer, PLLC
140 Kendrick Street, Building C, 2nd Floor
Needham, MA 02494
Telephone: (617) 843-6800
Facsimile:  (617) 843-6810
aschneiderman@ohaganmeyer.com


SELECT JUSTICE
By Its Attorneys
/s/ Eric S. Allen
Eric S. Allen, Admitted *PHV*
Allen Mitchell & Allen PLLC

#7005023v1

2091 E. Murray Holladay Road, Suite 21<br>
Salt Lake City, UT 84117<br>
Telephone: (801) 930-1117<br>
eric@allenlawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed on June 23, 2025 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<i>/s/ Andrew M. Schneiderman</i><br>
Andrew M. Schneiderman

## RULE 7.1 (a)(2) CERTIFICATE

I, Andrew M. Schneiderman, hereby certify that I conferred with opposing counsel in advance of filing the underlying motion, and as more fully set forth herein, Plaintiff assents to the relief requested herein.

<i>/s/ Andrew M. Schneiderman</i><br>
Andrew M. Schneiderman

#7005023v1