IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **SELECT JUSTICE, LLC** <br><br> *Defendant.* | Case No. 1:24-cv-12656-LTS <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO STAY DISCOVERY

While Plaintiff remains unsure of the full breadth of calls received (or the numbers from which those calls originated), she is certain she received calls from the number beginning with the (413) exchange. *See* DE #40, pp. 8-11. Plaintiff's argument and discovery responses are deliberately vague so that it's unclear to what extent she is still relying upon the calls placed from the telephone numbers beginning with the (855), (877) and (281) exchanges as part of the foundation for her claim. *See* DE #39-5, para. 18, DE #40, *generally*. However, Defendant has submitted irrefutable evidence reflecting that the (855), (877) and (281) telephone numbers belonged to InTake Desk at all times relevant, and could therefore not be the source of the calls to Plaintiff. *See* DE #34, Exs. B, C. Plaintiff's discovery responses confirm that the calls at issue were not placed by the Defendant through these numbers. *See* DE #39, Ex. B, pp. 2-3. Therefore, at best, Plaintiff's claim reduces to the receipt of an unknown number of calls, from sources unknown, save for an indeterminate number of calls allegedly received from a single number belonging to Defendant.

Plaintiff bases her knowledge regarding the source of the calls upon receipt of voicemails, wherein "Select Justice urged Ms. Teman join a lawsuit against Uber and Lyft for rideshare assault." DE #40, p. 4. However, there are no such voicemails. To the extent they even existed, Plaintiff admittedly

#7832362v1

failed to save the alleged voicemails purporting to establish that Defendant made the calls at issue, and her failure to do so is fatal to her claim. *See, e.g.*, *Frank v. Receivables Performance Mgmt., LLC*, 2024 U.S. Dist. LEXIS 115335 at *16 (D.N.J. Jun. 28, 2024) ("Plaintiff has not offered any evidence showing that other telephone calls exist outside the record currently before this Court. Further, Plaintiff does not stay whether that occurred before or after he filed this case and offers no explanation why he did not preserve these alleged voicemail recordings. He did not write down the message. Simply put, Plaintiff has not offered any evidence aside from vague and unsupported allegations to undermine RPM's records, which show that RPM left no voicemails.")[1].

Plaintiff focuses on the source of the calls rather than the context in which they were placed, thereby necessitating the arguments set forth in this Reply. Specifically, Plaintiff voluntarily disclosed her telephone number on a significant number of websites, on one of which she expressly invites calls to her telephone number in exchange for business services. *See* DE #39, Ex. H. In fact, Plaintiff concedes she voluntarily listed her telephone number on Linkedin. DE #39, Ex. E, p. 2 (The advertisement displayed reads "[r]easonable and negotiable rates – ideal for small businesses. Contact me at 508-877-6625…for information about how I can help with your projects. I look forward to working with you."); *see also* https://411.info/people/Emily-Teman-Framingham-MA-11570063 (disclosure of Plaintiff's telephone number); https://www.fastpeoplesearch.com/address/26-francine-rd_framingham-ma-01701 (disclosure of Plaintiff's telephone number). These are just a few of the sites obtained through a cursory search. There are likely more.

Irrespective of the source of the calls, Plaintiff voluntarily disclosed her number to the public, and invited such calls for business purposes[2]. The FCC is clear that "persons who knowingly release

---

[1]     It is Defendant's position that it never left a voicemail for the Plaintiff.

[2]     Plaintiff's telephone number is used for business purposes. The number, whether used in connection with a successful business or not, is currently advertised as a number through which Plaintiff can be reached to retain her editorial services. Insofar as it is advertised as a business number, it cannot be registered on the DNC. *See* DE #39, Sec. II(D).

their phone number have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate TCPA rules by calling a number which was provided as one to which the called party wishes to be reached." 7 FCC Rcd. 8753, 8769 para. 41 (Oct. 16, 1992). The FCC's reasoning is simple: "the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications." *Id.* at 8769, para. 31, n. 57 (quoting H.R. Rep. No. 102-317 at 13 (1991)).

Courts interpret the consent requirement to be met when a plaintiff knowingly releases her phone number. *See Broking v. Green Brook Buick GMC Suzuki*, 2017 U.S. Dist. LEXIS 134026 (D.N.J. Aug. 22, 2017). Therefore, Plaintiff's voluntary disclosure of her number on various websites, coupled with her express invitation to receive calls on that number for business purposes (Linkedin Page), provides sufficient evidence of consent for the calls at issue, regardless of the source from which the calls were received. *See, e.g.*, *Loyhayem v. Fraser Fin & Ins. Servs.*, 2020 U.S. Dist. LEXIS 260081 (C.D. Cal. Jul. 6, 2020) (calls at issue did not violate the TCPA as a matter of law since the numbers were publicly available); *Worsham v. Disc. Power, Inc.*, 2021 U.S. Dist. LEXIS 1931 at *10 (D. Md. Jan. 6, 2021) ("even if Worsham's number could be fairly characterized as 'residential' his Complaint fails for several reasons…as shown in Exhibit A, Worsham's number was publicly available..").

Defendant maintains that Plaintiff's daughter accessed its Rideshare Page[3] on October 19, 2023 and again on October 28, 2023. On both occasions, she provided consent for Plaintiff to receive calls on the number at issue. Defendant's position is partly predicated upon Verizon's (Plaintiff's daughter's ISP provider), subpoena response and the Defendant's Rideshare Page reports, both of which collectively

---

[3] Plaintiff argues that Defendant's evidence in this regard is unauthenticated and lacks foundation. Defendant disagrees with Plaintiff's mischaracterization insofar as the contested materials were produced in response to a subpoena and/or are Defendant's business records. These records may be authenticated on those grounds alone if necessary. However, "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Barrington Studios, Ltd. v. Sperandeo*, 2011 U.S. Dist. LEXIS 36520 at *3 (D.N.H. Mar. 22, 2011).

#7832362v1

establish that Plaintiff's daughter owned the referenced IP Address at all times relevant and accessed Defendant's Rideshare pages from this IP Address on the relevant dates. *See* DE #34, Ex. D, DE #39, Ex. F.

Plaintiff opposes Defendant's reliance on an IP Address as evidence that Plaintiff's daughter twice visited Defendant's Rideshare page, suggesting that such evidence is otherwise unreliable. DE #40, p. 12. However, the accuracy of the IP Address was substantiated by Verizon, Plaintiff's daughter ISP provider, and it was independently confirmed that Plaintiff's daughter accessed the Rideshare Pages. Accordingly, the IP Address is persuasive evidence that Plaintiff accessed the Rideshare pages on the dates in question and provided the requisite consent on Plaintiff's behalf. *See, e.g.*, *Commonwealth v. Molina*, 476 Mass. 388 (Mass. 2017) ("Although IP addresses alone can be unreliable indicators of location, they suffice when corroborated by the Internet Service Provider as occurred here.").

Plaintiff responds that "Ms. Teman also spoke with her daughter, who expressly denies that she provided her mother's information to Select Justice through its Facebook advertisements or otherwise." (DE #40, p. 13). This statement constitutes hearsay, and is nothing more than contradictory self-serving testimony in the face of overwhelming objective evidence reflecting that Plaintiff's daughter both accessed the Rideshare Pages in question and provided consent for Plaintiff to be called on her telephone number. Such "self-serving testimony in this regard cannot defeat a motion supported by objective evidence." *See, e.g.*, *Harper v. Credit Control Servs.*, 863 F. Supp. 2d 125 (D. Mass. 2012) (granting summary judgment in TCPA claim and overturning magistrate's denial based upon legal precept that "when opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Plaintiff argues that the Court's decision in *Mantha* compels a different conclusion. DE #40, p. 13. However, as the cited portion of the decision establishes, the defendant in *Mantha* could not identify

#7832362v1

who provided consent on plaintiff's behalf which would justify the calls placed to Plaintiff. In the underlying matter, we know, through objective evidence, that it was Plaintiff's daughter who provided consent to be called on Plaintiff's behalf. Therefore, reliance on *Mantha* is misplaced. Instead, as occurred here, "consent may be obtained by and conveyed through an intermediary." *Baisden v. Credit Adjustments, Inc.*, 813 F. 3d 338 (6th Cir. 2016). "For consent through an intermediary to be valid, the intermediary must convey the consent to the caller." *Keim v. ADF MidAtlantic, LLC*, 328 F.R.D. 668 (S.D. Fla. Dec. 3, 2018) (collecting cases). Plaintiff's daughter accessed Defendant's Rideshare page on two occasions, and twice provided consent to call the Plaintiff. Accordingly, there is no TCPA violation.

Two issues bear mentioning. Plaintiff alleges that despite the objective evidence indicating otherwise, she is a subscriber of the telephone because it is her usual practice to pay bills jointly and Plaintiff and her husband own their residence. DE #40, p. 14. However, Plaintiff's martial conduct does nothing to inform ownership of the telephone number in question. Rather, the bill provided expressly makes clear that Plaintiff's husband, not Plaintiff, is the subscriber of the telephone number in question. Regardless, standing is a much closer question than Plaintiff would have this court believe. *See, e.g.*, *Jordan v. ER Solutions, Inc.*, 900 F. Supp. 2d 1323, 1327 (S.D. Fla. 2012) ("This raises the sticky issue of whether the spouse of a subscriber to a phone plan can make out a claim and the law is not entirely clear on the issue.").

Finally, Defendant devoted five pages of argument and annotated caselaw demonstrating why Plaintiff's subject discovery requests are overbroad and upon which compliance should not be compelled. *See* DE #34, pp. 10-14. In response, Plaintiff cites a single unreported text order upholding similar discovery requests. However, the significant reported decisions cited by Defendant reflect that the discovery requests propounded by Plaintiff which are the subject of the motion to compel are overbroad for a variety of reasons alleged. Defendant should not be compelled to respond to the same.

Dated: July 4, 2025

          SELECT JUSTICE
          By Its Attorneys
          */s/  Andrew M. Schneiderman*
          Andrew M. Schneiderman, Esq. (#666252)
          O'Hagan Meyer, PLLC
          140 Kendrick Street, Building C, 2nd Floor
          Needham, MA 02494
          Telephone:  (617) 843-6800
          Facsimile:   (617) 843-6810
          aschneiderman@ohaganmeyer.com

          SELECT JUSTICE
          By Its Attorneys
          */s/  Eric S. Allen*
          Eric S. Allen, Admitted *PHV*
          Allen Mitchell & Allen PLLC
          2091 E. Murray Holladay Road, Suite 21
          Salt Lake City, UT 84117
          Telephone:  (801) 930-1117
          eric@allenlawyer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed on July 7, 2025 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

          */s/ Andrew M. Schneiderman*
          Andrew M. Schneiderman

#7832362v1