UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EMILY TEMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 24-12656-LTS |
| SELECT JUSTICE, LLC, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 31) AND
DEFENDANT'S CROSS-MOTION TO STAY DISCOVERY (DOC. NO. 34)

September 25, 2025

SOROKIN, J.

Pending before the Court are (1) Plaintiff's motion to compel (Doc. No. 31) and (2) Defendant's cross-motion to stay discovery (Doc. No. 34). This Order addresses both motions.

Plaintiff moved to compel discovery, arguing that Defendant had refused to produce discovery relevant to the putative class. Doc. No. 31. Defendant not only opposed the motion to compel but also filed a cross-motion requesting that the Court stay discovery pending a motion for summary judgment on Plaintiff's individual claim. Doc. No. 34. After reviewing the filings, the Court directed Defendant to supplement its motion with additional factual information supporting its contentions about Plaintiff's individual claim. Doc. No. 35. Defendant supplemented and the parties filed further briefs. Doc. Nos. 39, 40, 44. After due consideration, the Court DENIES Defendant's cross-motion to stay discovery (Doc. No. 34). Plaintiff's motion to compel (Doc. No. 31) remains under advisement.

I.  DISCUSSION

Defendant first argues the record disproves Plaintiff's claims that it called her. Doc. No. 34 at 1, 5; Doc. No. 39 at 2–4. The record does not support that contention sufficiently for a stay. Defendant concedes it called Plaintiff six times, apparently from 832-979-1584. Doc. No. 40-2 at 14. Defendant points out that the complaint alleges Defendant called Plaintiff from four specific numbers, three of which it does not control. Doc. No. 34 at 4; Doc. No. 39 at 2; see also Doc. No. 1 ¶ 18. But the complaint said not that Defendant "only" called from those four numbers, but rather that Defendant called Plaintiff "including" from those four numbers. Doc. No. 1 ¶ 18. Defendant concedes it controlled one of those four numbers. Doc. No. 39 at 2–3; Doc. No. 39-1 at 2. Defendant's statements about its use of that phone number are somewhat ambiguous. Doc. No. 39 at 3; Doc. No. 39-1 at 2. Even if the four specific numbers were not used by Defendant to call Plaintiff, that fact would not defeat Plaintiff's claim (given the complaint's allegations described above) because it would not establish that Defendant did not call Plaintiff. Moreover, Plaintiff is not engaged in duplicative litigation as she has conceded that Defendant did not call her from the other three numbers. Doc. No. 39-2 at 5. In short, Defendant has not sufficiently established it did not call Plaintiff to warrant a stay of discovery pending a dispositive motion.

Next, Defendant says Plaintiff consented to its calls. Doc. No. 34 at 1, 5; Doc. No. 39 at 4–5. The record suggests Defendant possesses a consent form, collected via Facebook, that was signed by someone connected to the internet from an IP address then assigned to the home in which Plaintiff's adult daughter lived. Doc. No. 34-4 at 2; Doc. No. 39-6 at 3. Plaintiff filed an affidavit denying she consented and asserting she spoke with her daughter who denied signing the form or knowing who signed the form. Doc. No. 40-1 at 3. On this record, consent is not a basis for a stay.

Finally, neither the assertions that Plaintiff's phone was a business phone, Doc. No. 39 at 6–7, nor that the phone line was owned or subscribed by the Plaintiff's husband, id. at 5–6, are sufficiently developed or sufficiently strong under the law to warrant a stay of discovery.

In light of the foregoing, the Court is not persuaded to stay discovery in this case pending a potential motion for summary judgment on Plaintiff's claim. Nothing prevents Defendant from filing such a motion. Nothing in this ruling on the motion to stay prejudges such a motion. The Court has only decided that Defendant has not met its burden to obtain a stay.

Regarding dispositive motions under Rule 56: Generally, the Court limits each side to one post–Rule 12 litigation-dispositive motion, however the motion is characterized. This case is now past Rule 12 for this purpose. The Court does sometimes permit more than one such dispositive motion when the circumstances render that procedure more reasonable under the rules than the limitation. If counsel wish to discuss that issue, they should raise it at a status conference or request a status conference.

With respect to the scope of discovery, the Court rejects the assertion that discovery now is limited to Plaintiff's individual claim. Doc. No. 34 at 2–3, 12.

Disputes about particular requests raised in Plaintiff's motion to compel (Doc. No. 31) are not ripe because Defendant has merely objected to the requests on various generic grounds without offering any more meaningful response. For example, in Request No. 1, Plaintiff requests "all documents" containing certain specific information (date, time, etc.) for "each outbound telemarketing call sent by your or your vendors." Doc. No. 31 at 4. Defendant objects that the request is overbroad. Id. Perhaps and perhaps not. Plainly some documents within the reach of this request are relevant, material, and discoverable. Whatever the merits or propriety of the approach taken by Defendant while the parties disputed whether the Court should stay

discovery, that approach is no longer permissible.  Defendant can no longer merely say the request is "overbroad" while declining to identify its view of what scope of documents are relevant and proportional under Rule 26.  The other individual discovery disputes suffer from much the same issue.  Id. at 11, 15; see also Doc. No. 34 at 10–14.

In these circumstances, the Court directs the parties to confer further on the merits of the individual discovery disputes.  No later than October 9, 2025, the parties shall file a joint status report setting forth their joint or separate positions as to each discovery request at issue in Plaintiff's motion to compel (Doc. No. 31).  The report shall generally list each request in dispute, the response, and the position(s) of the parties after the conferral.  The parties shall also further confer about their deposition dispute, Doc. No. 31 at 16–17, and shall state their positions in the joint status report if the dispute remains unresolved.

II. CONCLUSION

For the foregoing reasons, Defendant's cross-motion to stay discovery (Doc. No. 34) is DENIED.  Plaintiff's motion to compel (Doc. No. 31) remains under advisement pending the parties' joint status report, which is due by October 9, 2025.

                                    SO ORDERED.


                                     /s/ Leo T. Sorokin
                                    United States District Judge