— **EXHIBIT  D** —

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EMILY TEMAN, individually and on behalf
of all others similarly situated,

Plaintiff,

v.

SELECT JUSTICE, LLC,

Defendant.

Civ. No. 1:24-cv-12656-LTS

## DEFENDANT SELECT JUSTICE, LLC'S AMENDED NOTICE OF TAKING OF DEPOSITION OF GLENN TEMAN

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45, and the Subpoena attached hereto, Defendant Select Justice, LLC, through its counsel, will take the oral deposition of Glenn Teman. The deposition will take place on November 20, 2025, at 10:00 a.m. [ET] at Womble Bond Dickinson (US) LLP, 470 Atlantic Avenue, Suite 600, Boston, MA 02210. Deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically and may also be recorded by video. If the deposition is not completed on the noticed date, the deposition will continue from day to day thereafter, at the same time and place (excluding Saturdays, Sundays, and Federally recognized holidays) until completed. The deponent shall produce the documents and tangible things listed on Attachment A to the attached Subpoena that are in the deponent's possession, custody, and control.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Michael K. Lane*
Michael K. Lane
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
Telephone: (857) 287-3160
Michael.Lane@wbd-us.com

Attorneys for Defendant Select Justice, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was served by first-class mail and email upon all parties this 1st day of October, 2025.

*/s/Michelle Catapang*

2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| EMILY TEMAN, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-12656-LTS |
| SELECT JUSTICE, LLC, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Glenn Teman

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Womble Bond Dickinson (US) LLP
470 Atlantic Ave Suite 600
Boston, MA 02210 | Date and Time:
11/20/2025 10:00 am |
|---|---|

The deposition will be recorded by this method:   in a stenographic manner and videographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: see Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2025

*CLERK OF COURT*
                                                    OR
                                                         /s/Michelle Catapang
_____                    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Select Justice, LLC
_____ , who issues or requests this subpoena, are:

Michelle Catapang, 50 California St., Ste. 2750, San Francisco, CA 94111; 415.433.1900;
Michelle.Catapang@wbd-us.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:24-cv-12656-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

A.      The term "ACTION" means the case styled as *Emily Teman v. Select Justice, LLC*, Case No. 1:24-cv-12656-LTS, United States District Court, District of Massachusetts.

B.      The term "COMMUNICATION" shall mean any written, oral, or electronic means of correspondence or other exchange of information.

C.      The term "DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

D.      The term "DOCUMENT" shall be defined to the broadest extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and shall mean any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, unaltered or altered.  The term "DOCUMENT" includes, but is not limited to the following: letters, correspondence, facsimile transmissions, COMMUNICATIONS (including intra-office COMMUNICATIONS), memoranda, presentations, electronic mail (e-mail), records, contracts, agreements, tape recordings or transcriptions, wire communications, circulars, pamphlets, graphs, indices, discs, CDs, DVDs, messages, drawings, photographs, photographic negatives, questionnaires, surveys, brochures, manuals, schedules, summaries, reports, charts, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, books, diaries, telephone logs, statements, analyses, work sheets, credit memoranda, billing or credit statements, computer printouts, records maintained on a computer, hand-held device or computer storage medium, and other records maintained in machine readable form, journals, and any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded,

transcribed, taped, filed or graphic matter, however produced or reproduced, to which YOU have access.

     E.     The term "EMILY TEMAN" means the individual named Emily Teman who is a named plaintiff in this ACTION.

     F.     The term "PERSON" shall mean and includes not only natural persons, but also firms, companies, partnerships, associations, joint ventures, business trusts, corporations, public entities, governmental entities and divisions, departments, or other units thereof.

     G.     The term "SELECT JUSTICE" shall mean Defendant Select Justice, LLC and any and all of its predecessors in interest, partners, joint venturers, affiliates, subsidiaries, divisions, or any past or present officers, directors, trustees, beneficiaries, employees, agents, accountants, attorneys, or other representatives.

     H.     The term "YOU" or "YOUR" shall mean Glenn Teman and any and all of his agents, accountants, attorneys, or other representatives.

     I.     Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

     J.     When in the course of an enumeration or description of items as to which documents are requested, the words "and" or "or" are to be construed as if the request was directed to each item.

## DOCUMENTS REQUESTED

     1.     All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

     a.     https://rideshare.justicehere.com/

     b.     https://freelegalreviews.com/talcumpowder/0001/

     c.     https://www.selectjustice.com/

2.      All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

    a.      https://rideshare.justicehere.com/

    b.      https://freelegalreviews.com/talcumpowder/0001/

    c.      https://www.selectjustice.com/

3.      All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

    a.      https://rideshare.justicehere.com/

    b.      https://freelegalreviews.com/talcumpowder/0001/

    c.      https://www.selectjustice.com/

4.      All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

5.      All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

6.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

7.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

8.      All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

9.      For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

10.     In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

11.     Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SELECT JUSTICE, LLC,<br><br>    Defendant. | Civ. No. 1:24-cv-12656-LTS |

## **DEFENDANT SELECT JUSTICE, LLC'S AMENDED NOTICE OF TAKING OF DEPOSITION OF STACEY BETH SIBULESKY (aka STACEY BETH TEMAN)**

   PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45, and the Subpoena attached hereto, Defendant Select Justice, LLC, through its counsel, will take the oral deposition of Stacey Beth Sibulesky (aka Stacey Beth Teman). The deposition will take place on November 19, 2025, at 10:00 a.m. [ET] at Womble Bond Dickinson (US) LLP, 470 Atlantic Avenue, Suite 600, Boston, MA 02210. Deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically and may also be recorded by video. If the deposition is not completed on the noticed date, the deposition will continue from day to day thereafter, at the same time and place (excluding Saturdays, Sundays, and Federally recognized holidays) until completed. The deponent shall produce the documents and tangible things listed on Attachment A to the attached Subpoena that are in the deponent's possession, custody, and control.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Michael K. Lane*
Michael K. Lane
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
Telephone: (857) 287-3160
Michael.Lane@wbd-us.com

Attorneys for Defendant Select Justice, LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by first-class mail and email upon all parties this 1st day of October, 2025.

*/s/Michelle Catapang*

2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| EMILY TEMAN, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-12656-LTS |
| SELECT JUSTICE, LLC, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               Stacey Beth Sibulesky a/k/a Stacey Beth Teman

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Womble Bond Dickinson (US) LLP<br>470 Atlantic Ave Suite 600<br>Boston, MA 02210 | Date and Time:<br>11/19/2025 10:00 am |
|---|---|

The deposition will be recorded by this method:   in a stenographic manner and videographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  see Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2025

|  *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/Michelle Catapang |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Select Justice, LLC                                                          , who issues or requests this subpoena, are:

Michelle Catapang, 50 California St., Ste. 2750, San Francisco, CA 94111; 415.433.1900;
Michelle.Catapang@wbd-us.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:24-cv-12656-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

A.      The term "ACTION" means the case styled as *Emily Teman v. Select Justice, LLC*, Case No. 1:24-cv-12656-LTS, United States District Court, District of Massachusetts.

B.      The term "COMMUNICATION" shall mean any written, oral, or electronic means of correspondence or other exchange of information.

C.      The term "DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

D.      The term "DOCUMENT" shall be defined to the broadest extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and shall mean any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, unaltered or altered.  The term "DOCUMENT" includes, but is not limited to the following: letters, correspondence, facsimile transmissions, COMMUNICATIONS (including intra-office COMMUNICATIONS), memoranda, presentations, electronic mail (e-mail), records, contracts, agreements, tape recordings or transcriptions, wire communications, circulars, pamphlets, graphs, indices, discs, CDs, DVDs, messages, drawings, photographs, photographic negatives, questionnaires, surveys, brochures, manuals, schedules, summaries, reports, charts, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, books, diaries, telephone logs, statements, analyses, work sheets, credit memoranda, billing or credit statements, computer printouts, records maintained on a computer, hand-held device or computer storage medium, and other records maintained in machine readable form, journals, and any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded,

transcribed, taped, filed or graphic matter, however produced or reproduced, to which YOU have access.

E.    The term "EMILY TEMAN" means the individual named Emily Teman who is a named plaintiff in this ACTION.

F.    The term "PERSON" shall mean and includes not only natural persons, but also firms, companies, partnerships, associations, joint ventures, business trusts, corporations, public entities, governmental entities and divisions, departments, or other units thereof.

G.    The term "SELECT JUSTICE" shall mean Defendant Select Justice, LLC and any and all of its predecessors in interest, partners, joint venturers, affiliates, subsidiaries, divisions, or any past or present officers, directors, trustees, beneficiaries, employees, agents, accountants, attorneys, or other representatives.

H.    The term "YOU" or "YOUR" shall mean Stacey Beth Sibulesky (aka Stacey Beth Teman) and any and all of her agents, accountants, attorneys, or other representatives.

I.    Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

J.    When in the course of an enumeration or description of items as to which documents are requested, the words "and" or "or" are to be construed as if the request was directed to each item.


**DOCUMENTS REQUESTED**


1.    All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

    a.    https://rideshare.justicehere.com/

    b.    https://freelegalreviews.com/talcumpowder/0001/

    c.    https://www.selectjustice.com/

2.      All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

     a.      https://rideshare.justicehere.com/

     b.      https://freelegalreviews.com/talcumpowder/0001/

     c.      https://www.selectjustice.com/

3.      All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

     a.      https://rideshare.justicehere.com/

     b.      https://freelegalreviews.com/talcumpowder/0001/

     c.      https://www.selectjustice.com/

4.      All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

5.      All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

6.      All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

7.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

8.    All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

9.    All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

10.    For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

11.    In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

12.    Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT JUSTICE, LLC,<br><br>Defendant. | Civ. No. 1:24-cv-12656-LTS |

**DEFENDANT SELECT JUSTICE, LLC'S AMENDED NOTICE OF TAKING OF DEPOSITION OF DANIEL SIBULESKY**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45, and the Subpoena attached hereto, Defendant Select Justice, LLC, through its counsel, will take the oral deposition of Daniel Sibulesky. The deposition will take place on November 19, 2025, at 10:00 a.m. [ET] at Womble Bond Dickinson (US) LLP, 470 Atlantic Avenue, Suite 600, Boston, MA 02210. Deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically and may also be recorded by video. If the deposition is not completed on the noticed date, the deposition will continue from day to day thereafter, at the same time and place (excluding Saturdays, Sundays, and Federally recognized holidays) until completed. The deponent shall produce the documents and tangible things listed on Attachment A to the attached Subpoena that are in the deponent's possession, custody, and control.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Michael K. Lane*
Michael K. Lane
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
Telephone: (857) 287-3160
Michael.Lane@wbd-us.com

Attorneys for Defendant Select Justice, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was served by first-class mail and email upon all parties this 1st day of October, 2025.

*/s/Michelle Catapang*

2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Massachusetts

| | |
|---|---|
| EMILY TEMAN, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:24-cv-12656-LTS |
| SELECT JUSTICE, LLC, | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Daniel Sibulesky

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Womble Bond Dickinson (US) LLP<br>470 Atlantic Ave Suite 600<br>Boston, MA 02210 | Date and Time:<br>11/19/2025 10:00 am |
|---|---|

The deposition will be recorded by this method:    in a stenographic manner and videographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: see Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2025

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/Michelle Catapang |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Select Justice, LLC _____, who issues or requests this subpoena, are:

Michelle Catapang, 50 California St., Ste. 2750, San Francisco, CA 94111; 415.433.1900;
Michelle.Catapang@wbd-us.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:24-cv-12656-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

### **DEFINITIONS**

A.     The term "ACTION" means the case styled as *Emily Teman v. Select Justice, LLC*, Case No. 1:24-cv-12656-LTS, United States District Court, District of Massachusetts.

B.     The term "COMMUNICATION" shall mean any written, oral, or electronic means of correspondence or other exchange of information.

C.     The term "DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

D.     The term "DOCUMENT" shall be defined to the broadest extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and shall mean any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, unaltered or altered.  The term "DOCUMENT" includes, but is not limited to the following: letters, correspondence, facsimile transmissions, COMMUNICATIONS (including intra-office COMMUNICATIONS), memoranda, presentations, electronic mail (e-mail), records, contracts, agreements, tape recordings or transcriptions, wire communications, circulars, pamphlets, graphs, indices, discs, CDs, DVDs, messages, drawings, photographs, photographic negatives, questionnaires, surveys, brochures, manuals, schedules, summaries, reports, charts, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, books, diaries, telephone logs, statements, analyses, work sheets, credit memoranda, billing or credit statements, computer printouts, records maintained on a computer, hand-held device or computer storage medium, and other records maintained in machine readable form, journals, and any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded,

transcribed, taped, filed or graphic matter, however produced or reproduced, to which YOU have access.

E.    The term "EMILY TEMAN" means the individual named Emily Teman who is a named plaintiff in this ACTION.

F.    The term "PERSON" shall mean and includes not only natural persons, but also firms, companies, partnerships, associations, joint ventures, business trusts, corporations, public entities, governmental entities and divisions, departments, or other units thereof.

G.    The term "SELECT JUSTICE" shall mean Defendant Select Justice, LLC and any and all of its predecessors in interest, partners, joint venturers, affiliates, subsidiaries, divisions, or any past or present officers, directors, trustees, beneficiaries, employees, agents, accountants, attorneys, or other representatives.

H.    The term "YOU" or "YOUR" shall mean Daniel Sibulesky and any and all of his agents, accountants, attorneys, or other representatives.

I.    Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

J.    When in the course of an enumeration or description of items as to which documents are requested, the words "and" or "or" are to be construed as if the request was directed to each item.

## DOCUMENTS REQUESTED

1.    All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

    a.    https://rideshare.justicehere.com/

    b.    https://freelegalreviews.com/talcumpowder/0001/

    c.    https://www.selectjustice.com/

2.      All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

    a.      https://rideshare.justicehere.com/

    b.      https://freelegalreviews.com/talcumpowder/0001/

    c.      https://www.selectjustice.com/

3.      All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

    a.      https://rideshare.justicehere.com/

    b.      https://freelegalreviews.com/talcumpowder/0001/

    c.      https://www.selectjustice.com/

4.      All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

5.      All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

6.      All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

7.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

8.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

9.      All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

10.     For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

11.     In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

12.     Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civ. No. 1:24-cv-12656-LTS |
| v. | |
| SELECT JUSTICE, LLC, | |
| Defendant. | |

**DEFENDANT SELECT JUSTICE, LLC'S AMENDED NOTICE OF TAKING OF DEPOSITION OF KERRY TAMM**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45, and the Subpoena attached hereto, Defendant Select Justice, LLC, through its counsel, will take the oral deposition of Kerry Tamm. The deposition will take place on November 21, 2025, at 9:00 a.m. [ET] at Womble Bond Dickinson (US) LLP, 470 Atlantic Avenue, Suite 600, Boston, MA 02210. Deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically and may also be recorded by video. If the deposition is not completed on the noticed date, the deposition will continue from day to day thereafter, at the same time and place (excluding Saturdays, Sundays, and Federally recognized holidays) until completed. The deponent shall produce the documents and tangible things listed on Attachment A to the attached Subpoena that are in the deponent's possession, custody, and control.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Michael K. Lane*
Michael K. Lane
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
Telephone: (857) 287-3160
Michael.Lane@wbd-us.com

Attorneys for Defendant Select Justice, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was served by first-class mail and email upon all parties this 1st day of October, 2025.

*/s/Michelle Catapang*

2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| EMILY TEMAN, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-12656-LTS |
| SELECT JUSTICE, LLC, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                               Kerry E. Tamm

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Womble Bond Dickinson (US) LLP<br>470 Atlantic Ave Suite 600<br>Boston, MA 02210 | Date and Time:<br>11/21/2025 9:00 am |
|---|---|

The deposition will be recorded by this method:   in a stenographic manner and videographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: see Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2025

|  CLERK OF COURT | OR | |
|---|---|---|
| | | /s/Michelle Catapang |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Select Justice, LLC
, who issues or requests this subpoena, are:

Michelle Catapang, 50 California St., Ste. 2750, San Francisco, CA 94111; 415.433.1900;
Michelle.Catapang@wbd-us.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:24-cv-12656-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

A.    The term "ACTION" means the case styled as *Emily Teman v. Select Justice, LLC*, Case No. 1:24-cv-12656-LTS, United States District Court, District of Massachusetts.

B.    The term "COMMUNICATION" shall mean any written, oral, or electronic means of correspondence or other exchange of information.

C.    The term "DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

D.    The term "DOCUMENT" shall be defined to the broadest extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and shall mean any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, unaltered or altered.  The term "DOCUMENT" includes, but is not limited to the following: letters, correspondence, facsimile transmissions, COMMUNICATIONS (including intra-office COMMUNICATIONS), memoranda, presentations, electronic mail (e-mail), records, contracts, agreements, tape recordings or transcriptions, wire communications, circulars, pamphlets, graphs, indices, discs, CDs, DVDs, messages, drawings, photographs, photographic negatives, questionnaires, surveys, brochures, manuals, schedules, summaries, reports, charts, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, books, diaries, telephone logs, statements, analyses, work sheets, credit memoranda, billing or credit statements, computer printouts, records maintained on a computer, hand-held device or computer storage medium, and other records maintained in machine readable form, journals, and any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded,

transcribed, taped, filed or graphic matter, however produced or reproduced, to which YOU have access.

E.     The term "EMILY TEMAN" means the individual named Emily Teman who is a named plaintiff in this ACTION.

F.     The term "PERSON" shall mean and includes not only natural persons, but also firms, companies, partnerships, associations, joint ventures, business trusts, corporations, public entities, governmental entities and divisions, departments, or other units thereof.

G.     The term "SELECT JUSTICE" shall mean Defendant Select Justice, LLC and any and all of its predecessors in interest, partners, joint venturers, affiliates, subsidiaries, divisions, or any past or present officers, directors, trustees, beneficiaries, employees, agents, accountants, attorneys, or other representatives.

H.     The term "YOU" or "YOUR" shall mean Kerry E. Tamm and any and all of her agents, accountants, attorneys, or other representatives.

I.     Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

J.     When in the course of an enumeration or description of items as to which documents are requested, the words "and" or "or" are to be construed as if the request was directed to each item.

## DOCUMENTS REQUESTED

1.     All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

    a.     https://rideshare.justicehere.com/

    b.     https://freelegalreviews.com/talcumpowder/0001/

    c.     https://www.selectjustice.com/

2.      All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

      a.      https://rideshare.justicehere.com/

      b.      https://freelegalreviews.com/talcumpowder/0001/

      c.      https://www.selectjustice.com/

3.      All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

      a.      https://rideshare.justicehere.com/

      b.      https://freelegalreviews.com/talcumpowder/0001/

      c.      https://www.selectjustice.com/

4.      All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

5.      All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

6.      All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

7.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

8.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

9.      All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

10.     For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

11.     In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

12.     Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SELECT JUSTICE, LLC,<br><br>                    Defendant. | Civ. No. 1:24-cv-12656-LTS |

## <u>DEFENDANT SELECT JUSTICE, LLC'S AMENDED NOTICE OF TAKING OF DEPOSITION OF TERENCE TAMM</u>

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45, and the Subpoena attached hereto, Defendant Select Justice, LLC, through its counsel, will take the oral deposition of Terence Tamm. The deposition will take place on November 21, 2025, at 9:00 a.m. [ET] at Womble Bond Dickinson (US) LLP, 470 Atlantic Avenue, Suite 600, Boston, MA 02210. Deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically and may also be recorded by video. If the deposition is not completed on the noticed date, the deposition will continue from day to day thereafter, at the same time and place (excluding Saturdays, Sundays, and Federally recognized holidays) until completed. The deponent shall produce the documents and tangible things listed on Attachment A to the attached Subpoena that are in the deponent's possession, custody, and control.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Michael K. Lane*
Michael K. Lane
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
Telephone: (857) 287-3160
Michael.Lane@wbd-us.com

Attorneys for Defendant Select Justice, LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by first-class mail and email upon all parties this 1st day of October, 2025.

*/s/Michelle Catapang*

2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| EMILY TEMAN, | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:24-cv-12656-LTS |
| SELECT JUSTICE, LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Terence M. Tamm

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Womble Bond Dickinson (US) LLP<br>470 Atlantic Ave Suite 600<br>Boston, MA 02210 | Date and Time:<br>11/21/2025 9:00 am |
|---|---|

The deposition will be recorded by this method:    in a stenographic manner and videographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  see Attachment

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/Michelle Catapang |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Select Justice, LLC
_____ , who issues or requests this subpoena, are:
Michelle Catapang, 50 California St., Ste. 2750, San Francisco, CA 94111; 415.433.1900;
Michelle.Catapang@wbd-us.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:24-cv-12656-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

A.      The term "ACTION" means the case styled as *Emily Teman v. Select Justice, LLC*, Case No. 1:24-cv-12656-LTS, United States District Court, District of Massachusetts.

B.      The term "COMMUNICATION" shall mean any written, oral, or electronic means of correspondence or other exchange of information.

C.      The term "DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

D.      The term "DOCUMENT" shall be defined to the broadest extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and shall mean any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, unaltered or altered.  The term "DOCUMENT" includes, but is not limited to the following: letters, correspondence, facsimile transmissions, COMMUNICATIONS (including intra-office COMMUNICATIONS), memoranda, presentations, electronic mail (e-mail), records, contracts, agreements, tape recordings or transcriptions, wire communications, circulars, pamphlets, graphs, indices, discs, CDs, DVDs, messages, drawings, photographs, photographic negatives, questionnaires, surveys, brochures, manuals, schedules, summaries, reports, charts, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, books, diaries, telephone logs, statements, analyses, work sheets, credit memoranda, billing or credit statements, computer printouts, records maintained on a computer, hand-held device or computer storage medium, and other records maintained in machine readable form, journals, and any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded,

transcribed, taped, filed or graphic matter, however produced or reproduced, to which YOU have access.

      E.      The term "EMILY TEMAN" means the individual named Emily Teman who is a named plaintiff in this ACTION.

      F.      The term "PERSON" shall mean and includes not only natural persons, but also firms, companies, partnerships, associations, joint ventures, business trusts, corporations, public entities, governmental entities and divisions, departments, or other units thereof.

      G.      The term "SELECT JUSTICE" shall mean Defendant Select Justice, LLC and any and all of its predecessors in interest, partners, joint venturers, affiliates, subsidiaries, divisions, or any past or present officers, directors, trustees, beneficiaries, employees, agents, accountants, attorneys, or other representatives.

      H.      The term "YOU" or "YOUR" shall mean Terence M. Tamm and any and all of his agents, accountants, attorneys, or other representatives.

      I.      Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

      J.      When in the course of an enumeration or description of items as to which documents are requested, the words "and" or "or" are to be construed as if the request was directed to each item.

## DOCUMENTS REQUESTED

      1.      All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

      a.      https://rideshare.justicehere.com/

      b.      https://freelegalreviews.com/talcumpowder/0001/

      c.      https://www.selectjustice.com/

2.      All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

    a.      https://rideshare.justicehere.com/

    b.      https://freelegalreviews.com/talcumpowder/0001/

    c.      https://www.selectjustice.com/

3.      All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

    a.      https://rideshare.justicehere.com/

    b.      https://freelegalreviews.com/talcumpowder/0001/

    c.      https://www.selectjustice.com/

4.      All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

5.      All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

6.      All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

7.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

8.      All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

9.      All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

10.      For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

11.      In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

12.      Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.