— **EXHIBIT E** —

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**EMILY TEMAN,**

   *Plaintiff,*

*v.*

**SELECT JUSTICE, LLC**

   *Defendant.*

Case No. 1:24-cv-12656-LTS

Honorable Judge Leo T. Sorokin

**PLAINTIFF'S RESPONSE TO AMENDED NOTICE OF TAKING OF DEPOSITION OF GLENN TEMAN**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Glenn Teman submits the following objections and responses to Defendant's Amended Notice of Taking of Deposition of Glenn Teman.

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.  Mr. Teman objects to any requests for documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection.

2.  Mr. Teman objects to any request for production that seeks information not available from sources within his possession, custody, or control.

3.  Mr. Teman objects to the requests for production as imposing obligations greater than those in the Federal Rules of Civil Procedure. Mr. Teman will only produce responsive, relevant, non-privileged documents in his possession, custody, or control.

## DOCUMENTS REQUESTED

1. All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

   a. https://rideshare.justicehere.com/

   b. https://freelegalreviews.com/talcumpowder/0001/

   c. https://www.selectjustice.com/

**RESPONSE:** Mr. Teman objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that he visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to the inclusion of "any PERSON" to the extent it requires Mr. Teman to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist.**

2. All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

   a. https://rideshare.justicehere.com/

b. https://freelegalreviews.com/talcumpowder/0001/

c. https://www.selectjustice.com/

**RESPONSE:** Mr. Teman objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that he visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to the inclusion of "any PERSON" to the extent it requires Mr. Teman to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist.**

3. All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

a. https://rideshare.justicehere.com/

b. https://freelegalreviews.com/talcumpowder/0001/

c. https://www.selectjustice.com/

**RESPONSE:** Mr. Teman objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff

through her family members. Mr. Teman further objects to this request as hopelessly vague. Specifically, websites do not send emails, email addresses do. Mr. Teman cannot know what emails were sent "on behalf of" the aforementioned websites, and therefore this request seeks information beyond the scope of his knowledge.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that he did not receive any emails from the aforementioned websites.**

4. All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist.**

5. All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further

objects on the grounds that it seeks disclosure of confidential communications between himself and his spouse made during the course of their marriage, which are protected from disclosure by the marital communications privilege. Mr. Teman will not produce documents or provide testimony that would reveal confidential communications between himself and his spouse.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist. Given the breach of privacy contemplated, Mr. Teman will not be responding further to this request.**

6. All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Teman and his counsel or members of his counsel's staff. Mr. Teman will not produce documents or provide testimony that would reveal privileged or work-product-protected information.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist. Given the breach of privacy contemplated, Mr. Teman will not be responding further to this request.**

7.  All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Teman and his counsel or members of his counsel's staff. Mr. Teman will not produce documents or provide testimony that would reveal privileged or work-product-protected information.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist. Given the breach of privacy contemplated, Mr. Teman will not be responding further to this request.**

8.  All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Teman and his counsel or members of his counsel's staff. Mr. Teman will not produce documents or

provide testimony that would reveal privileged or work-product-protected information. Finally, Mr. Teman objects on the grounds that this request seeks disclosure of confidential communications between himself and his spouse made during the course of their marriage, which are protected from disclosure by the marital communications privilege. Mr. Teman will not produce documents or provide testimony that would reveal confidential communications between himself and his spouse.

**Subject to and without waiving such objections, Mr. Teman performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents.**

9. For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks his complete browsing history between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Additionally, Mr. Teman objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request

invades Mr. Teman's privacy and potentially seeks irrelevant personal, work-related, and third-party data.

**Subject to and without waiving such objections, Mr. Teman performed a reasonable search for these documents, and was unable to locate responsive documents. By way of further response, his browsing history is only saved for 90 days.**

10. In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members. Mr. Teman further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks all devices he used to access the internet between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Additionally, Mr. Teman objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Mr. Teman's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Mr. Teman will not be responding further to this request.**

11. Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

**RESPONSE:** Mr. Teman objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Teman's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Mr. Teman conducted a reasonable and diligent search and affirms that no responsive documents exist.**

*[Counsel signature block to follow on next page.]*

Dated: October 27, 2025

By: */s/ Anthony Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

Alex Phillips (*pro hac vice*)
Samuel J. Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com

*Attorneys for Plaintiff and the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Caralina Casperson, Paralegal at Strauss Borrelli PLLC, hereby certify that on

October 27, 2025, I caused the foregoing to be transmitted by electronic mail (e-mail) to the

following counsel of record:

Eric Allen
**ALLEN MITCHELL & ALLEN**
2091 E Murray Holladay Rd.
Suite 21
Salt Lake City, UT 84117
801-930-1117
eric@allenlawyer.com

Jeffrey A Topor
**WOMBLE BOND DICKINSON**
50 California Street
Suite 2750
San Francisco, CA 94111
415-433-1900
jeff.topor@wbd-us.com

Michael K Lane
**WOMBLE BOND DICKINSON**
470 Atlantic Avenue
Suite 600
Boston, MA 02210
857-287-3160
michael.lane@wbd-us.com

Michelle Catapang
Tomio B Narita
**WOMBLE BOND DICKINSON**
50 California Street
Ste 27th Floor
San Francisco, CA 94111
415-433-1900
michelle.catapang@wbd-us.com
tomio.narita@wbd-us.com

*Attorney for Defendants*
*Select Justice, LLC*

DATED this 27th day of October, 2025.

Respectfully submitted,

By: *<u>/s/ Caralina M. Casperson</u>*
Caralina M. Casperson, Paralegal
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
ccasperson@straussborrelli.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**EMILY TEMAN,**

      *Plaintiff*,

*v.*

**SELECT JUSTICE, LLC**

      *Defendant.*

Case No. 1:24-cv-12656-LTS

**PLAINTIFF'S RESPONSE TO AMENDED NOTICE OF TAKING OF DEPOSITION OF STACEY BETH SIBULESKY**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Stacey Beth Sibulesky submits the following objections and responses to Defendant's Amended Notice of Taking of Deposition of Stacey Beth Sibulesky.

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    Ms. Sibulesky objects to any requests for documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection.

2.    Ms. Sibulesky objects to any request for production that seeks information not available from sources within her possession, custody, or control.

3.    Ms. Sibulesky objects to the requests for production as imposing obligations greater than those in the Federal Rules of Civil Procedure. Ms. Sibulesky will only produce responsive, relevant, non-privileged documents in her possession, custody, or control.

## DOCUMENTS REQUESTED

1. All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

   a.  https://rideshare.justicehere.com/

   b.  https://freelegalreviews.com/talcumpowder/0001/

   c.  https://www.selectjustice.com/

   **RESPONSE:** Ms. Sibulesky objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that she visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to the inclusion of "any PERSON" to the extent it requires Ms. Sibulesky to respond on behalf of someone other than herself. She will only respond on her own behalf and with documents and information in her possession, custody, or control.

   **Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

2. All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

   a.  https://rideshare.justicehere.com/

b.  https://freelegalreviews.com/talcumpowder/0001/

c.  https://www.selectjustice.com/

**RESPONSE:** Ms. Sibulesky objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that she visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to the inclusion of "any PERSON" to the extent it requires Ms. Sibulesky to respond on behalf of someone other than herself. She will only respond on her own behalf and with documents and information in her possession, custody, or control.

**Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

3.  All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

a.  https://rideshare.justicehere.com/

b.  https://freelegalreviews.com/talcumpowder/0001/

c.  https://www.selectjustice.com/

**RESPONSE:** Ms. Sibulesky objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff

through her family members. Ms. Sibulesky further objects to this request as hopelessly vague. Specifically, websites do not send emails, email addresses do. Ms. Sibulesky cannot know what emails were sent "on behalf of" the aforementioned websites, and therefore this request seeks information beyond the scope of her knowledge.

**Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that she did not receive any emails from the aforementioned websites.**

4. All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

5. All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing

expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

6. All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

7. All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Ms. Sibulesky and her counsel or members of her counsel's staff. Ms. Sibulesky will not produce

documents or provide testimony that would reveal privileged or work-product-protected information.

**Subject to and without waiving such objections, Ms. Sibulesky performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents. Given the breach of privacy contemplated, Ms. Sibulesky will not be responding further to this request.**

8. All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Ms. Sibulesky and her counsel or members of her counsel's staff. Ms. Sibulesky will not produce documents or provide testimony that would reveal privileged or work-product-protected information.

**Subject to and without waiving such objections, Ms. Sibulesky performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents. Given the breach of privacy contemplated, Ms. Sibulesky will not be responding further to this request.**

9. All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Ms. Sibulesky and her counsel or members of her counsel's staff. Ms. Sibulesky will not produce documents or provide testimony that would reveal privileged or work-product-protected information. Finally, Ms. Sibulesky objects on the grounds that this request seeks disclosure of confidential communications between herself and her spouse made during the course of their marriage, which are protected from disclosure by the marital communications privilege. Ms. Sibulesky will not produce documents or provide testimony that would reveal confidential communications between herself and her spouse.

**Subject to and without waiving such objections, Ms. Sibulesky performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents.**

10. For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks her complete browsing history between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Additionally, Ms. Sibulesky objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Ms. Sibulesky's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Ms. Sibulesky will not be responding further to this request.**

11. In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members. Ms. Sibulesky further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks all devices she used to access the internet between September 2023 and December 2023,

although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Additionally, Ms. Sibulesky objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Ms. Sibulesky's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Ms. Sibulesky will not be responding further to this request.**

12. Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

**RESPONSE:** Ms. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Ms. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Ms. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

*[Counsel signature block to follow on next page.]*

Dated: October 27, 2025

By: */s/ Anthony Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

Alex Phillips (*pro hac vice*)
Samuel J. Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com

*Attorneys for Plaintiff and the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Caralina Casperson, Paralegal at Strauss Borrelli PLLC, hereby certify that on October 27, 2025, I caused the foregoing to be transmitted by electronic mail (e-mail) to the following counsel of record:

Eric Allen
**ALLEN MITCHELL & ALLEN**
2091 E Murray Holladay Rd.
Suite 21
Salt Lake City, UT 84117
801-930-1117
eric@allenlawyer.com

Jeffrey A Topor
**WOMBLE BOND DICKINSON**
50 California Street
Suite 2750
San Francisco, CA 94111
415-433-1900
jeff.topor@wbd-us.com

Michael K Lane
**WOMBLE BOND DICKINSON**
470 Atlantic Avenue
Suite 600
Boston, MA 02210
857-287-3160
michael.lane@wbd-us.com

Michelle Catapang
Tomio B Narita
**WOMBLE BOND DICKINSON**
50 California Street
Ste 27th Floor
San Francisco, CA 94111
415-433-1900
michelle.catapang@wbd-us.com
tomio.narita@wbd-us.com

*Attorney for Defendants*
*Select Justice, LLC*

DATED this 27th day of October, 2025.

Respectfully submitted,

By: *<u>/s/ Caralina M. Casperson</u>*
Caralina M. Casperson, Paralegal
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
ccasperson@straussborrelli.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **EMILY TEMAN,** | |
| *Plaintiff,* | Case No. 1:24-cv-12656-LTS |
| *v.* | **PLAINTIFF'S RESPONSE TO AMENDED NOTICE OF TAKING OF DEPOSITION OF DANIEL SIBULESKY** |
| **SELECT JUSTICE, LLC** | |
| *Defendant.* | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Daniel Sibulesky submits the following objections and responses to Defendant's Notice of Subpoena to Testify at Deposition and Subpoena to Produce Documents

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Mr. Sibulesky objects to any requests for documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the right of privacy of any person or entity, or any other applicable privilege or protection.

2.      Mr. Sibulesky objects to any request for production that seeks information not available from sources within his possession, custody, or control.

3.      Mr. Sibulesky objects to the requests for production as imposing obligations greater than those in the Federal Rules of Civil Procedure. Ms. Sibulesky will only produce responsive, relevant, non-privileged documents in her possession, custody, or control.

## DOCUMENTS REQUESTED

1. All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

    a.  https://rideshare.justicehere.com/

    b.  https://freelegalreviews.com/talcumpowder/0001/

    c.  https://www.selectjustice.com/

    **RESPONSE:** Mr. Sibulesky objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that he visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to the inclusion of "any PERSON" to the extent it requires Mr. Sibulesky to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control.

    **Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

2. All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

    a.  https://rideshare.justicehere.com/

      b.  https://freelegalreviews.com/talcumpowder/0001/

      c.  https://www.selectjustice.com/

**RESPONSE:** Mr. Sibulesky objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that he visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to the inclusion of "any PERSON" to the extent it requires Mr. Sibulesky to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control.

      **Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

3.  All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

      a.  https://rideshare.justicehere.com/

      b.  https://freelegalreviews.com/talcumpowder/0001/

      c.  https://www.selectjustice.com/

**RESPONSE:** Mr. Sibulesky objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Moreover, it fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff

through her family members. Mr. Sibulesky further objects to this request as hopelessly vague. Specifically, websites do not send emails, email addresses do. Mr. Sibulesky cannot know what emails were sent "on behalf of" the aforementioned websites, and therefore this request seeks information beyond the scope of his knowledge.

**Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that he did not receive any emails from the aforementioned websites.**

4. All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

5. All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing

expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

6.  All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), fails to specify a reasonable time frame, and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members.

**Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

7.  All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Sibulesky and his counsel or members of his counsel's staff. Mr. Sibulesky will not produce

documents or provide testimony that would reveal privileged or work-product-protected information.

**Subject to and without waiving such objections, Mr. Sibulesky performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents. Given the breach of privacy contemplated, Mr. Sibulesky will not be responding further to this request.**

8. All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Sibulesky and his counsel or members of his counsel's staff. Mr. Sibulesky will not produce documents or provide testimony that would reveal privileged or work-product-protected information.

**Subject to and without waiving such objections, Mr. Sibulesky performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents. Given the breach of privacy contemplated, Mr. Sibulesky will not be responding further to this request.**

9. All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Sibulesky and his counsel or members of his counsel's staff. Mr. Sibulesky will not produce documents or provide testimony that would reveal privileged or work-product-protected information. Finally, Mr. Sibulesky objects on the grounds that this request seeks disclosure of confidential communications between himself and his spouse made during the course of their marriage, which are protected from disclosure by the marital communications privilege. Mr. Sibulesky will not produce documents or provide testimony that would reveal confidential communications between himself and his spouse.

**Subject to and without waiving such objections, Mr. Sibulesky performed a reasonable search for these documents, and was unable to locate non-privileged responsive documents.**

10. For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks his complete browsing history between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Additionally, Mr. Sibulesky objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Mr. Sibulesky's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Mr. Sibulesky will not be responding further to this request.**

11. In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

**RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members. Mr. Sibulesky further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks all devices he used to access the internet between September 2023 and December 2023,

although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Additionally, Mr. Sibulesky objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Mr. Sibulesky's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Mr. Sibulesky will not be responding further to this request.**

12. Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

   **RESPONSE:** Mr. Sibulesky objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1) and constitutes an improper fishing expedition. Indeed, the request seeks to invade Mr. Sibulesky's privacy and to intimidate Plaintiff through her family members.

   **Subject to and without waiving such objections, Mr. Sibulesky conducted a reasonable and diligent search and affirms that no responsive documents exist.**

   *[Counsel signature block to follow on next page.]*

Dated: October 27, 2025

By: */s/ Anthony Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

Alex Phillips (*pro hac vice*)
Samuel J. Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com

*Attorneys for Plaintiff and the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Caralina Casperson, Paralegal at Strauss Borrelli PLLC, hereby certify that on

October 27, 2025, I caused the foregoing to be transmitted by electronic mail (e-mail) to the

following counsel of record:

| | |
|---|---|
| Eric Allen<br>**ALLEN MITCHELL & ALLEN**<br>2091 E Murray Holladay Rd.<br>Suite 21<br>Salt Lake City, UT 84117<br>801-930-1117<br>eric@allenlawyer.com | Michael K Lane<br>**WOMBLE BOND DICKINSON**<br>470 Atlantic Avenue<br>Suite 600<br>Boston, MA 02210<br>857-287-3160<br>michael.lane@wbd-us.com |
| Jeffrey A Topor<br>**WOMBLE BOND DICKINSON**<br>50 California Street<br>Suite 2750<br>San Francisco, CA 94111<br>415-433-1900<br>jeff.topor@wbd-us.com | Michelle Catapang<br>Tomio B Narita<br>**WOMBLE BOND DICKINSON**<br>50 California Street<br>Ste 27th Floor<br>San Francisco, CA 94111<br>415-433-1900<br>michelle.catapang@wbd-us.com<br>tomio.narita@wbd-us.com<br><br>*Attorney for Defendants*<br>*Select Justice, LLC* |

DATED this 27th day of October, 2025.

Respectfully submitted,

By: */s/ Caralina M. Casperson*
Caralina M. Casperson, Paralegal
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
ccasperson@straussborrelli.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **EMILY TEMAN,** | |
| *Plaintiff*, | Case No. 1:24-cv-12656-LTS |
| *v.* | **PLAINTIFF'S RESPONSE TO AMENDED NOTICE OF TAKING OF DEPOSITION OF KERRY TAMM** |
| **SELECT JUSTICE, LLC** | |
| *Defendant.* | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Kerry Tamm submits the following objections and responses to Defendant's Amended Notice of Taking of Deposition of Kerry Tamm.

## DOCUMENTS REQUESTED

1. All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

   a. https://rideshare.justicehere.com/

   b. https://freelegalreviews.com/talcumpowder/0001/

   c. https://www.selectjustice.com/

**RESPONSE:** Ms. Tamm objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that she visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable

time frame. Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Ms. Tamm further objects to the inclusion of "any PERSON" to the extent it requires Ms. Tamm to respond on behalf of someone other than herself. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

2. All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

   a. https://rideshare.justicehere.com/

   b. https://freelegalreviews.com/talcumpowder/0001/

   c. https://www.selectjustice.com/

**RESPONSE:** Ms. Tamm objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that she visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame. Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Ms. Tamm further objects to the inclusion of "any PERSON" to the extent it requires Ms. Tamm to respond on behalf of someone other than

herself. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

3. All emails in YOUR possession, custody or control that were sent to any of YOUR email addresses by or on behalf of the following websites:

    a. https://rideshare.justicehere.com/

    b. https://freelegalreviews.com/talcumpowder/0001/

    c. https://www.selectjustice.com/

**RESPONSE:** Ms. Tamm objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and that it fails to specify a reasonable time frame. Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Ms. Tamm further objects to this request as hopelessly vague. Specifically, websites do not send emails, email addresses do. Ms. Tamm cannot know what emails were sent "on behalf of" the aforementioned websites, and therefore this request seeks information beyond the scope of her knowledge. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

4. All emails in YOUR possession, custody, or control that YOU exchanged with SELECT JUSTICE, including but not limited to all emails YOU exchanged with an email address ending in "@mg.selectjustice.com."

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ.

P. 26(b)(1) and fails to specify a reasonable time frame. Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

5. All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Ms. Tamm further objects that this request is more properly directed to Plaintiff, who is a party in this action and would possess these documents, to the extent such documents exist. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

6. All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge

and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

7.  All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Ms. Tamm further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Ms. Tamm and her counsel or members of her counsel's staff. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

8.  All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge

and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Ms. Tamm further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Ms. Tamm and her counsel or members of her counsel's staff.  **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

9.  All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

10. For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request as unduly burdensome, overly broad, and

highly invasive, considering it seeks her complete browsing history between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Ms. Tamm further objects on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

11. In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Ms. Tamm further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks all devices she used to access the internet between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Additionally, Ms. Tamm objects that this request is vague and ambiguous, specifically in its failure

to define "device" or the scope of "used to access the internet." In sum, the request invades Ms. Tamm's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

12. Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

**RESPONSE:** Ms. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and fails to specify a reasonable time frame. Ms. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Ms. Tamm's privacy and to intimidate Plaintiff through her family members. Additionally, Ms. Tamm objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Ms. Tamm's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Ms. Tamm will not be responding further to this request.**

*[Counsel signature block to follow on next page.]*

Dated: October 27, 2025

By: */s/ Anthony Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

Alex Phillips (*pro hac vice*)
Samuel J. Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com

*Attorneys for Plaintiff and the Settlement Class*

<u>**CERTIFICATE OF SERVICE**</u>

I, Caralina Casperson, Paralegal at Strauss Borrelli PLLC, hereby certify that on

October 27, 2025, I caused the foregoing to be transmitted by electronic mail (e-mail) to the

following counsel of record:

Eric Allen
**ALLEN MITCHELL & ALLEN**
2091 E Murray Holladay Rd.
Suite 21
Salt Lake City, UT 84117
801-930-1117
eric@allenlawyer.com

Jeffrey A Topor
**WOMBLE BOND DICKINSON**
50 California Street
Suite 2750
San Francisco, CA 94111
415-433-1900
jeff.topor@wbd-us.com

Michael K Lane
**WOMBLE BOND DICKINSON**
470 Atlantic Avenue
Suite 600
Boston, MA 02210
857-287-3160
michael.lane@wbd-us.com

Michelle Catapang
Tomio B Narita
**WOMBLE BOND DICKINSON**
50 California Street
Ste 27th Floor
San Francisco, CA 94111
415-433-1900
michelle.catapang@wbd-us.com
tomio.narita@wbd-us.com

*Attorney for Defendants*
*Select Justice, LLC*

DATED this 27th day of October, 2025.

Respectfully submitted,

By: */s/ Caralina M. Casperson*
Caralina M. Casperson, Paralegal
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
ccasperson@straussborrelli.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **EMILY TEMAN,** | |
| *Plaintiff*, | Case No. 1:24-cv-12656-LTS |
| *v.* | **PLAINTIFF'S RESPONSE TO AMENDED NOTICE OF TAKING OF DEPOSITION OF TERENCE TAMM** |
| **SELECT JUSTICE, LLC** | |
| *Defendant.* | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Terence Tamm submits the following objections and responses to Defendant's Amended Notice of Taking of Deposition of Terence Tamm.

## DOCUMENTS REQUESTED

1. All DOCUMENTS and DIGITAL FOOTPRINT EVIDENCE in YOUR possession, custody or control reflecting or evidencing any visit YOU or any PERSON made to the following websites:

    a. https://rideshare.justicehere.com/

    b. https://freelegalreviews.com/talcumpowder/0001/

    c. https://www.selectjustice.com/

**RESPONSE:** Mr. Tamm objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that he visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable

time frame. Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. Mr. Tamm further objects to the inclusion of "any PERSON" to the extent it requires Mr. Tamm to respond on behalf of someone other than himself. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

2. All DOCUMENTS in YOUR possession, custody or control relating to the loss, destruction, or deletion of any DIGITAL FOOTPRINT EVIDENCE of any visit YOU or any PERSON in YOUR household made to the following websites:

   a. https://rideshare.justicehere.com/

   b. https://freelegalreviews.com/talcumpowder/0001/

   c. https://www.selectjustice.com/

**RESPONSE:** Mr. Tamm objects to this request as overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks documents evidencing that he visited non-Facebook websites at any point in time, although Select Justice claims it obtained consent to call Plaintiff through Facebook on October 19, 2023, and/or October 28, 2023. Moreover, it fails to specify a reasonable time frame. Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

3. All emails in YOUR possession, custody or control that were sent to any of YOUR email
   addresses by or on behalf of the following websites:

   a. https://rideshare.justicehere.com/

   b. https://freelegalreviews.com/talcumpowder/0001/

   c. https://www.selectjustice.com/

**RESPONSE:** Mr. Tamm objects to this request as overbroad and unduly burdensome, and
not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P.  26(b)(1), and
it fails to specify a reasonable time frame. Mr. Tamm further objects to this request on the grounds
that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no
relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to
invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. Mr. Tamm
further objects to this request as hopelessly vague. Specifically, websites do not send emails, email
addresses do. Mr. Tamm cannot know what emails were sent "on behalf of" the aforementioned
websites, and therefore this request seeks information beyond the scope of his knowledge. **Given
the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be
responding further to this request.**

4. All emails in YOUR possession, custody, or control that YOU exchanged with SELECT
   JUSTICE, including but not limited to all emails YOU exchanged with an email address
   ending in "@mg.selectjustice.com."

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal
information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ.
P. 26(b)(1), and fails to specify a reasonable time frame. Mr. Tamm further objects to this request
on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition,

as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

5.  All COMMUNICATIONS YOU exchanged with EMILY TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. Mr. Tamm further objects that this request is more properly directed to Plaintiff, who is a party in this action and would possess these documents, to the extent such documents exist. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

6.  All COMMUNICATIONS YOU exchanged with GLENN TEMAN relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and

to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

7.  All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Paronich Law, P.C., including but not limited to, Anthony I. Paronich, relating to the ACTION.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. Mr. Tamm further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Tamm and his counsel or members of his counsel's staff. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

8.  All COMMUNICATIONS YOU exchanged with any lawyer or employee from the law firm Strauss Borrelli PLLC, including but not limited to, Alex Phillips, Samuel J. Strauss, and Wade Kelley, relating to the ACTION.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and

to intimidate Plaintiff through her family members. Mr. Tamm further objects to this request as seeking information protected from discovery by the attorney-client privilege and/or attorney work product doctrine, including communications between Mr. Tamm and his counsel or members of his counsel's staff. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

9. All COMMUNICATIONS YOU exchanged with any other PERSON relating to any of the websites identified in Request Nos. 1 through 3 above or to the ACTION.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

10. For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce all DOCUMENTS and electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, evidencing YOUR web browsing history during such time period.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks his complete browsing history between September 2023 and

December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Ms. Tamm further objects Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. Additionally, Mr. Tamm objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Mr. Tamm's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

11. In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between September and December, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Mr. Tamm further objects to this request as unduly burdensome, overly broad, and highly invasive, considering it seeks all devices she used to access the internet between September 2023 and December 2023, although Select Justice claims it obtained consent through Facebook on October 19, 2023, and/or October 28, 2023. Mr. Tamm further objects Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation.

Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. Additionally, Mr. Tamm objects that this request is vague and ambiguous, specifically in its failure to define "device" or the scope of "used to access the internet." In sum, the request invades Mr. Tamm's privacy and potentially seeks irrelevant personal, work-related, and third-party data. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

12. Copies of any complaints, demands, or claims YOU filed or submitted against any rideshare company, including Uber and Lyft, and/or any driver for any rideshare company, regarding allegations of assault or harassment.

**RESPONSE:** Mr. Tamm objects to this request on the grounds that it seeks personal information that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), and fails to specify a reasonable time frame. Mr. Tamm further objects to this request on the grounds that it serves no legitimate purpose and constitutes an improper fishing expedition, as she has no relevant personal knowledge and no connection to this litigation. Indeed, the request seeks to invade Mr. Tamm's privacy and to intimidate Plaintiff through her family members. **Given the burden imposed and the breach of privacy contemplated, Mr. Tamm will not be responding further to this request.**

*[Counsel signature block to follow on next page.]*

Dated: October 27, 2025

By: */s/ Anthony Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com

Alex Phillips (*pro hac vice*)
Samuel J. Strauss *(pro hac vice)*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com

*Attorneys for Plaintiff and the Settlement Class*

<u>**CERTIFICATE OF SERVICE**</u>

I, Caralina Casperson, Paralegal at Strauss Borrelli PLLC, hereby certify that on

October 27, 2025, I caused the foregoing to be transmitted by electronic mail (e-mail) to the

following counsel of record:

Eric Allen
**ALLEN MITCHELL & ALLEN**
2091 E Murray Holladay Rd.
Suite 21
Salt Lake City, UT 84117
801-930-1117
eric@allenlawyer.com

Jeffrey A Topor
**WOMBLE BOND DICKINSON**
50 California Street
Suite 2750
San Francisco, CA 94111
415-433-1900
jeff.topor@wbd-us.com

Michael K Lane
**WOMBLE BOND DICKINSON**
470 Atlantic Avenue
Suite 600
Boston, MA 02210
857-287-3160
michael.lane@wbd-us.com

Michelle Catapang
Tomio B Narita
**WOMBLE BOND DICKINSON**
50 California Street
Ste 27th Floor
San Francisco, CA 94111
415-433-1900
michelle.catapang@wbd-us.com
tomio.narita@wbd-us.com

*Attorney for Defendants*
*Select Justice, LLC*

DATED this 27th day of October, 2025.

Respectfully submitted,

By: <u>*/s/ Caralina M. Casperson*</u>
Caralina M. Casperson, Paralegal
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
ccasperson@straussborrelli.com