— **EXHIBIT F** —

| | |
|---|---|
| **From:** | Carly Roman |
| **To:** | "Lane, Michael"; Narita, Tomio |
| **Cc:** | TCPA Team; Anthony Paronich; Topor, Jeff; Catapang, Michelle |
| **Subject:** | RE: Teman v Select Justice - meet and confer re depositions |
| **Date:** | Friday, October 24, 2025 2:04:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Good afternoon,

Thank you for following up, and thank you for agreeing to depose Ms. Teman and her husband Mr. Teman back-to-back. Can you please confirm the depositions will take place on the same day in Framingham or by zoom? As we discussed during our call, travel to Boston or Worcester will be very difficult for Emily and Glenn given their childcare obligations. As such, we agree to produce them by zoom, or in Framingham near their homes if you insist on an in-person deposition. Please confirm which works for you.

While we agree to produce Ms. Teman's husband, we do not believe the allegations at issue here warrant invading Ms. Teman's family's life in a TCPA case, and your reasoning fails to justify it. Ms. Teman has submitted a declaration under oath that she has never contacted Select Justice about rideshare litigation, and has never even used a rideshare service, much less been assaulted in one. ECF 40-1. In that same declaration, she also confirmed that she spoke to her daughter Ms. Sibulesky, who expressly denied providing any information to Select Justice through its Facebook advertisements or otherwise. To get to the bottom of the alleged consent obtained through Facebook, both parties subpoenaed Facebook for information linking the IP address and consent submissions to any Facebook account, including Ms. Teman's, and Facebook lacked responsive information. Facebook produced no evidence anyone from Ms. Teman's family submitted the leads. Select Justice's "evidence" of consent, which it produced in discovery and submitted to this Court (ECF 39-6) was not even produced in native file format, and was internally generated. It does not establish that Ms. Teman, her daughter, or anyone in her daughter's household provided Ms. Teman's information to Select Justice through Facebook.

We believe the "lead" containing Ms. Teman's information, which was provided to Select Justice by Leadclient or some other third party, contains erroneous information. As you are aware, Facebook's subpoena response reflects that it has <u>no documents associated with the purported Click IDs</u> associated with the Select Justice campaign. This coupled with the facially erroneous data contained in the "lead" such as Ms. Teman's email address, the fact that the IP address is not associated with Ms. Teman, and the fact that Ms. Teman has never been in a ride share, calls into the question the accuracy of the purported "lead."

Also please note, we have been down this road before—Select Justice previously served four subpoenas on four members of Ms. Teman's family, and subsequently withdrew them. There is no basis to depose Ms. Teman's children and their spouses, especially considering the documents Plaintiff will provide, in exchange for you to withdraw the subpoenas without prejudice. Those documents include: (1) the Facebook activity report for Ms. Sibulesky; and (2) the Facebook activity report for Mr. Sibuleksy. **To the extent you are concerned about their privacy settings, please let us know what clarification would address those concerns**.  In addition to what we have already agreed to provide, we are willing to provide declarations (x4) from Mr. and Mrs. Sibuleksy and Mr. and Mrs. Tamm, confirming that they do not have access to their mother's Facebook, and did not provide consent to be contacted about the Rideshare Assault Campaign through Facebook or otherwise. If there are specific items you would like addressed or included in the declaration, we can discuss including that information, but ultimately the Facebook activity report will provide the best evidence of whether consent was obtained through Facebook as Select Justice's evidence purports to show.

Finally, regarding rescheduling the 11/18 status hearing, that should be fine, but we will confirm. Please let us know your response to the above, as we will need to consider next steps if the parties cannot agree.

Thank you,
Carly



**Carly Roman** She/Her
Attorney

Strauss Borrelli PLLC

980 N Michigan Ave., Suite 1610, Chicago, IL 60611
P: 872.263.1100    F: 872.263.1109
E: croman@straussborrelli.com

straussborrelli.com

The information contained in this message is confidential and intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this message and then deleting this message from your computer.

**From:** Lane, Michael <Michael.Lane@wbd-us.com>
**Sent:** Friday, October 24, 2025 10:31 AM
**To:** Carly Roman <croman@straussborrelli.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** TCPA Team <TCPA@straussborrelli.com>; Anthony Paronich <anthony@paronichlaw.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; Catapang, Michelle <Michelle.Catapang@wbd-us.com>
**Subject:** RE: Teman v Select Justice - meet and confer re depositions

Carly,

I wanted to follow up regarding availability to reschedule the November 18 status conference. We are available 11/17,11/19, 11/20, and 11/21. Please advise if any of those dates work with your schedules and, if so, whether you assent to our motion to reschedule. We'd like to get the motion on the docket soon.

Thank you

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Lane, Michael <Michael.Lane@wbd-us.com>
**Sent:** Tuesday, October 21, 2025 8:18 AM
**To:** Carly Roman <croman@straussborrelli.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** TCPA Team <TCPA@straussborrelli.com>; Anthony Paronich <anthony@paronichlaw.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; Catapang, Michelle <Michelle.Catapang@wbd-us.com>
**Subject:** RE: Teman v Select Justice - meet and confer re depositions

Carly,

Thank you for conferring with us last week and this email confirms our agreement to extend plaintiff's deadline to respond to October 27.

As for the depositions of Emily and Glenn, we are willing to schedule them back to back instead of dual track to assist with their schedules and obligations. As we discussed, we intend to conduct the depositions in person. In terms of the location, we have been unable to find a location in Framingham at this time. Emily and Glenn live on the eastern edge of Framingham and are less than 22 miles from our Boston office, which is the location we originally noticed. If we schedule the depositions to occur outside of the rush hour commute, it should not take them longer than 35-40 minutes to get to our office. If they would prefer to commute in the reverse direction to avoid as much traffic as possible, we could find a location in Worcester to conduct the depositions, but that would likely only save them 5-10 minutes. Accordingly, we believe our Boston office is the most convenient location but we are happy to work with you on the timing.

As for your request that we withdraw the deposition subpoenas without prejudice, we thought during our call that your proposal was limited to Terrance and Kerry Tamm, as you indicated at the start of our conversation that you understood the importance of Stacy and Dan's

depositions since their home is the location of the IP address that twice accessed our client's landing page and submitted requests to be contacted about the Rideshare Assault Campaign. Regardless, the Facebook activity report is not a sufficient substitute for the depositions. As we understand it, the activity report can be modified and is dependent on a user's privacy settings. Facebook's own information page relating to the activity report advises that not all user activity will be contained within the report. *See* [Review your activity off Meta technologies | Facebook Help Center](). Testing this myself, I see that my own account does not have any off Facebook activity as a result of my privacy settings. While the Facebook activity report is ESI responsive to our document requests, it is not the sole source of relevant information and we believe we have very narrowly tailored our requests to an exceptionally limited amount of browser/device activity within a very narrow temporal scope in order to minimize the burden of production as much as possible. We also intend to keep these third-party depositions focused, which is why we noticed multiple for each day.

As for Terrance and Kerry Tamm, we understand that you requested we withdraw those deposition notices without prejudice to renewing them if we have reason to believe they are involved in this matter. During our call, you suggested that since they do not live with Emily or at Stacy's house where the IP address demonstrates the consent came from, our seeking to depose Terrance and Kerry is no different than us seeking to depose all of Stacy and Dan's neighbors and friends who may have also accessed Stacy and Dan's home. We disagree with that argument for several reasons. First, whoever submitted the consent form from Stacy's IP address did so on two occasions, 9 days apart (including once very late at night) so it is unlikely that the consent was submitted by a neighbor over for a cookout or someone performing services inside the house during regular business hours. Second, whoever submitted the consent form did not only have access to Stacy's IP address, they also possessed personal information regarding Emily, including her actual telephone number, email address, zip code, and age. Family members would obviously all know that information, but its far less likely that Stacy and Dan's friends and neighbors would. Given what we know about the two written requests from Stacy's IP address to be contacted by our client to learn more about the Rideshare Assault campaign, we have a reasonable basis for believing that Terrance and Kerry, in addition to Stacy and Dan, possess information relevant to a claim or defense in this litigation. Accordingly, we are unwilling to withdraw the deposition subpoenas.

Finally, as we discussed, I have a personal conflict on November 18 when the Court scheduled our status conference. We plan to move to reschedule that conference and are available 11/17,11/19, 11/20, and 11/21. Please advise if any of those dates work with your schedules and, if so, whether you assent to our motion to reschedule.

Thank you


**Michael (Mike) K. Lane**
He/Him

Senior Counsel
Womble Bond Dickinson (US) LLP

**d:** 857-287-3160
**m:** 617-733-5795
**e:** Michael.Lane@wbd-us.com

Independence Wharf
470 Atlantic Avenue
Suite 600
Boston, MA 02210



**womblebonddickinson.com**

  

**From:** Carly Roman <croman@straussborrelli.com>
**Sent:** Tuesday, October 14, 2025 3:30 PM
**To:** Lane, Michael <Michael.Lane@wbd-us.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** TCPA Team <TCPA@straussborrelli.com>; Anthony Paronich <anthony@paronichlaw.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; Catapang, Michelle <Michelle.Catapang@wbd-us.com>
**Subject:** Teman v Select Justice - meet and confer re depositions

> External (croman@straussborrelli.com)
>
> Report This Email  FAQ

Michael and Tomio,

Thanks for taking the time to discuss depositions with us.

To sum up what we discussed, we agree to produce Emily and Glenn in Framingham the week of November 20, although they prefer zoom given Ms. Teman's childcare obligations. You agreed to look into conducting the deposition in person near Emily and her husband and will consider deposing Emily and Glenn back-to-back, rather than dual track (Emily first, Glenn second). Two hours seemed like a reasonable time estimate for Glenn, but you are not locking yourself down to that time limit. If you could provide an estimate of anticipated deposition length for Emily and Glenn, that would be helpful since they would like to know what there day is going to look like.

We also asked you to withdraw the deposition notices for plaintiff's family members, including Stacey, Dan, Terrence, and Kerry, without prejudice. In exchange, we will provide you with the Facebook Activity Report for Emily, Stacey, and Dan, for the time period during which Defendant alleges it obtained consent.

We do not understand why you seek to depose Terrence and Kerry Tamm, as they do not

reside at the plaintiff's home, or Stacey's home where defendant alleges consent was obtained. During our meeting, you indicated your belief that they are family members; however, in our view, that fact does not establish a sufficient basis for their depositions. Unless you are willing to withdraw the deposition notices without prejudice, please provide a detailed explanation of the relevance of their anticipated testimony to the claims or defenses at issue in this matter.

Finally, thank you for extending plaintiff's deadline to respond to the deposition subpoenas to October 27.

Best,



**Carly Roman** *She/Her*
Attorney

980 N Michigan Ave., Suite 1610, Chicago, IL 60611
P: 872.263.1100    F: 872.263.1109
E: croman@straussborrelli.com

straussborrelli.com

The information contained in this message is confidential and intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this message and then deleting this message from your computer.