# PARONICH LAW, P.C.

---

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich                                                                    Tel. (508) 221-1510
                                                                                       Fax (508) 318-8100
                                                                                       anthony@paronichlaw.com

**VIA ECF**

Honorable Leo T. Sorokin
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

>       Re: **Plaintiff's Supplemental Brief**
>           *Teman v. Select Justice, LLC*, **Civil Action No. 24-cv-12656-LTS**

Dear Judge Sorokin:

      Pursuant to the Court's October 10, 2025 Order (Doc. No. 61), the Plaintiff respectfully submits this status report. The Plaintiff's Motion to Compel (Doc No. 31), sought to compel discovery that has been sought for nearly a year at this point, each of which are discussed below.

1. **The Defendant has agreed to produce class calling data and the parties are negotiating the scope of that production.**

      The Defendant previously refused to produce the records of telemarketing calls to the putative class. With the appearance of new counsel, that is no longer the case. The parties have negotiated an initial data set of calling records, which should be produced within the week. The Plaintiff believes that withdrawing this portion of the motion to compel without prejudice is the most prudent course.

2. **The Defendant has moved its prior counsel's position that a Fed. R. Civ. P. 30(b)(6) deposition must happen before a Fed. R. Civ. P. 30(b)(1).**

      The parties are working to schedule the deposition of Mr. Valdez to occur in December. As such, this portion of the Plaintiff's motion to compel is moot once that deposition is scheduled.

3. **The Defendant continues to fail to produce evidence of consent it intends to rely on with respect to putative class members.**

      The Defendant's Answer includes the following affirmative defense:

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's class definition would include individuals who previously provided sufficient consent to be called, making the class definition improper on its face.

*See* ECF No. 11. The Defendant has continued to stand on its objection, but recently offered a sampling of some of the asserted consent it will rely on. The Plaintiff has explicitly reserved her rights that the sampling that will be offered will be appropriate, especially because she understands that to be 25 individuals out of the 75,000 or so that call records will be provided for. However, the Defendant has asserted that its soon to be produced expert report will support their sampling analysis. The Plaintiff has agreed to review this expert report and requests that he be permitted to supplement her briefing or otherwise respond to the analysis sixty days from the November 17, 2025 conference.

4. **While it was not part of the Plaintiff's motion to compel, the Plaintiff has filed a Motion to Quash the Second Set of Deposition Subpoenas served on the Plaintiff's family in this case. The Plaintiff recommends that a briefing schedule and hearing be submitted on that motion.**

The Plaintiff further notes that these subpoenas are especially baseless in light of the extensive record already produced in this action, including Plaintiff's own testimony, written discovery, and third-party materials obtained from the Defendant's vendors and calling platforms. None of that material suggests that members of the Plaintiff's family possess unique, relevant information that cannot be obtained from more appropriate sources. To the contrary, the Defendant's insistence on pursuing these depositions underscores the lack of any legitimate evidentiary purpose and demonstrates why court intervention is necessary at this stage.

Accordingly, the Plaintiff respectfully requests that the Court enter a briefing schedule and set the motion for hearing so that these issues may be resolved promptly. Resolving this matter will also allow the parties to proceed efficiently with the depositions currently being scheduled, the anticipated expert disclosures, and the production of the classwide calling data.

The Plaintiff also wishes to underscore that she remains committed to completing discovery efficiently and cooperatively. With the anticipated production of the initial classwide calling data and the scheduling of Mr. Valdez's deposition, the parties should soon have clarity on the remaining discovery milestones. The Plaintiff believes that timely resolution of the consent sampling issue, along with the motion to quash, will place the case in a posture where expert discovery and class-certification briefing can proceed without further interruption. Addressing these matters now will allow both sides to avoid duplicative motion practice and ensure that the existing schedule remains achievable.

We look forward to the hearing with the Court on Monday.

Sincerely,

*/s/ Anthony I. Paronich*

Anthony I. Paronich