womblebonddickinson.com



November 14, 2025

**VIA ECF**

Honorable Leo T. Sorokin
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**Re:**  ***Teman v. Select Justice, LLC, Civil Action No. 24-cv-12656-LTS***

Womble Bond Dickinson (US) LLP

Independence Wharf
470 Atlantic Avenue
Boston, MA 02210

t:   857.287.3100
f:   857.287.3101

Michael K. Lane
Senior Counsel
Direct Dial: 857-287-3160
E-mail: Michael.Lane@wbd-us.com

Defendant, Select Justice, LLC ("Defendant") provides the following update regarding the status of discovery in advance of the November 17, 2025 status conference.

By way of background, Select Justice assists individuals who have suffered injury or harm by helping connect them with third party legal representation or other legal services based on their needs. Select Justice does not charge individuals for these services. The company has different campaigns designed to address various forms of harm or injury, which it advertises online and through social media. The campaign at issue in this case is the Rideshare Assault Campaign, which focuses on assisting individuals who may have been sexually assaulted, or who know someone who may have been sexually assaulted, while using a rideshare service such as Uber or Lyft.

Contrary to the allegations of the Complaint filed in this matter, Select Justice does not randomly initiate unwanted telemarketing calls on a mass basis. Instead, Select Justice only attempts to contact persons it understands have already expressed an interest in being contacted by Select Justice and who have provided their prior express consent to receive the calls.

1. Issues Relating to Plaintiff's Pending Motion to Compel Class Discovery.

Even before this Court's Order denying the motion to stay class discovery, on September 15, 2025, Defendant served supplemental responses to Plaintiff's second set of written discovery (which contained the class discovery requests). The parties have conferred regarding Defendant's proposed scope of its production of outbound calling data and reached an agreement, subject to Plaintiff reserving her rights to seek a broader production. Defendant is in the process of compiling responsive documents and anticipates production on or about November 21, 2025.

The parties have also conferred regarding Defendant's proposed scope of its production of opt-in / consent records relating to its attempted outbound calls. These records contain sensitive information submitted in confidence by individuals who identify themselves or members of their family as victims of sexual assault. Defendant has agreed to produce a redacted statistically significant sample of 385 records, and Plaintiff has reserved her right to challenge the sufficiency of the sample, or any other challenge, but will await the review of that production.

Defendant also agreed to produce its 30(b)(1) witness for deposition on December 5, 2025. Plaintiff has requested the deposition be rescheduled due to a recent conflict and the parties are exchanging availability. Additionally, the parties intend to seek to extend the current deadlines to provide sufficient time for the completion of discovery and other upcoming filings and are preparing a motion for such relief.

Based on the foregoing, Defendant does not believe there are any disputes with respect to Plaintiff's pending motion to compel ripe for adjudication.[1] However, some of these issues may return for the Court's attention after the anticipated document production. Additionally, a new dispute foreshadowed in the Parties' prior Joint Status Report has reached an impasse.

2.  <u>New Discovery Issue Subject to Additional Briefing and Oral Argument</u>.

On October 1, 2025, Defendant noticed Plaintiff's deposition to occur on November 20, 2025 and served subpoenas to depose several members of Plaintiff's family. While depositions of family members may be atypical in most TCPA cases, here they will provide crucial evidence for Defendant. Defendant attempted to call Plaintiff because it received, on two separate occasions, consent forms submitted electronically from a device with an IP address location that matches the home of Plaintiff's daughter and son-in law, Stacy and Dan Sibulesky. Those consent forms have personal identifying information about the Plaintiff that are unlikely to be known by anyone other than Plaintiff or members of her family, including Plaintiff's telephone number, zip code, and the same email address Plaintiff listed on subsequent correspondence she sent to Defendant. Finally, in response to a subpoena issued in this litigation, InTake Desk, a company unaffiliated with Select Justice, produced a Trusted Form Certificate relating to a (third) lead submission associated with Emily Teman in connection with its Talcum Powder Settlement campaign. The Trusted Form Certificate reflects that someone using the same IP address associated with the Emily Teman lead submissions to Select Justice, which IP address Verizon has stated belonged to Plaintiff's daughter, Stacy Sibulesky at the time, accessed a Talcum Powder Settlement Page on October 31, 2023 (three days following the second eligibility form submissions on Select Justice's Rideshare Assault page). The Trusted Form Certificate logs the keystroke history as a user fills out the form, including what is typed into the form but deleted prior to actual submission. Here, the Trusted Form Certificate's log indicates that the user who submitted the form relating to the Talcum Power Settlement page first typed "<u>Sibulesky</u>" as the last name, then deleted it and replaced it with "<u>Teman</u>.". Given this evidence from multiple different sources, Defendant has a good faith basis to believe Plaintiff's family members possess relevant information to the claims and defenses in this matter.

The parties conferred telephonically on October 14 regarding Plaintiff's objections to these depositions, which were scheduled for November 19, 20, and 21. Defendant repeatedly indicated that it would not withdraw them given the current evidence and encouraged Plaintiff to file a motion if necessary. Plaintiff filed her motion to quash on November 13, 2025. Defendant has continued the depositions as a result, intends to file and opposition to the motion to quash, and requests that the Court schedule a hearing.

---

[1] To the extent the parties may not reach an agreement on the sampling of consent records, Defendant submits that the Court will require briefing as to that particular issue since these records relate to approximately 75,112 self-identified victims of sexual assault, contain highly sensitive information, and the burden of production and sufficient redactions is significant.

Dated: November 14, 2025

Respectfully submitted,

**SELECT JUSTICE, LLC,**
By its counsel,

*/s/ Michael K. Lane*
Michael K. Lane, BBO# 673501
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
(857) 287-3160
michael.lane@wbd-us.com

Jeffrey A. Topor (admitted pro hac vice)
Tomio B. Narita (admitted pro hac vice)
Michelle Catapang (admitted pro hac vice)
Womble Bond Dickinson (US) LLP
50 California Street Suite 2750
San Francisco, CA 94111
Jeff.Topor@wbd-us.Com
Tomio.Narita@wbd-us.Com
Michelle.Catapang@wbd-us.Com

## CERTIFICATE OF SERVICE

I, Michael K. Lane, hereby certify that on this 14th day of November, 2025, I caused the

foregoing pleading to be served upon the following known counsel by email, and through the

Court's CM/ECF notification system:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA
anthony@paronichlaw.com

*/s/ Michael K. Lane*
Michael K. Lane, BBO# 673501