IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT JUSTICE, LLC,<br><br>Defendant. | Civ. No. 1:24-cv-12656-LTS |

**JOINT MOTION TO CONTINUE CURRENT DEADLINES**

Plaintiff, Emily Teman ("Plaintiff") and Defendant, Select Justice, LLC ("Defendant"), respectfully request that the Court enter an Order continuing the current deadlines in this matter. The deadlines at issue are set forth below. As grounds for their motion, the Parties state as follows:

The underlying matter arises out of Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"). Plaintiff claims that Defendant placed calls to her telephone number while it was registered on the National Do Not Call Registry. *See* Dkt. No. 1. On December 11, 2024, the Court approved the parties' jointly proposed schedule. *See* Dkt. No. 18. On July 21, 2025, the Court approved the parties' first joint motion to extend the scheduling order deadlines. *See* Dkt. No. 55. As pertinent here, the remaining dates are as follows:

| | |
|---|---|
| November 17, 2025: | Defendant's rebuttal expert witness reports due |
| December 8, 2025: | Reply expert reports due |
| December 22, 2025: | Deadline to complete discovery |
| January 19, 2025: | Plaintiff's motion for class certification due |
| February 16, 2026: | Defendant's opposition to class certification due |
| March 2, 2026: | Plaintiff's reply in support of class certification due |

On September 15, 2025, Defendant served supplemental responses to Plaintiff's second set of written discovery and is in the process of collecting and compiling responsive documents relating to its supplemental responses to Plaintiff's second set of written discovery. On September 25, 2025, this Court issued an Order, denying Defendant's cross-motion to stay class certification discovery and keeping Plaintiff's motion to compel under advisement while directing the parties to further confer. The parties have continued to confer regarding the proposed scope of production of class discovery, as well as discovery issues that have arisen since the filing of Plaintiff's motion to compel. A status conference is currently scheduled with the Court for November 17, 2025.

Defendant anticipates production of calling record discovery within a proposed scope on or about November 21, 2025 and Plaintiff has reserved her rights to review such production and contest, or not, the scope of same. Defendant also anticipates production of redacted consent records within a proposed scope shortly thereafter, and the parties continue to disagree and confer over whether such proposed scope is sufficient. Additionally, Plaintiff has requested that a Rule 30(b)(1) deposition that it noticed of a defendant witness for December 5 be rescheduled due to a conflict, and the parties are coordinating new dates. Finally, Defendant has continued numerous depositions noticed for November 19, 20, and 21 until resolution of Plaintiff's motion to quash, filed November 13, 2025. Furthermore, the Plaintiff intends on meeting and conferring regarding a recent subpoena response received from counsel for the Defendant, who also represents a third=-party.

Given the ongoing document production, discovery disputes, and depositions that remain, the parties jointly aver that additional time is necessary to properly prepare their claims and defenses. Accordingly, the parties jointly request that the Court issue an Order continuing all remaining deadlines by the modest amounts set forth as follows:

December 12, 2025:   Defendant's rebuttal expert witness reports due

January 16, 2026:    Reply expert reports due

February 20, 2026:   Deadline to complete discovery

March 13, 2026:      Plaintiff's motion for class certification due

April 3, 2026:       Defendant's opposition to class certification due

April 15, 2026:      Plaintiff's reply in support of class certification due

Courts can modify a scheduling order for "good cause." *See* Fed. R. Civ. P. 16(b)(4). Good cause exists here, given the discovery that remains and the unresolved disputes relating thereto. Accordingly, the parties respectfully and jointly request the Court enter an Order continuing the remaining deadlines.

Dated: November 14, 2025

        Respectfully submitted,

**EMILY TEMAN, individually and on behalf of all others similarly situated,**
By her counsel,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

**SELECT JUSTICE, LLC,**
By its counsel,

*/s/ Michael K. Lane*
Michael K. Lane, BBO# 673501
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
(857) 287-3160
michael.lane@wbd-us.com

> Jeffrey A. Topor (admitted *pro hac vice*)
> Tomio B. Narita (admitted *pro hac vice*)
> Michelle Catapang (admitted *pro hac vice*)
> Womble Bond Dickinson (US) LLP
> 50 California Street, Suite 2750
> San Francisco, CA 94111
> Jeff.Topor@wbd-us.com
> Tomio.Narita@wbd-us.com
> Michelle.Catapang@wbd-us.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on November 14, 2025 through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>     */s/ Anthony Paronich*