# **<u>Exhibit 1</u>**

| | |
|---|---|
| **From:** | Catapang, Michelle |
| **To:** | "Carly Roman"; Narita, Tomio; Anthony Paronich; Sam Strauss |
| **Cc:** | Lane, Michael; Topor, Jeff; TCPA Team |
| **Subject:** | RE: Teman v. Select Justice - meet and confer re browsing history |
| **Date:** | Wednesday, December 3, 2025 2:27:59 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png |

Carly,

Please see my responses in blue below. Thanks.

**From:** Carly Roman <croman@straussborrelli.com>
**Sent:** Wednesday, December 3, 2025 7:24 AM
**To:** Catapang, Michelle <Michelle.Catapang@wbd-us.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>; Anthony Paronich <anthony@paronichlaw.com>; Sam Strauss <sam@straussborrelli.com>
**Cc:** Lane, Michael <Michael.Lane@wbd-us.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; TCPA Team <TCPA@straussborrelli.com>
**Subject:** RE: Teman v. Select Justice - meet and confer re browsing history

> External (croman@straussborrelli.com)
>
> Report This Email  FAQ

Michelle, thank you for your thoughtful and thorough response. I address your points in the same order.

1. Mr. and Ms. Tamm stand by their objections. Select Justice has not established any connection between the Tamms and the conduct at issue, beyond the fact that they happened to be related to Plaintiff. Absent a substantive connection, we cannot advise that they provide additional information beyond what they have already disclosed. We will withdraw the deposition notices without prejudice as to the Tamms; however, we will press forward with document discovery and understand we've reached an impasse on that issue. While they do not reside with the Sibulesky's, it is possible that they submitted the leads during a visit to the Sibulesky residence. If they do not have any relevant information, then they should simply say so.

2. We agree to supplement Ms. Sibulesky, Mr. Sibulesky, and Mr. Teman's responses to indicate whether any documents were withheld on the basis of objections. Thank you. We'd ask that you please provide supplemental

responses by 12/15/25 so that we have them in advance of the hearing.

3. We propose that Select Justice withdraw all family-member deposition notices without prejudice, with the understanding that they may be renoticed, if appropriate, following the results of the forensic review of the witnesses' devices. Document discovery should be completed first. Please note that we still maintain that a forensic examination of family member devices is extraordinary discovery in a TCPA case such as this, and not proportional to the needs of this case, but we are nevertheless attempting to resolve this dispute by offering the devices of Ms. Sibulesky, Mr. Sibulesky, and Mr. Teman for review. We will not agree to withdraw the deposition notices of the other relatives. As we've stated previously, device browsing histories are not adequate substitutes for the relatives' depositions given the digital evidence tying the Sibulesky residence to the lead submissions. That said, we can agree to reschedule their depositions on a mutually convenient date following the inspection of their devices. Since whether the Tamms' devices should be included in the inspection is a subject of dispute that won't be resolved until after the hearing on the pending motion, we assume there will be time for the collection and production to occur prior to the depositions being rescheduled.

4. As noted above, Select Justice has not established any connection between the Tamms and this case. However, we will obtain consent from the other family members, including Ms. Sibulesky, Mr. Sibulesky, and Mr. Teman.

    a. We agree with the narrowed 20-day period.

    b. We agree to jointly retain the third-party vendor to conduct the data collection and search within the agreed upon parameters.

    c. We agree in principle to the proposed protocol, but we can discuss it further after you provide a list of search terms and proposed parameters. Please circulate the collection protocol you would like to use, so we can review and reach an agreement in advance. We will circulate a collection and search protocol.

    d. We agree to the confidentiality designation process you outline here, and will work through the mechanics of it with you. We will send you a proposed protective order shortly.

    e. Because Select Justice is the party seeking this discovery, and we do not believe it is proportional to the needs of the case, we do not agree to split the costs. However, we are happy to provide a quote from the vendor we have used in the past, Home - MRD Services, once we have reached an agreement on the collection protocol. We are willing to bear the cost of the forensic examinations but would appreciate a quote from your suggested vendor. If it does not appear competitive, we may propose a different vendor for those services.

Please let us know how you would like to proceed.

Best,

Carly



**Carly Roman** *She/Her*
Attorney

Strauss Borrelli PLLC

980 N Michigan Ave., Suite 1610, Chicago, IL 60611
P: 872.263.1100    F: 872.263.1109
E: croman@straussborrelli.com
straussborrelli.com

The information contained in this message is confidential and intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this message and then deleting this message from your computer.

**From:** Catapang, Michelle <Michelle.Catapang@wbd-us.com>
**Sent:** Monday, December 1, 2025 8:36 PM
**To:** Narita, Tomio <Tomio.Narita@wbd-us.com>; Carly Roman <croman@straussborrelli.com>; Anthony Paronich <anthony@paronichlaw.com>; Sam Strauss <sam@straussborrelli.com>
**Cc:** Lane, Michael <Michael.Lane@wbd-us.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; TCPA Team <TCPA@straussborrelli.com>
**Subject:** RE: Teman v. Select Justice - meet and confer re browsing history

Carly,

Thank you for considering our proposal and providing the outlines of a constructive path towards resolution.

From our perspective, that looks like the following:

1. The Tamms objected to and refused to search for and produce documents responsive to any request. We proposed that they search for and produce responsive documents.
2. With the exception of Requests 10 & 11 (which are discussed below at No. 4), all of the other witnesses provided objections to each request and thereafter stated that they possessed no responsive documents after conducting a reasonably diligent search. We would ask those responses to be supplemented to indicate whether any responses documents were/were not withheld on account of the objections. This would obviously also apply to the responses from the Tamms, requested above.
3. Provided agreement as to the above two issues and the one below, we would withdraw without prejudice the notices of depositions for the Tamms.
4. All of the witnesses (including the Tamms) would submit their devices for forensic examination to the third-party vendor.
    a. The temporal scope of the search of the devices will be the narrowed 20-day period Michelle indicated below.
    b. The parties will jointly retain the third-party vendor to conduct the data collection and search within the agreed upon parameters. We are agreeable with using your proposed vendor, but are happy to propose others as well.
    c. The vendor will collect and search for responsive ESI pursuant to a collection and search protocol that the parties will reach an agreement on. We are happy to put together a list of search proposed parameters but, to be clear, it would not be limited simply to Select Justice's URL or Facebook. For instance, if one of the witnesses' search histories during the 20-day period included google searches with terms like "Uber" "Lyft" "assault" "lawyer" "rideshare victim" or even "tcpa claims", it is pretty obvious why we would consider it relevant that someone was searching for that information in the days leading up to an Opt-In submission for a Rideshare Assault Campaign.
    d. Any responsive ESI that hits on the search protocol within the 20-day period will be provided by the vendor to both parties under an "Attorney's Eyes" only confidentiality, and the producing party will then have an opportunity to propose redactions to ESI that fell within the search protocol but is not relevant, or is sensitive, or otherwise calls for protection in good faith. The receiving party may challenge the proposed redactions if necessary, as is standard in most protective orders. We are happy to work through the actual mechanics of that.
    e. We suggest the parties split the cost of the forensic examination. Perhaps your vendor could provide a quote for a 20-day period of ESI from X number of devices with a list of search terms overlayed across that ESI.

Please let us know your thoughts so we can keep moving forward during the discovery phase of this litigation.

Thank you.

Michelle

---

**From:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Sent:** Saturday, November 29, 2025 1:33 PM
**To:** Carly Roman <croman@straussborrelli.com>; Catapang, Michelle <Michelle.Catapang@wbd-us.com>; Anthony Paronich <anthony@paronichlaw.com>; Sam Strauss <sam@straussborrelli.com>
**Cc:** Lane, Michael <Michael.Lane@wbd-us.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; TCPA Team <TCPA@straussborrelli.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>
**Subject:** RE: Teman v. Select Justice - meet and confer re browsing history

Carly, thank you. I hope you are enjoying some time off for the holiday. We did receive your email, and we appreciate your clients' willingness to work with us to narrow or hopefully eliminate these discovery disagreements. Our team has not had a chance to connect and coordinate on a response to your proposal, but we will do so at our earliest opportunity.

Regards,

Tomio

**Tomio Narita**
Partner
Womble Bond Dickinson (US) LLP

| | | |
|---|---|---|
| **d:** | 415-765-6274 | 50 California Street |
| **m:** | 415-519-6093 | Suite 2750 |
| **e:** | Tomio.Narita@wbd-us.com | San Francisco, CA 94111 |



**womblebonddickinson.com**

  

**From:** Carly Roman <croman@straussborrelli.com>
**Sent:** Tuesday, November 25, 2025 12:07 PM
**To:** Catapang, Michelle <Michelle.Catapang@wbd-us.com>; Anthony Paronich <anthony@paronichlaw.com>; Sam Strauss <sam@straussborrelli.com>

**Cc:** Lane, Michael <Michael.Lane@wbd-us.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>; TCPA Team <TCPA@straussborrelli.com>
**Subject:** RE: Teman v. Select Justice - meet and confer re browsing history

> External (croman@straussborrelli.com)
>
> Report This Email  FAQ

Dear Ms. Catapang,

Thank you for your email. We still need to obtain consent from our clients, but we anticipate being able to agree to the limited time parameters you propose for Ms. Teman, as well as for Ms. Sibulesky and Mr. Sibulesky. However, we do not agree that any information from the Tamms is discoverable considering your claim that the IP address which allegedly submitted Ms. Teman's consent form can be traced back to the Sibulesky residence.

We propose that a third-party forensic expert conduct the examination of the devices used by Ms. Teman, Ms. Sibulesky, and Mr. Sibuleksy to access the internet and/or Facebook (a/k/a Meta) between October 10 - 31, 2023, and that the expert produce any responsive data related to Select Justice and its rideshare litigation, such as visits to Select Justice's website; any review, engagement or interaction with Facebook ads related to Select Justice; and any other data reflecting exposure to or interaction with Select Justice during the agreed upon time period. To be clear, we will not be producing any internet history or browsing data unrelated to this case, and any production with history will have unrelated information redacted. In this way, we hope to strike a balance between protecting the privacy of our clients, while still providing responsive, verifiable data, to the extent it exists.

We have previously used MRD Services, see Home - MRD Services, and suggest them for this purpose. In addition, we request that your client be responsible for covering the full cost of the third-party forensic expert who performs the collection.

If this is agreeable to you, please circulate the collection protocol you would like to use, so we can review and reach an agreement in advance. Once we have reached an agreement on the collection protocol, we can share it with MRD Services and get an estimate for the relevant scope of work.

Best,



**Carly Roman** *She/Her*
Attorney

980 N Michigan Ave., Suite 1610, Chicago, IL 60611
P: 872.263.1100   F: 872.263.1109
E: croman@straussborrelli.com
straussborrelli.com

The information contained in this message is confidential and intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this message and then deleting this message from your computer.

**From:** Catapang, Michelle <Michelle.Catapang@wbd-us.com>
**Sent:** Friday, November 21, 2025 11:16 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Sam Strauss <sam@straussborrelli.com>; Carly Roman <croman@straussborrelli.com>
**Cc:** Lane, Michael <Michael.Lane@wbd-us.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>; Topor, Jeff <Jeff.Topor@wbd-us.com>
**Subject:** Teman v. Select Justice - meet and confer re browsing history

Counsel,

After considering Judge Sorokin's comments from the status conference, we have decided to significantly narrow the scope of document requests 10 & 11 in the Subpoenas as follows:

- No. 10 – For each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between ~~September and December~~October 10 - 31, 2023, including but not limited to any smart phone, laptop, desktop, or tablet, produce ~~all~~ DOCUMENTS and electronically stored information, including DIGITAL FOOTPRINT EVIDENCE, ~~evidencing~~sufficient to show YOUR ~~complete~~ web browsing history during such time period.

- No. 11 – In lieu of responding to Request No. 10, above, produce each device that YOU have used to access the internet and/or Facebook (n/k/a Meta) between ~~September and December~~October 10 - 31, 2023, and permit SELECT JUSTICE or its representative(s) to conduct inspection, copying, testing, and/or sampling of the device's electronically-stored information, including DIGITAL FOOTPRINT EVIDENCE, during that time period.

The family members' browsing histories around the time of the opt-in consent submissions on October 20 and 28, 2023 may uncover relevant evidence regarding their involvement in those submissions. Please let us know whether these modifications resolve Plaintiff's concerns regarding these requests.

Separately, we are going to produce shortly native files containing the lead and call data for Plaintiff.

Michelle Catapang

**Michelle Catapang**
Associate
Womble Bond Dickinson (US) LLP

**d:** 415-765-6244
**e:** Michelle.Catapang@wbd-us.com

50 California Street
Suite 2750
San Francisco, CA 94111



**womblebonddickinson.com**

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.