— **EXHIBIT A** —



Perkins Coie LLP  
700 13th Street, N.W.  
Suite 800  
Washington, D.C. 20005-3960  

T. +1.202.654.6200  
F. +1.202.654.6211  
perkinscoie.com  

May 21, 2025

John K. Roche  
JRoche@perkinscoie.com  
D. +1.202.434.1627  
F. +1.202.654.6211  

**VIA EMAIL**

Alex Phillips  
Strauss Borrelli PLLC  
980 N. Michigan Ave.  
Chicago, IL 60611  
872-263-1100  
aphillips@straussborrelli.com

Re:   **Subpoena to Meta Platforms, Inc.**  
      **Teman v. Select Justice, LLC, No. 1:24-cv-12656 (D. Mass.)**  
      **Internal Ref. No. 9448141**

Dear Alex:

We represent Meta Platforms, Inc. (Meta) and write regarding the subpoena issued to Meta in the above-referenced matter. Meta objects to the subpoena for the reasons below, but is currently working with the defendant (who issued a similar subpoena last month) to determine if it can locate any relevant records and will keep you apprised of those efforts.

First, Meta's headquarters is in Menlo Park, California, but the subpoena demands compliance more than 100 miles from Menlo Park and is therefore invalid under Fed. R. Civ. P. 45(c)(2)(A).[1] *See Ortiz v. Harrell,* No. 21-14219-CIV, 2022 WL 457856, at *4 (S.D. Fla. Feb. 14, 2022) ("For non-party corporations, courts find that 'the place of compliance' is where a corporation is headquartered."); *Nicolosi v. BRG Sports, Inc.,* No. 16 CV 2910 (SJ), 2019 WL 8158470, at *2 (E.D.N.Y. Dec. 23, 2019) ("Target's principal place of business is located in Minnesota. Therefore, while the subpoena properly issued from this Court, Target would only be required to produce responsive documents within 100 miles of Target's business location."). As a practical matter, we can resolve this objection if you agree that any litigation with Meta regarding the subpoena would occur in the U.S. District Court for the Northern District of California.

Second, requests 1-4 are moot because Meta has determined it cannot identify any records associated with the click IDs in this matter.

---

[1] An email address is not a proper place of compliance, though if we're able to resolve this matter, we can agree to make any production in this matter via email. *See CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) ("an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means").

Page 2

Third, requests 5-6 for information regarding an IP address from 2023 may not be reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 45(e)(1)(D).

Finally, requests 1-5 implicate the Stored Communications Act (SCA), 18 U.S.C. § 2702(a), to the extent they seek non-content records associated with the contents of any communications. *See Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.,* No. C 12-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (producing non-content based on a search for associated content is prohibited by the SCA). We may nevertheless be able to overcome any SCA issues if we can confirm that the parties in this case were the originators and/or recipients of any communications and that they consent to these requests.

Please contact me to further discuss if you have questions regarding any of the above. Meta otherwise preserves and does not waive any other available objections or rights.

Sincerely,

John Roche