— **EXHIBIT B** —

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY TEMAN**, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>**SELECT JUSTICE, LLC**,<br><br>      Defendant. | No. 1:24-cv-12656-LTS |

**DECLARATION OF STACEY SIBULESKY**

I, Stacey Sibulesky, hereby declare and state as follows:

  1. I am the Plaintiff's daughter in the above captioned case, and I reside in Framingham, Massachusetts, with my husband Daniel Sibulesky. I have personal knowledge of the information set forth herein and, if called upon, I am competent to testify to the contents of this declaration.

  2. I am submitting this declaration in support of Emily Teman and Her Non-Party Family Members' Motion to Quash or Modify Subpoenas and for a Protective Order.

  3. I was informed that Select Justice served a subpoena on me seeking documents and deposition testimony. I confirm that I retained Plaintiff's counsel to represent me, and I understand that Plaintiff's counsel accepted service of that subpoena on my behalf.

  4. I authorized Plaintiff's counsel to file a Motion to Quash on my behalf because I am the individual subject to the subpoena and the one whose rights are implicated by it. Although the Motion to Quash was signed by Plaintiff's counsel, this was done on my behalf and with my permission.

Doc ID: dc388db75ec5bdb2709db1e43ac62eba8c941e53

5.  To remove any doubt, I confirm that: (a) I join the Motion to Quash; (b) I seek the relief requested; and (c) the Motion to Quash is filed on my behalf.

6.  Furthermore, I expressly deny ever providing Ms. Teman's information to Select Justice through its Facebook advertisements or otherwise, from my residence or from anywhere else. If someone did in fact provide Ms. Teman's contact information to Select Justice, I have no reason to know who did.

7.  The prospect of being deposed and having my electronic devices examined has caused me significant stress and anxiety because I do not understand the legal process and I have no personal knowledge of the issues in this case and no relationship to this case beyond being Ms. Teman's daughter.

8.  As a reasonable compromise, I offered to provide my Facebook Activity Report accompanied by a declaration swearing to my non-involvement in lieu of sitting for a deposition and having my devices examined. However, I understand Select Justice rejected that offer, and still insists on conducting a forensic examination of my devices and deposing me.

9.  I reside in Framingham, Massachusetts. Traveling into downtown Boston for an in-person deposition would require me to take substantial time away from my work and family responsibilities. Taking several hours or potentially an entire day to travel to and attend a deposition in Boston would impose a significant burden on me.

10. Select Justice's insistence on an in-person deposition in downtown Boston when a remote deposition would serve the same purpose creates unnecessary hardship for me as a non-party.

11. Moreover, I have no relevant information regarding Select Justice's defenses, and I do not understand why my testimony, my devices, and/or my internet browsing history are

Doc ID: dc388db75ec5bdb2709db1e43ac62eba8c941e53

required in the first place. The additional burden created by requiring in-person attendance, combined with the attempt to invade my privacy by examining my devices, feels unnecessary and unfair.

12. I respectfully request that the Court quash Select Justice's subpoena to me in its entirety. Alternatively, I request that the Court permit any deposition of me to be taken remotely or at a location in Framingham, Massachusetts, in order to minimize the significant burden and stress associated with complying with Select Justice's current demands.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14 2025.                /s/ *Stacey Sibulesky*
                                              Stacey Sibulesky