# **ATTACHMENT C**

**Proposed Collection and Search Protocol**

1. Vendor shall collect from each of the named witnesses (Glenn Teman, Emily Teman, Stacy Sibulesky, and Daniel Sibulesky) each electronic device they used to access the internet and/or Facebook (n/k/a Meta) between October 10 and October 31, 2023 in their possession, custody, or control, including but not limited to desktops, laptops, notebooks, iPads, tablets, and cellular telephones.

2. From each device collected, Vendor shall collect all DIGITAL FOOTPRINT EVIDENCE between the dates October 10 - 31, 2023.

"DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific term has been entered into a search engine or a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

3. Vendor shall conduct a search of all DIGITAL FOOTPRINT EVIDENCE concerning the following websites and terms.

Websites:

https://www.facebook.com!

https://rideshare.justicehere.com!

https://rideshareassualtsupport.com!

https://www.rideshareassaultsupport.com!

https://www.selectjustice.com/!

https://freelegalreviews.com/lps/rideshare!

https://www.rideshareassaultsupport.com!

https://www.goldwaterlaw.com/rideshares

Terms:

Uber

Lyft

Rideshare

Ride /s share

Assault!

Sex /s (assault OR harass! OR claim)

TCPA

"telephone consumer protection act"

Unwanted /s (call! OR market! OR ad! OR touch!)

Do /s not AND call

Telemarketing

Spam /s calls

Lead /s generator

Telephone /solicitation

Consumer /s protection

Class /s action

Lead /s client

Select /s justice

Justice /s here

*Note that the use of a "!" in the search terms indicates a root expander will be used when running the search to ensure that documents are captured where the search term is preceded and/or followed immediately by other characters. Search terms should be run without reference to capitalization. To the extent any search terms cannot or will not be run due to technical limitations, the Vendor will inform counsel for both parties and a solution will be negotiated.

4. The Vendor shall collect DIGITAL FOOTPRINT EVIDENCE responsive to any of the above websites and search terms and shall provide the material to Plaintiff's counsel for a privilege and responsiveness review. In no circumstances shall the Forensic Vendor provide any Device or collected materials to Defendant, Defendant's Outside Counsel of Record, or any third party.

WBD (US) 4916-6205-4016

5.  Plaintiffs' counsel shall complete the privilege and responsiveness review within five (5) business days of receipt of the collected material, and will produce it to Defendant's Counsel of Record pursuant to the Joint Protective Order. This review period shall be tolled to the extent additional time is reasonably required due to the volume of material collected, or the need to resolve any disputes regarding privilege, responsiveness, or scope. If any tolling is reasonably required, Plaintiff's counsel shall provide good-faith written notice to Defendant's counsel identifying the basis for tolling and the estimated additional time reasonably necessary to complete the review.

6.  To the extent Plaintiff's counsel withholds any material provided by the Forensic Vendor following the privilege and responsiveness review, Plaintiff's counsel shall identify the basis for withholding, including whether the material is withheld on grounds of privilege, work-product protection, lack of responsiveness, or scope, in a manner consistent with the applicable Protective Order. Nothing herein shall require disclosure of privileged information. In the event a Party knows or reasonably should know that documents or information are relevant and responsive to a document request, it shall not withhold that document from production on the basis that it does not contain an agreed-upon search term.