# **ATTACHMENT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT JUSTICE, LLC,<br><br>Defendant. | Civ. No. 1:24-cv-12656-LTS |

**STIPULATION REGARDING FORENSIC INSPECTION PROTOCOL FOR ELECTRONIC DEVICES**

**I. PURPOSE**

1.  Plaintiff Emily Teman and Defendant Select Justice, LLC (collectively, the "Parties") have agreed to conduct collection, imaging, and document and forensic review of the contents of electronic devices in the above-captioned matter. The protocol described in this Stipulation (the "Inspection Protocol") contains the processes that will be used for the inspection of electronic devices.

**II. DEVICES SUBJECT TO THIS PROTOCOL**

2.  The electronic devices subject to this Inspection Protocol (the "Device(s)") shall include each electronic device Glenn Teman, Emily Teman, Stacy Sibulesky, and Daniel Sibulesky used to access the internet and/or Facebook (n/k/a Meta) between October 10, 2023, and October 31, 2023 in their possession, custody, or control, including but not limited to desktops, laptops, notebooks, iPads, tablets, and cellular telephones.

**III. PROTOCOL FOR FORENSIC INSPECTION AND PRODUCTION**

3.  Plaintiff and Defendant will jointly engage [_____] (the "Forensic Vendor") to collect all DIGITAL FOOTPRINT EVIDENCE located on the Devices that is responsive to an

agreed-upon list of websites and search terms to be provided jointly by the Parties, limited to the date range of October 10, 2023 through October 31, 2023.

**4.**  "DIGITAL FOOTPRINT EVIDENCE" shall mean any and all evidence that could indicate that a specific term has been entered into a search engine or a specific website has been visited, including but not limited to, browser history logs (including time stamps), cookies, cache files, autofill data, bookmarks or reading lists, download histories, system logs, DNS caches, network traffic logs, session data including session tokens, registry entries, browser extensions (e.g., ad blockers, analytics tools), application logs, cloud or computer-based backups, and error logs.

**5.**  Plaintiff and the owner(s) of each electronic device subject to inspection shall make available to Forensic Vendor the Devices, including any necessary login IDs, passwords, encryption keys, two-factor authentication information, or other information required to access or decrypt the Devices.

**6.**  The collection shall be conducted solely through logical extractions, shall not include data outside the specified date range, and shall be limited to user-accessible data reasonably related to the identified websites and search terms.

**7.**  The Forensic Vendor agrees to be bound by the terms of this Inspection Protocol and shall execute a copy of Exhibit A to the Stipulated Protective Order.  Defendant is responsible for paying the reasonable costs associated with the Forensic Vendor's services related to this Inspection Protocol.

**8.**  The Forensic Vendor will image, document, and forensically review each Device tendered to it as follows:

    **(a)**  Plaintiff and Plaintiff's counsel will assist the Forensic Vendor to externally inspect and photograph the Device to record identifying information, such as the model, serial number, and/or International Mobile Equipment Identity ("IMEI") number. The Device will be placed in Airplane Mode, if available, to further protect the Device from modification.

**(b)** The Forensic Vendor will document any changes it is required to make to a Device to prepare the Device for forensic preservation, including restoration of any backups on the Device.

**(c)** The Forensic Vendor shall collect from each Device all DIGITAL FOOTPRINT EVIDENCE between October 10, 2023 through October 31, 2023, and thereafter search within that DIGITAL FOOTPRINT EVIDENCE for all electronically stored information ("ESI") responsive to the agreed-upon list of websites and search terms provided jointly by the Parties, to the extent this information is available on the Devices.

**(d)** The Forensic Vendor shall provide simultaneously to counsel for Plaintiff and Defendant all ESI responsive to the agreed-upon list of websites and search terms provided jointly by the Parties.

**(e)** Plaintiffs' counsel may review the responsive ESI within five (5) business days of receipt and designate portions of the ESI pursuant to the Joint Protective Order. This review period shall be tolled to the extent additional time is reasonably required due to the volume of material collected, or the need to resolve any disputes regarding privilege, responsiveness, or scope. If any tolling is reasonably required, Plaintiff's counsel shall provide good-faith written notice to Defendant's counsel identifying the basis for tolling and the estimated additional time reasonably necessary to complete the review.

**(f)** To the extent Plaintiff's counsel identifies a reasonable basis to claw back any material provided by the Forensic Vendor on grounds of privilege, work-product protection, lack of responsiveness, or scope, , Plaintiff's counsel shall identify in writing the basis for any claw back, in a manner consistent with the applicable Protective Order. In the event a Party knows or reasonably should know that documents or information are relevant and responsive to a document request, it shall not withhold that document from production on the basis that it does not contain an agreed-upon search term.

**(g)** Plaintiff and device owners agree to cooperate in good faith with the Forensic Vendor to assist with the use, operation, and access of the Devices, including but

not limited to providing password and login information necessary to access accounts and cooperating with the Forensic Vendor as needed (*e.g.*, to provide two-factor authentication information).

**(h)** The Forensic Vendor will work with Plaintiff and Plaintiff's counsel to schedule the collection.

9. *Preservation.* Plaintiffs' counsel shall preserve, store, and maintain all images, documentation, and photographs created under Paragraph 8 until the final disposition of this action.

10. *Confidentiality.* The Parties agree to treat all images, documentation, and photographs created under Paragraph 8 (and copies thereof) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to any de-designation requests or challenges by either Party, pursuant to the terms of the Joint Protective Order.

## IV. DEVIATIONS FROM PROTOCOL

11. The Forensic Vendor may not unreasonably deviate from this Inspection Protocol and must document all deviations, including the reasons for any such deviations, which documentation the Forensic Vendor shall provide to the Parties' Counsel of Record.

## V. DATA SECURITY

12. The Forensic Vendor shall take all precautions standard within the data security field to ensure that Plaintiffs' Devices and any information derived therefrom, including the images, documentation, and photographs created under Paragraph 8, are kept secure and that any documents transferred to Plaintiff's Counsel of Record pursuant to Paragraph 8(d) shall be transferred securely, including by using password protection.

## VI. RESERVATION OF RIGHTS

13. The Parties reserve the right to request and/or refuse additional inspection, examination, and analysis of the Devices, any backups of the Devices, or the forensic images of such Devices or backups. The Parties will confer regarding any such request and/or refusal for

additional inspection, examination, or analysis in an attempt to reach agreement before seeking Court intervention.

**IT IS SO STIPULATED.**

Dated:  January__, 2026

_____*/s/ DRAFT*_____         _____*/s/ DRAFT*_____