# **ATTACHMENT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT JUSTICE, LLC,<br><br>Defendant. | Civ. No. 1:24-cv-12656-LTS |

**JOINT [PROPOSED] PROTECTIVE ORDER**

Plaintiff, Emily Teman ("Plaintiff") and Defendant, Select Justice, LLC ("Defendant") (collectively the "Parties"), hereby submit the following joint proposed order regarding confidentiality and appropriate designations, which shall apply to Discovery Material produced in this action pursuant to the Local Rules for the District of Massachusetts and the Federal Rules of Civil Procedure governing disclosure and discovery.

1.     Definitions:

   a.     "CONFIDENTIAL" Designated Material: Discovery Material that has not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes (1) contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy; or (2) would cause substantial financial harm if disclosed.

   b.     Counsel: outside counsel of record and in-house counsel (as well as their support staff).

   c.     Designated Material: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

    d.    <u>Designating Party</u>: a Party or Non-Party that designates Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

    e.    <u>Discovery Material</u>: all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, excerpts from documents, testimony, and transcripts), that are produced, disclosed, generated, or used in disclosures or responses to discovery in this matter.

    f.    <u>"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Designated Material</u>: CONFIDENTIAL Discovery Material that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party or seriously jeopardize sensitive privacy interests.

    g.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    h.    <u>Party</u>: any party to this action, including all of its officers, directors, employees, and Counsel.

    i.    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

    j.    <u>Receiving Party</u>: a Party or Non-Party that receives Discovery Material.

2. This Order shall apply to Designated Material produced by any Producing Party in this action.

3. Any Receiving Party in possession of Designated Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the

security and privacy of Designated Material. The Safeguards will meet or exceed data-security standards relevant to the e-discovery industry and limit the collection, storage, disclosure, use of, or access to Designated Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each Producing Party and Receiving Party must use a secure transfer method for all transfers or communication of Designated Material and take reasonable measures to password protect and encrypt Designated Material. Each Producing Party and Receiving Party will ensure that anyone acting on that person's behalf is subject to and complies with the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Designated Material.

4. Subject to Paragraph 5 below, Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

a. *Parties*: Designated Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to Parties to this action or directors, officers, and employees of parties to this action, to the extent such persons have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing Exhibit A.

b. *Witnesses or Prospective Witnesses*: Designated Material, including material *designated* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, and only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or

deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing Exhibit A.

c. *Persons with Personal Knowledge*: Designated Material, including material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to the author or recipient of a document containing the Designated Material or a custodian or other person who otherwise possessed or personally knows the Designated Material.

d. *Outside Experts or Consultants*: Designated Material, including material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to an outside expert (and personnel working for such expert on this action) for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing Exhibit A.

e. *Counsel:* Designated Material, including material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to Counsel and their associates, paralegals, and regularly employed office staff.

f. *The Court*: Designated Material, including material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," may be disclosed to the Court and its personnel.

g. *Mediators*: Designated Material, including material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY,"

WBD (US) 4913-5893-3630
WBD (US) 4936-8223-3995

may be disclosed to any mediator who is assigned to hear this matter, and his or her staff, who have signed Exhibit A.

    h.    *Other Persons*: Designated Material may be provided as necessary to copying services, translators, litigation support firms, and other professional vendors. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing Exhibit A.

5.    Designated Material shall only be used for the purpose of litigating the claims and defenses in this action, or by Defendant, Plaintiff, or her family members in prosecuting claims against Defendant, Plaintiff, or her family members.

6.    Unless and until the Court issues an order certifying a class in this matter, Designated Material produced by Select Justice shall not be used for the following purposes:

    a.    To solicit potential class representatives or plaintiffs in this action or other legal proceeding against Select Justice or its affiliates. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 540 (9th Cir. 2020) ("[U]sing discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1).") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)).

    b.    Any other purpose prohibited by law.

7.    To the extent any Designated Materials contain any information protected from disclosure by contracts with Non-Parties, the Parties agree to meet and confer in good faith to resolve any disputes regarding any request to produce such information. The Parties understand that to the extent that Non-Parties control or own the requested Designated Materials, they may intervene with respect to that Designated Materials.

WBD (US) 4913-5893-3630
WBD (US) 4936-8223-3995

8. Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Order. The terms of this Order are applicable to Designated Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Such Designated Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material by persons permitted such access under this Order.

10. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

11. Documents shall be designated by stamping or otherwise marking each page of the documents with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the Disclosing Person in a reasonably equivalent way.

12. The Parties will use reasonable care to avoid designating as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents or information that does not need to be designated as such.

13. A Party may submit in writing an objection regarding the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to the Designating Party who produced Designated Material and requesting that the

designation be modified or withdrawn. Within seven (7) business days of receipt of such objection, the Designating Party shall respond in writing by explaining the basis for the designation or, if appropriate, withdrawing or modifying the designation. The Parties shall thereafter meet and confer in good faith to attempt to resolve the dispute. If the dispute is not resolved within fifteen (15) business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter. Pending resolution of any challenge, the objecting party may use the challenged material for purposes of this litigation, subject to the original designation. The Court may award sanctions if it finds that the Designating Party position was taken without substantial justification.

14. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded by the party producing the deponent, or (b) by written notice to all counsel of record given within ten business days after the Designating Party's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the ten business days, the deposition transcript shall be treated as designated as CONFIDENTIAL, unless otherwise designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the interim. When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 4 of this Order. A Party may not designate another Party's own testimony

WBD (US) 4913-5893-3630
WBD (US) 4936-8223-3995

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." Any Party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under Paragraph 4 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

15. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be impounded by the Court only upon motion and in accordance with applicable law, including Rule 7.2 of the Local Rules of this Court. This Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a Party must comply with Local Civil Rule 7.2 by moving to file the Designated Material under impoundment. The Parties shall meet and confer prior to submitting Designated Material to the Court under impoundment to ensure compliance with Local Civil Rule 7.2 and Paragraph 11 of this Order.

16. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

17. Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than sixty days after entry of final judgment), returned to the Designating Party, or certified as destroyed to counsel of record for the Producing Party, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Party. Alternatively, the Receiving Party shall provide to the Designating Party a certification that all such materials have been destroyed

WBD (US) 4913-5893-3630
WBD (US) 4936-8223-3995

to the extent possible using commercially reasonable efforts to destroy such Designated Material. Notwithstanding the foregoing, to the extent that Designated Material has been referenced in a Party's Counsel's work product, that work product is not subject to destruction or return obligations of this paragraph and may be maintained by the Party's Counsel, with the continuing obligation to comply with all other terms of this Order.

18. Inadvertent production of Discovery Material prior to its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

19. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, provided the information is properly identified in a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

20. The inadvertent production of protected information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each Receiving Party in writing of the inadvertent production. When a Party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of

any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the Parties or by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials, except that, to the extent the receiving party intends to file the inadvertently produced information or materials to respond to a motion, such filing shall be under impoundment in compliance with Local Rule 7.2, and subject to Paragraphs 11 and 17 of this Order. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

20. The protections conferred by this Order cover not only Designated Material, but also (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any court's order, including

becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Designated Material that has been made public through the violation of a court order or the violation of a duty of confidentiality shall still be considered "Designated Material" as defined in Paragraph 1 and be afforded the same protections applicable to Designated Material in this Order.

21. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further protective order relating to Designated Material; to object to the production of Designated Material; to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

22. The restrictions imposed by this Order may be modified or terminated by a Stipulated Order of the Parties or by the Court for good cause.

23. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order continue to be binding except with respect to that Discovery Material that becomes a matter of public record. This Court retains and has continuing jurisdiction over the Parties and recipients of the Designated Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Designated Material produced under the protection of this Order will be resolved by the United States District Court for the District of Massachusetts.

Dated: January __, 2026

WBD (US) 4913-5893-3630
WBD (US) 4936-8223-3995

Respectfully submitted,

**EMILY TEMAN, individually and on behalf of all others similarly situated,**
By her counsel,

*/s/*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

**SELECT JUSTICE, LLC,**
By its counsel,

*/s/ Michael K. Lane*
Michael K. Lane, BBO# 673501
Womble Bond Dickinson (US) LLP
470 Atlantic Avenue, Suite 600
Boston, MA 02210
(857) 287-3160
michael.lane@wbd-us.com

Jeffrey A. Topor (admitted *pro hac vice*)
Tomio B. Narita (admitted *pro hac vice*)
Michelle Catapang (admitted *pro hac vice*)
Womble Bond Dickinson (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Jeff.Topor@wbd-us.com
Tomio.Narita@wbd-us.com
Michelle.Catapang@wbd-us.com

## EXHIBIT A

### UNDERTAKING OF DESIGNATED REPRESENTATIVES
### AND ACKNOWLEDGEMENT OF PROTECTIVE ORDER
### AND CONFIDENTIALITY STIPULATION

I, _____, hereby attest as follows:

1. I understand that I have been identified as a designated representative pursuant to Paragraph 4 and I acknowledge and attest that my participation is reasonably necessary for purposes of this litigation.

2. I understand that information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY may be disclosed to me under the terms of the Order. I have been given a copy of and have read the Order, and I agree to comply with and be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material pursuant to the Order.

3. I agree that I will not disclose to anyone else the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order.

4. I agree that I will use the CONFIDENTIAL or HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY material only for purposes of this litigation, and not for any business or other purpose whatsoever other than directly associated with my duties in this litigation.

5. I agree that I will not keep any CONFIDENTIAL or HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY material or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Order, and, upon request, will destroy or return any such material to the attorneys who disclosed such material to me.

6. I agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court. I further agree that any disclosure of CONFIDENTIAL material in violation of this Undertaking and Acknowledgement or the Order will result in irreparable harm to the producing party, and that monetary damages are insufficient to compensate the producing party for the harm caused by such disclosure.

7. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Massachusetts agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

13

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

14

WBD (US) 4913-5893-3630
WBD (US) 4936-8223-3995